

1  Dirk O. Julander, Bar No. 132313
     doj@jbblaw.com
2  Catherine A. Close, Bar No. 198549
     cac@jbblaw.com
3  M. Adam Tate, Bar No. 280017
     adam@jbblaw.com
4  JULANDER, BROWN & BOLLARD
   9110 Irvine Center Drive
5  Irvine, California 92618
   Telephone: (949) 477-2100
6  Facsimile: (949) 477-6355

7  Attorneys for Defendants KATHERINE
   MCNAMARA and JEREMY
8  WHITELEY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| BREAKING CODE SILENCE, a California 501(c)(3) nonprofit, | Case No. 2:22-cv-002052-SB-MAA |
|---|---|
| Plaintiff, | **DEFENDANTS KATHERINE MCNAMARA AND JEREMY WHITELEY'S ANSWER AND AFFIRMATIVE DEFENSES** |
| vs. | |
| KATHERINE MCNAMARA, an Individual; JEREMY WHITELEY, an individual; and DOES 1 through 50, inclusive, | |
| Defendants. | **[DEMAND FOR JURY TRIAL]** |

Defendants KATHERINE MCNAMARA and JEREMY WHITELEY (collectively "Defendants"), for themselves and no other Defendants, hereby submit their Answer and Affirmative Defenses to the Complaint filed by Plaintiff BREAKING CODE SILENCE ("Plaintiff" or "BCS"). Except as to those allegations that are expressly admitted by Defendants in this Answer, all allegations in the Complaint are hereby denied.

ANSWER

Defendants' use herein of defined terms in the Complaint should not be interpreted as, and is not, an admission that: (i) Defendants agree with Plaintiff's characterization or use of the defined terms; (ii) the defined terms are accurate; or (iii) the documents or items described by the defined terms actually exist. Defendants use these defined terms solely for purposes of responding to the allegations in the Complaint. Defendants expressly reserve the right to amend and/or supplement their Answer as may be necessary.

## ANSWER

1. Defendants admit the allegations of Paragraph 1 of the Complaint.

2. Defendants admit the allegations in the first sentence of Paragraph 2 of the Complaint. Defendants are without sufficient information to admit or deny the allegations in the second sentence of Paragraph 2 and, on that basis, deny those allegations.

3. Defendants admit that they were former board members of BCS. Except as otherwise admitted herein, Defendants deny the allegations of Paragraph 3 of the Complaint.

4. Defendants deny the allegations of Paragraph 4 of the Complaint.

5. The allegations of Paragraph 5 contain legal conclusions which do not require a response.

6. Defendant McNamara admits that she is a California resident. Whether the Court has personal jurisdiction is a legal conclusion which does not require a response. Except as otherwise admitted herein, Defendants deny the allegations of Paragraph 6 of the Complaint.

7. Whether the Court has personal jurisdiction is a legal conclusion which does not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 7 of the Complaint.

8. Defendant McNamara admits that she resides in Los Angeles County. Whether venue is proper is a legal conclusion which does not require a response. To

the extent a response is required, Defendants deny the remaining factual allegations of Paragraph 8 of the Complaint.

9. Defendants admit that BCS is a California nonprofit organization but deny the accuracy of the address. Defendants admit that McNamara was one of the founders of BCS. Defendants specifically deny that BCS was founded by 6 women and that BCS was founded in 2019. Defendants admit that, according to the California Secretary of State, BCS was incorporated in or about March 22, 2021. Except as otherwise admitted herein, Defendants deny the allegations of Paragraph 9 of the Complaint.

10. Defendant McNamara admits that she is a US citizen and resides in California with no present intention to move. Defendants admit that McNamara served as a BCS board member and IT person, which aligns with her professional skills and experience as a cybersecurity systems engineer. Defendant McNamara admits that she set up and, during her tenure, managed many of BCS's IT accounts and had administrative privileges on those accounts. Defendant McNamara admits that she resigned from her positions with BCS in December 2021, but denies that such resignation was "voluntary." Defendant McNamara admits there was a dispute regarding the professionalism of the organization. Defendants deny that McNamara is operating an "identical organization" known as Unsilenced. Defendant Whiteley lacks information sufficient to admit or deny the allegations of Paragraph 10 of the Complaint regarding McNamara's domicile and the termination of her relationship with BCS and, on that basis, denies such allegations. Except as otherwise admitted herein, Defendants deny the allegations of Paragraph 10 of the Complaint.

