UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREAKING CODE SILENCE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KATHERINE MCNAMARA et al.,<br><br>　　　　　Defendants. | Case No. 2:22-cv-02052-MAA<br><br>**ORDER SETTING SCHEDULING CONFERENCE**<br><br>**Date: July 13, 2022**<br>**Time:**　　　　10:00 A.M.<br>**Courtroom:**　　690 |

**READ THIS ORDER CAREFULLY.  IT CONTROLS THIS CASE**
**AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

　　This case has been assigned to Magistrate Judge Maria A. Audero.  This matter is set for a Scheduling Conference on the above date in Courtroom 690 on the Sixth Floor of the Roybal Federal Building and United States Courthouse, 255 East Temple Street, Los Angeles, CA 90012.

　　The Scheduling Conference will be held pursuant to Federal Rule of Civil Procedure ("Rule") 16(b).  The parties are reminded of their obligations under Rule 26(a)(1) to make initial disclosures without awaiting a discovery request, and under Rule 26(f) to confer on a discovery plan by 21 days before the Scheduling Conference.  The Court encourages counsel to agree to begin to conduct discovery actively *before* the Scheduling Conference.  Because the Court will impose strict

deadlines to complete discovery at the Scheduling Conference, at the very least the parties shall comply fully with the letter and spirit of Rule 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery.

I. **Joint Rule 26(f) Report**

The Joint Rule 26(f) Report **must be filed no later than 14 days** before the Scheduling Conference.  It shall be drafted by Plaintiff (unless the parties agree otherwise) but shall be submitted and signed jointly.  "Jointly" means a single report, regardless of how many separately-represented parties there are.  The Joint Rule 26(f) Report shall specify the date of the Scheduling Conference on the caption page.  It shall report on all matters described below, as specified by Rule 26(f) and Central District of California Local Civil Rule ("Local Rule") 26:

    a.    <u>Statement of the Case</u>:  A short synopsis (not to exceed two pages) of the main claims, counterclaims, and affirmative defenses.

    b.    <u>Subject Matter Jurisdiction</u>:  A statement of the specific basis of federal jurisdiction, including supplemental jurisdiction.  If there is a federal question, cite the federal law under which the claim arises.

    c.    <u>Legal Issues</u>:  A brief description of the key legal issues, including any unusual substantive, procedural, or evidentiary issues.

    d.    <u>Parties and Evidence</u>:  A list of parties, percipient witnesses, and key documents on the main issues in the case.  For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.

    e.    <u>Damages</u>:  The realistic range of provable damages.

    f.    <u>Insurance</u>:  Whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights.

    g.    <u>Motions</u>:  A statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, etc.

  h. <u>Dispositive Motions</u>:  A description of the issues or claims that any party believes may be determined by motion for summary judgment.  *Please refer to the Standing Order for specific guidelines governing summary judgment motions.*

  i. <u>Manual for Complex Litigation</u>:  Whether all or part of the procedures of the Manual for Complex Litigation should be utilized.

  j. <u>Status of Discovery</u>:  A discussion of the present state of discovery, including a summary of completed initial disclosures and discovery.

  k. <u>Discovery Plan</u>:  A detailed discovery plan, as contemplated by Rule 26(f).  State what, if any, changes in the disclosures under Rule 26(a) should be made, the subjects on which discovery may be needed and whether discovery should be conducted in phases or otherwise be limited, whether applicable limitations should be changed or other limitations imposed, and whether the Court should enter other orders.  A statement that discovery will be conducted as to all claims and defenses, or other vague description, is not acceptable.

  l. <u>Discovery Cut-off</u>:  A proposed discovery cut-off date.  This means the final day for **completion of discovery**, including resolution of all discovery motions.

  m. <u>Expert Discovery Cut-off</u>:  Proposed dates for expert witness disclosures (initial and rebuttal) and expert discovery cut-off under Rule 26(a)(2).