11. Whiteley admits that he is a US citizen domiciled in Arizona. Defendants admit that Whiteley was a former BCS board member. Whiteley denies that he joined the board on or around March 22, 2021 and voluntarily terminated his relationship with BCS. Defendants admit that they set up the infrastructure for BCS and that Whiteley set up the hosting account Cloudways. Defendants deny that

Plaintiff owns "domains."  Defendant Whiteley denies that he "returned the" account to the Plaintiff after resigning per any agreement with Board Members. Defendant McNamara lacks sufficient information to admit or deny the allegations in paragraph 11 of the Complaint related to Whiteley's domicile, the date Whiteley joined the board, the date and circumstances of his departure, and his alleged return of any account and, on that basis, denies such allegations.  Except as otherwise admitted herein, Defendants deny the allegations of Paragraph 11 of the Complaint.

12. The allegations of Paragraph 12 do not require a response.  To the extent a response is required, Defendants deny the factual allegations of Paragraph 12 of the Complaint.

13. The allegations of Paragraph 13 do not require a response.  To the extent a response is required, Defendants deny the factual allegations of Paragraph 13 of the Complaint.

14. The allegations of Paragraph 14 do not require a response.  To the extent a response is required, Defendants deny the factual allegations of Paragraph 14 of the Complaint.

15. The allegations of Paragraph 15 do not require a response.  To the extent a response is required, Defendants deny the factual allegations of Paragraph 15 of the Complaint.

16. Defendant McNamara admits that she was one of the founders of BCS. Defendant McNamara specifically denies that BCS was founded by 6 women. Defendant Whiteley lacks information sufficient to admit or deny the allegations of Paragraph 16 of the Complaint regarding the founding of BCS and, on that basis, denies such allegations.  Defendants admit that BCS's mission was to prevent institutional child abuse and empower survivors to promote positive social change through self-advocacy.  Except as otherwise admitted herein, Defendants are without sufficient information to admit or deny the allegations and, on that basis, deny the allegations of Paragraph 16 of the Complaint.

17. Defendant McNamara admits that she registered the domain www.breakingcodesilence.org (the ".org domain") in 2020 but denies that it was for or on behalf of BCS, which had not yet been formed and no decision to form the entity had been made at the time. Defendant Whiteley lacks information sufficient to admit or deny the allegations of Paragraph 17 of the Complaint regarding the .org domain and, on that basis, denies such allegations. Defendants are without sufficient information to admit or deny the allegations of Paragraph 17 regarding actions of the other founding members of BCS in 2019 and, on that basis, deny such allegations. Except as otherwise admitted herein, Defendants deny the allegations of Paragraph 17 of the Complaint.

18. Defendant McNamara admits that she acquired and paid for the .org domain on March 11th, but denies that she was requested to secure its registration on behalf of BCS. Defendant Whiteley lacks information sufficient to admit or deny the allegations of Paragraph 18 of the Complaint regarding the .org domain and, on that basis, denies such allegations. Based on information and belief, Defendants admit that BCS launched the URL in or about March 2021. Defendants deny that Utah SB 127 has anything to do with the RISE Justice Labs program. Except as otherwise admitted herein, Defendants are without sufficient information to admit or deny the allegations and, on that basis, deny the allegations of Paragraph 18 of the Complaint.

19. Defendants are without sufficient information to admit or deny the allegations of Paragraph 19 of the Complaint and, on that basis, deny the allegations of Paragraph 19 of the Complaint.