  n. <u>Settlement Conference / Alternative Dispute Resolution ("ADR")</u>:  A statement of what settlement discussions have occurred (excluding any statement of the terms discussed).  The Court will refer the case for an ADR proceeding to (1) a magistrate judge (based upon availability), (2) the Court's ADR Panel, or (3) private mediation (at the parties' expense).  The parties must indicate their preference in the Joint Rule 26(f) Report.  No case will proceed to trial unless all parties, including an

|   |   |
|---|---|
| | officer with full settlement authority for corporate parties, have appeared personally at an ADR proceeding. |
| o. | Trial Estimate:  A realistic estimate, in days, of the court time required for trial and whether trial will be by jury or by court.  Each side should specify (by number, not by name) how many witnesses it contemplates calling.  If the time estimate for trial given in the Joint Rule 26(f) Report exceeds four court days, counsel shall be prepared to discuss in detail the basis for the estimate. |
| p. | Trial Counsel:  The name(s) of the attorney(s) who will try the case. |
| q. | Independent Expert or Master:  Whether this is a case in which the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.  (The appointment of a master may be especially appropriate if there are likely to be substantial discovery disputes, numerous claims to be construed in connection with a summary judgment motion, a lengthy *Daubert* hearing, a resolution of a difficult computation of damages, etc.). |
| r. | Schedule Worksheet:  The parties are directed to complete the Schedule of Pretrial and Trial Dates Worksheet ("Worksheet") attached to this Order and include it with the Joint Rule 26(f) Report.  For putative class actions, parties should only complete the Schedule of Class Certification Dates Worksheet and include that with the Joint Rule 26(f) Report.  The parties **MUST** submit a completed Worksheet with their Joint Rule 26(f) Report.  The Court **ORDERS** the parties to make every effort to agree on dates.  The entries in the "Weeks Before FPTC" column reflect what the Court believes is appropriate for most cases and will allow the Court to rule on potentially dispositive motions sufficiently in advance of the Final Pretrial Conference.  The deadlines in the Schedule of Class Certification Dates Worksheet reflect what the Court believes is most |

appropriate for putative class action cases. However, for either worksheet, counsel may propose earlier last dates by which the key requirements must be completed. Each date should be stated as month, day, and year, e.g., 10/15/2019. Hearings shall be on Tuesdays at 10:00 a.m. Other deadlines (those not involving the Court) can be any day of the week. Counsel must avoid holidays. The Court may order different dates from those counsel propose. Absent compelling circumstances supported by a detailed explanation presented in the Joint Rule 26(f) Report, the parties must propose dates such that trial will begin within 18 months after the filing or removal of the case. This is a firm outside limit. In most cases the Court will issue a scheduling order bringing the case to trial in fewer than 18 months. The discovery cut-off date is the last day by which all depositions must be completed, responses to previously-served written discovery must be provided, and motions concerning discovery disputes must be heard. The cut-off date for motions is the last date on which motions may be **heard**, not filed. If the parties wish the Court to set dates in addition to those on the Worksheet, they may so request by a separate Stipulation and Proposed Order. This is often appropriate for class actions, patent cases, and cases for benefits under Employee Retirement Income Security Act of 1974 ("ERISA").

s. <u>Other issues</u>: A statement of any other issues affecting the status or management of the case (e.g., unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, non-English speaking witnesses, ADA-related issues, discovery in foreign jurisdictions, etc.) and any proposals concerning severance, bifurcation, or other ordering of proof.

The Joint Rule 26(f) Report should set forth the above-described information under section headings corresponding to those in this Order.

II. **Scheduling Conference**

    a. <u>Continuance</u>:  A request to continue the Scheduling Conference will be granted only for good cause.

    b. <u>Vacating the Scheduling Conference</u>:  The Court often vacates the Scheduling Conference and issues the Scheduling Order based solely on the Joint Rule 26(f) Report.

    c. <u>Participation</u>:  If there is a hearing, lead trial counsel must attend.

III. **Notice to be Provided by Counsel**

Plaintiff's counsel or, if Plaintiff is appearing pro se, Defendant's counsel, shall provide this Order to any parties who first appear after the date of this Order and to parties who are known to exist but have not yet entered appearances.

IV. **Disclosures to Clients**

Counsel are ordered to deliver to their clients a copy of this Order and of the Court's Order Re: Jury/Court Trial, which will contain the schedule that the Court sets at the Scheduling Conference.

V. **Court's Website**

This and all other generally applicable orders of this Court are available on the Central District of California website, www.cacd.uscourts.gov, and on Judge Audero's webpage on the Court's website: https://www.cacd.uscourts.gov/honorable-maria-audero.  The Local Rules are available on the Court's website at https://www.cacd.uscourts.gov/court-procedures/local-rules.