20. Defendant McNamara admits that she and others jointly filed a trademark application for "Breaking Code Silence" but denies that they were the "six original founders." Defendant McNamara admits that the application has not been granted. Defendant Whiteley lacks information sufficient to admit or deny the allegations of Paragraph 20 of the Complaint regarding the trademark and, on that

basis, denies such allegations. Defendants are without sufficient information to admit or deny the allegations of Paragraph 20 regarding actions of the unnamed "other founders" and, on that basis, deny those allegations. Except as otherwise admitted herein, Defendants deny the allegations of Paragraph 20 of the Complaint.

21. Defendants admit the allegations of Paragraph 21 of the Complaint.

22. Defendants admit the allegations of Paragraph 22 of the Complaint.

23. Defendant McNamara admits that she requested reimbursement for expenses she incurred on several occasions but denies that she sought reimbursement for the .org domain. Defendant Whiteley lacks information sufficient to admit or deny the allegations of Paragraph 23 of the Complaint regarding McNamara's reimbursement requests and, on that basis, denies such allegations. Except as otherwise admitted herein, Defendants deny the allegations of Paragraph 23 of the Complaint.

24. Defendants are without sufficient information to admit or deny the allegations of Paragraph 24 of the Complaint and, on that basis, deny the allegations of Paragraph 24 of the Complaint.

25. Defendants admit that Whiteley resigned from BCS's board of directors in or about June 2021. Defendant Whiteley denies that his resignation was voluntary. Defendant McNamara is without sufficient information to admit or deny the allegations of Paragraph 25 regarding Whiteley's actions and intent and, on that basis, denies those allegations. Except as otherwise admitted herein, Defendants deny the allegations of Paragraph 25 of the Complaint.

26. Defendants admit that McNamara requested that Whiteley provide the administrative credentials for any accounts he created for the benefit of BCS during his tenure that belonged to BCS. Except as otherwise admitted herein, Defendants deny the allegations of Paragraph 26 of the Complaint.

27. The allegations of Paragraph 27 are argumentative and do not require a response. To the extent a response is required, Defendant McNamara denies the

factual allegations of Paragraph 27 of the Complaint. Defendant Whiteley lacks information sufficient to admit or deny the allegations of Paragraph 27 of the Complaint concerning events occurring after his resignation and, on that basis, denies such allegations. Except as otherwise admitted herein, Defendants deny the allegations of Paragraph 27 of the Complaint.

28. Defendant McNamara admits that she resigned from BCS's board of directors in or about December 2021 but denies that her resignation was voluntary. Defendant Whiteley lacks information sufficient to admit or deny the allegations of Paragraph 28 of the Complaint concerning events occurring after his resignation and, on that basis, denies such allegations. Except as otherwise admitted herein, Defendants deny the allegations of Paragraph 28 of the Complaint.

29. The allegations of Paragraph 29 are argumentative and do not require a response. To the extent a response is required, Defendant McNamara denies the factual allegations of Paragraph 29 of the Complaint. Defendant Whiteley lacks information sufficient to admit or deny the allegations of Paragraph 29 of the Complaint concerning events occurring after his resignation and, on that basis, denies such allegations.

30. The allegations of Paragraph 30 are argumentative and do not require a response. To the extent a response is required, Defendant McNamara denies the factual allegations of Paragraph 30 of the Complaint. Defendant Whiteley lacks information sufficient to admit or deny the allegations of Paragraph 30 of the Complaint and, on that basis, denies such allegations.

31. The allegations of Paragraph 31 are argumentative and do not require a response. To the extent a response is required, Defendant McNamara denies the factual allegations of Paragraph 31 of the Complaint. Defendant Whiteley lacks information sufficient to admit or deny the allegations of Paragraph 31 of the Complaint and, on that basis, denies such allegations.

32. The allegations of Paragraph 32 are argumentative and do not require a response. To the extent a response is required, Defendant McNamara denies the factual allegations of Paragraph 32 of the Complaint. Defendant Whiteley lacks information sufficient to admit or deny the allegations of Paragraph 32 of the Complaint and, on that basis, denies such allegations.

33. Defendants admit that UnSilenced was formed by former BCS volunteers. Except as otherwise admitted herein, Defendants deny the allegations of Paragraph 33 of the Complaint.