**Parties appearing pro se must comply with the Federal Rules of Civil Procedure and the Local Rules.**  *See* C.D. Cal. L.Rs. 1-3, 83-2.2.3.

1 | The Court thanks the parties and their counsel for their anticipated cooperation.

3 | **IT IS SO ORDERED.**

5 | Dated: June 23, 2022

 _____
HONORABLE MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

**JUDGE MARIA A. AUDERO**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
*The Court ORDERS the parties to make every effort to agree on dates.*

| Case No. | Case Name: | | | |
|---|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
| Check one:  ☐ Jury Trial  or  ☐ Court Trial<br>(*Tuesdays* at 8:30 a.m., within 18 months after Complaint filed)<br>Estimated Duration: _____ Days | | | | ☐ Jury Trial<br>☐ Court Trial<br>_____ Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions in Limine<br>(*Tuesdays* at 10:00 a.m., at least 15 days before trial) | | | | |

| Event [1]<br>*Note:* Hearings shall be on Tuesdays at 10:00 A.M. Other dates can be any day of the week. | Weeks Before FPTC | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
|---|---|---|---|---|
| Last Date to *Hear* Motion to Amend Pleadings/Add Parties [*Tuesday*] | | | | |
| Non-Expert Discovery Cut-Off<br>(no later than deadline for *filing* dispositive motion) | 20 | | | |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>**Select one**: ☐ 1. Magistrate Judge *(with Court approval)*<br>    ☐ 2. Court's ADR Panel<br>    ☐ 3. Private Mediation | 19 | | | ☐ 1. Mag. J.<br>☐ 2. Panel<br>☐ 3. Private |
| Expert Disclosure (Initial) | | | | |
| Expert Disclosure (Rebuttal) | | | | |
| Expert Discovery Cut-Off | 16[2] | | | |
| Last Date to *Hear* Motions [*Tuesday*]<br>• Rule 56 Motion due at least 5 weeks before hearing<br>• Opposition due 2 weeks after Motion is filed<br>• Reply due 1 week after Opposition is filed | 12 | | | |
| **Trial Filings (first round)**<br>• Motions In Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)*<br>• Declarations containing Direct Testimony *(court trial only)* | 3 | | | |
| **Trial Filings (second round)**<br>• Oppositions to Motions in Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions *(jury trial only)*<br>• Disputed Proposed Jury Instructions *(jury trial only)*<br>• Joint Proposed Verdict Forms *(jury trial only)*<br>• Joint Proposed Statement of the Case *(jury trial only)*<br>• Proposed Additional Voir Dire Questions, if any *(jury trial only)*<br>• Evidentiary Objections to Decls. of Direct Testimony *(court trial only)* | 2 | | | |

[1]  **The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order.  Patent and ERISA cases in particular may need to vary from the above.**

[2]  **The parties may wish to consider cutting off expert discovery prior to the deadline for *filing* an MSJ.**

**JUDGE MARIA A. AUDERO**
**SCHEDULE OF CLASS CERTIFICATION DATES WORKSHEET**

*For class actions, the Court will first set class certification dates and discovery dates. The Court will defer setting any other dates until class certification is resolved. Absent extraordinary circumstances, the Court will not bifurcate class discovery from merits discovery.*

***The Court ORDERS the parties to make every effort to agree on dates.***

| Class Certification<br>*Note:* Hearings shall be on Tuesday at 10:00 a.m. Other dates can be any day of the week. | Date<br>mm/dd/yyyy | Court Order<br>mm/dd/yyyy |
|---|---|---|
| Non-Expert Discovery Cut-Off<br>• Set no later than 13 months from the date of the filing of the Complaint | | |
| Expert Disclosure (Initial) | | |
| Expert Disclosure (Rebuttal) | | |
| Expert Discovery Cut-Off<br>• Set no later than 14 months from the date of the filing of the Complaint | | |
| Deadline to File a Motion for Class Certification<br>• Set no later than 4 months from the Scheduling Conference | | |
| Deadline to File an Opposition to the Motion for Class Certification<br>• Set no later than 3 weeks from the filing of the Motion for Class Certification | | |
| Deadline to File a Reply<br>• Set no later than 3 Weeks from the filing of the Opposition | | |
| Hearing Date on Motion for Class Certification<br>• Set no later than 3 weeks from the filing of the Reply | | |

(last revised October 28, 2021)   2