34. Defendants deny the allegations of Paragraph 34 of the Complaint. Defendants specifically deny that the referenced Twitter account belongs to BCS.

35. Defendants deny the allegations of Paragraph 35 of the Complaint.

36. Defendants deny the allegations of Paragraph 36 of the Complaint.

37. The allegations of Paragraph 37 are argumentative and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 37 of the Complaint.

38. The allegations of Paragraph 38 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny deindexing any BCS account. Defendants lack information sufficient to admit or deny the allegations of Paragraph 38 of the Complaint regarding BCS's internet traffic and related timing and, on that basis, deny such allegations.

39. The allegations of Paragraph 39 are argumentative and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 39 of the Complaint.

40. Defendants are without sufficient information to admit or deny the allegations of Paragraph 40 of the Complaint regarding the conduct and findings of BCS's experts and, on that basis, deny the allegations of Paragraph 40 of the Complaint.

41. Defendants are without sufficient information to admit or deny the allegations of Paragraph 41 of the Complaint regarding the conduct and findings of BCS's experts and, on that basis, deny the allegations of Paragraph 41 of the Complaint. Defendant McNamara specifically denies that there exists any malicious DNS TXT record for her domain.

42. Defendant McNamara admits that she endeavored to give Whiteley administrative privileges to Medtexter, which is Whiteley's email, and intended to test the two email addresses to access the .org domain which she owns and has the right to grant access to. Defendants are without sufficient information to admit or deny the allegations of Paragraph 42 of the Complaint regarding the beliefs and actions of BCS's experts and, on that basis, deny those allegations. Except as otherwise admitted herein, Defendant denies the allegations of Paragraph 42 of the Complaint.

43. Defendants deny the allegations of Paragraph 43 of the Complaint.

44. The allegations of Paragraph 44 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 44 of the Complaint.

45. The allegations of Paragraph 45 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 45 of the Complaint.

46. The allegations of Paragraph 46 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 46 of the Complaint.

47. The allegations of Paragraph 47 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 47 of the Complaint.

48. The allegations of Paragraph 48 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 48 of the Complaint.

49. The allegations of Paragraph 49 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 49 of the Complaint.

50. The allegations of Paragraph 50 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 50 of the Complaint.

51. Defendants repeat and incorporate each and every response above as if fully set forth herein.

52. The allegations of Paragraph 52 are argumentative, state legal conclusions, and do not require a response.

53. Defendants are without sufficient information to admit or deny the allegations of Paragraph 53 of the Complaint regarding the policy and, on that basis, deny the allegations of Paragraph 53 of the Complaint.

54. The allegations of Paragraph 54 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 54 of the Complaint.

55. The allegations of Paragraph 55 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 55 of the Complaint.

56. The allegations of Paragraph 56 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 56 of the Complaint.

57. The allegations of Paragraph 57 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 57 of the Complaint.

58. Defendant McNamara denies that she refused to return company access to any BCS accounts. Defendant Whiteley lacks information sufficient to admit or deny the allegations of Paragraph 58 of the Complaint and, on that basis, denies such allegations. Defendant McNamara is without sufficient information to admit or deny the allegations of Paragraph 58 of the Complaint regarding BCS's current access to, or control of, any of its accounts and, on that basis, denies such allegations.

59. The allegations of Paragraph 59 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 59 of the Complaint.

60. The allegations of Paragraph 60 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 60 of the Complaint.

61. The allegations of Paragraph 61 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 61 of the Complaint.

62. The allegations of Paragraph 62 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 62 of the Complaint.

63. Defendants repeat and incorporate each and every response above as if fully set forth herein.

64. The allegations of Paragraph 64 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 64 of the Complaint.

65. The allegations of Paragraph 63 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 63 of the Complaint.

66. The allegations of Paragraph 66 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 66 of the Complaint.

67. The allegations of Paragraph 67 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 67 of the Complaint.

68. The allegations of Paragraph 68 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 68 of the Complaint.

69. The allegations of Paragraph 69 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 69 of the Complaint.

70. The allegations of Paragraph 70 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 70 of the Complaint.

71. The allegations of Paragraph 71 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 71 of the Complaint.

72. The allegations of Paragraph 72 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 72 of the Complaint.

73. The allegations of Paragraph 73 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 73 of the Complaint.

74. The allegations of Paragraph 74 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 74 of the Complaint.

75. The allegations of Paragraph 75 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 75 of the Complaint.

76. The allegations of Paragraph 76 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 76 of the Complaint.

77. The allegations of Paragraph 77 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 77 of the Complaint.

78. The allegations of Paragraph 78 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 78 of the Complaint.

79. The allegations of Paragraph 79 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 79 of the Complaint.

80. The allegations of Paragraph 80 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 80 of the Complaint.

81. The allegations of Paragraph 81 are argumentative, state legal conclusions, and do not require a response. To the extent a response is required, Defendants deny the factual allegations of Paragraph 81 of the Complaint.

## PRAYER

To the extent any response is required to Plaintiff's Prayer, Defendants deny each and every allegation contained in the Prayer and denies that Plaintiff should have any recovery against them, including any and all forms of recovery described in the Prayer.

# AFFIRMATIVE DEFENSES
## FACTS COMMON TO ALL AFFIRMATIVE DEFENSES

1. The Complaint is no more than judicial extortion and retaliation. Plaintiff's allegations are a work of fiction designed to intimidate Defendant McNamara into surrendering a domain name she purchased with her own funds and in her own name years prior to her involvement with BCS and never transferred to the company and to avoid repaying expenses McNamara incurred at the request of the Plaintiff. The Complaint against Whiteley is simply retaliation for his reporting of the harassment he suffered at the hands of BCS's management.

2. As teenagers, Defendants were both victims of institutional abuse at the hands of a private congregate care facility for troubled teens in Provo, Utah. As adults, Defendants' mission became to ensure: that the public was made aware of the abuses that routinely took place, and still take place, at such facilities; that the government address the systematic weaknesses that led to the abuses; and that the survivors were provided with a platform to share their experiences and obtain counseling.

3. To that end, in 2017, Defendant McNamara began compiling data on her Google Drive for an archive related to the community of survivors of such institutional abuse. In furtherance of her efforts, in March 2020, McNamara purchased the .org domain (www.breakingcodesilence.org) in her own name, with her own funds. McNamara has since renewed the domain each subsequent year, always in her own name with her own funds.

4. More than a year later, BCS was formed by McNamara and others and incorporated as a California non-profit organization on March 22, 2021. The following month, Defendants agreed to serve as interim board members of BCS. At no time did McNamara transfer any rights to ownership of the .org domain to BCS. Both McNamara and Whiteley did, however, collectively incur more than $100,000 in expenses on behalf of BCS unrelated to the .org domain that the company agreed

1 to reimburse, but never did.

2  5. Defendants were the only two homosexual members of the BCS board. In the late-Spring and Summer of 2021, tensions started developing between the members of the board of directors when Vanessa Hughes, the company's President, began regularly hurling insults and homophobic epithets at Defendant Whiteley during meetings and telephone calls, including during BCS board of directors' meetings. Whiteley (and others) complained about Hughes' behavior, but their complaints went ignored by BCS. Hughes' harassing and abusive conduct toward Whiteley based on his sexual orientation created an extremely hostile work environment for him, forcing him to resign from BCS in June 2021.

 6. Hughes' conduct did not stop after Whiteley's involuntary resignation. In November 2021, Hughes made derogatory comments to McNamara about "gay survivors in leadership" and continued to insult Whiteley (to McNamara) on the basis of his sexual orientation. Hughes' blatant disdain for homosexuals, and constant homophobic epithets, led in part to McNamara's resignation from BCS in December 2021. McNamara's resignation was also prompted by her discovery in December 2021 that Hughes and another board member, Jennifer Magill, hired employees without board approval and without unrestricted funds to pay them and misappropriated grant money earmarked to pay employees. After McNamara sought counsel about reporting her discovery to the Attorney General, Hughes and Magill retaliated against her.

 7. After their respective resignations in June and December of 2021, Defendants either no longer had access to Plaintiff's social media accounts or did not access them. Concerning the .org domain, McNamara has at all times since March 2020 (prior to BCS's formation) been the registered owner of the .org domain and the administrator of the Google Console related to the .org domain. Any related access by Whiteley to the .org domain since his resignation was with the authorization and consent of the registered owner, McNamara, which is

permissible under Google's rules. On or about March 29, 2021, Whiteley paid for the web hosting that the .org domain pointed toward with the company Cloudways, using his own personal funds and his own email and home address. After Whiteley resigned, the Cloudways account remained in his name. The only thing that changed was that McNamara started paying for it out of her personal funds in July 2021 and continued to pay for it long after her resignation – even as BCS continued to enjoy the benefits of using Cloudways to host their website without providing any compensation to Defendants.

8. Since their resignations, BCS, Hughes, and Magill have engaged in a "smear campaign" against Defendants – including filing the instant frivolous Complaint – in an effort to coerce Defendants into turning over intellectual property and other account access to which BCS is not entitled, to avoid reimbursing Defendants for the more than $100,000 owed to them by BCS, in retaliation for McNamara's report to the Attorney General and in retaliation for Whiteley's report of the harassment he endured at the hands of Hughes and Magill and his resulting refusal to further assist BCS.

9. BCS (which is controlled by Hughes and Magill) is aware of the specious nature of the claims asserted and will be subject to liability under Federal Rule of Civil Procedure 11 for making such knowingly false allegations and claims.

10. The foregoing factual recitation is incorporated by reference into each Affirmative Defense alleged below.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

1. The Complaint and each claim contained therein fails to state facts sufficient to constitute a claim against Defendants.

## SECOND AFFIRMATIVE DEFENSE
### (Waiver/Estoppel)

2. Plaintiff's claims are barred, in whole or in part, by the doctrines of

waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE
### (Plaintiff's Conduct)

3. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages, if any be found, were caused by Plaintiff's own actions or failure to act.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
### (Lack of Damages)

5. Plaintiff's claims are barred because Plaintiff has not suffered any damages as a result of any action taken by Defendants.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

6. Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any be found, were proximately caused or increased by its own actions or failure to act and any judgment sustained herein against Defendants must be reduced by the percentage and degree of fault by which Plaintiff's failure to mitigate contributed to any damage allegedly suffered by Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE
### (Indemnification)

7. Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any be found, arise from conduct for which Defendants are entitled to indemnification from Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (Standing)

8. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks the standing to bring the claims asserted against Defendants.

## NINTH AFFIRMATIVE DEFENSE

### (Speculative, Uncertain, and Ambiguous Damages)

9. Each of Plaintiff's claims are speculative, uncertain, ambiguous and unintelligible as they pertain to any allegations against Defendants. As such, Defendants are unable to fully answer the allegations contained therein and Plaintiff should be denied any relief under her complaint absent clarification of her allegations against Defendants.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Jurisdiction/Improper Venue)

10. The Complaint and each claim contained therein is barred for lack of subject matter jurisdiction and venue is improper in the California Federal District Court.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

11. Defendants reserve the right to assert additional affirmative defenses based on information learned or obtained during discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment on the Complaint as follows:

1. That Plaintiff take nothing by way of its Complaint;
2. For an award of reasonable attorneys' fees and as allowed by law or contract;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Defendants demand a jury trial in the above-captioned action as to all claims for which they have a right to trial by jury.

DATED: May 6, 2022                    JULANDER, BROWN & BOLLARD

By: ___/s/ Dirk O. Julander___
Dirk O. Julander
Attorneys for Defendants
KATHERINE MCNAMARA and
JEREMY WHITELEY



**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of May, 2021, I electronically filed the foregoing paper(s) with the Clerk of the Court using the ECF system which will send notification to all parties of record or persons requiring notice.

/s/ *Dirk O. Julander*
Dirk O. Julander

ANSWER