1  TAMANY J. VINSON BENTZ (SBN 258600)
   *tamany.bentz@us.dlapiper.com*
2  JASON T. LUEDDEKE (SBN 279242)
   *jason.lueddeke@us.dlapiper.com*
3  DLA PIPER LLP (US)
   2000 Avenue of the Stars
4  Suite 400 North Tower
   Los Angeles, California 90067-4735
5  Telephone:  310.595.3000
   Facsimile:   310.595.3300
6
   Attorneys for Plaintiff
7  BREAKING CODE SILENCE,
   a California 501(c)(3) nonprofit
8

9  CATHERINE A, CLOSE (SBN 198549)
   *cac@jbblaw.com*
10 M. ADAM TATE (SBN 280017)
   *adam@jbblaw.com*
11 JULANDER, BROWN, BOLLARD
   9110 Irvine Center Drive
12 Irvine, California 92618
   Telephone:  949.477.2100
13 Facsimile:   949.477.6355

14 Attorneys for Defendants
   KATHERINE MCNAMARA and
15 JEREMY WHITELEY

16                    **UNITED STATES DISTRICT COURT**

17                   **CENTRAL DISTRICT OF CALIFORNIA**

18

19 | BREAKING CODE SILENCE, a         | Case No.  2:22-cv-02052
   | California 501(c)(3) nonprofit,  |
20 |                                  |
21 |             Plaintiff,           | **JOINT RULE 26(F) REPORT**
   |                                  |
22 |        v.                        | Complaint Filed: March 28, 2022
   |                                  | Response Filed: May 6, 2022
23 | KATHERINE MCNAMARA, an           | Trial Date (Proposed): October 17,
   | individual, JEREMY WHITELEY, an  | 2023
24 | individual, and DOES 1 through 50,|
   | inclusive,                       | Judge:  Hon. Maria A. Audero
25 |                                  | MSC:    July 13, 2022
   |                                  | Time:   10:00 a.m.
26 |             Defendants.          | Courtroom: 690

27

28

WEST\299074150.1

JOINT RULE 26(F) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), Central District of California Local Rule 26-1, and this Court's Mandatory Schedule Conference Order (Dkt. 26), Plaintiff Breaking Code Silence ("Plaintiff") and Defendants Katherine McNamara and Jeremy Whiteley (collectively, "Defendants," and together with Plaintiff, "the Parties") submit this Joint Rule 26(f) Report following the Rule 26(f) meeting of counsel held telephonically on May 25, 2022.

a. **STATEMENT OF THE CASE**

Plaintiff filed its complaint in this Court on March 28, 2022.  Plaintiff alleges that Defendants, following their resignations from Plaintiff's board of directors, illicitly accessed, used, and altered Plaintiff's website, social media accounts, other online accounts, and data without authorization from Plaintiffs. Plaintiff alleges that Defendants' conduct impacted Plaintiff's ability to access its online and social media accounts and diverted donors from Plaintiff's online presence during a period when Plaintiff had been receiving significant public exposure.  Plaintiff alleges that, as a result, it suffered harm in the form of, among other things, lost business opportunities and money donations, lost good will, and costs incurred from engaging forensic computer experts to discover, identify, and remediate Defendants' conduct and the effects thereof.

Defendants filed an answer on May 6, 2022. Defendants contend that: the allegations of the Complaint are false and misleading concerning the conduct of Defendants; and the specific domains, archives, and social media accounts alleged in the Complaint to belong to Plaintiff are in fact the property of McNamara and others.  Defendants further contend that Plaintiff initiated the Complaint in bad faith, and without any legal or factual basis, for the purpose of: intimidating Defendants into turning over property to Plaintiff; avoiding reimbursing expenses paid by McNamara; and in retaliation for Defendants' harassment complaints.

b. **SUBJECT MATTER JURISDICTION**

Plaintiff contends that this Court has jurisdiction over this action because

Plaintiff brings claims under the federal Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 (a)(2)(C) and (a)(5)(C). This Court has supplemental jurisdiction over the state law claim under California Penal Code § 502 because the claim forms part of the same case or controversy and derives from a common nucleus of operative facts as the claims brought under the Computer Fraud and Abuse Act. Defendants do not contest subject matter jurisdiction.

**c.   LEGAL ISSUES**

**Plaintiff's Position.**

At this time, Plaintiff contends the key legal issues include:

Whether Defendants' conduct satisfies the requirements of the Computer Fraud and Abuse Act; and

Whether Defendants' conduct satisfies the requirements of California's Computer Data Access and Fraud Act.

**Defendants' Position.**

At this time, Defendants contend the key legal issues include:

Whether Plaintiff has standing to assert claims for violations of the Computer Fraud and Abuse Act and California's Computer Data Access and Fraud Act;

Whether Defendants conduct satisfies the requirements of the Computer Fraud and Abuse Act and California's Computer Data Access and Fraud Act; and

Whether the Complaint was initiated in bad faith and for an improper purpose.

**d.   PARTIES AND EVIDENCE**

**1.   Parties**

Plaintiff Breaking Code Silence, a California 501(c)(3) nonprofit.

Defendant Katherine McNamara.

Defendant Jeremy Whiteley.

### 2. Percipient Witness

**Plaintiff's Position**.  At this time, Plaintiff identifies the following individuals as percipient witnesses:  Katherine McNamara, Jeremy Whiteley, Mary Appelgate, Caroline Lorson, Noelle Beauregard, Jesse Jensen, Vanessa Hughes, and Jennifer Magill.

**Defendants' Position**.  At this time, Defendants identify the following individuals as percipient witnesses:  Katherine McNamara, Jeremy Whiteley, Vanessa Hughes, Jennifer Magill, Athena Kolbe, Emily Carter, Rebecca Moorman, Caroline Cole, Bill Boyles, Amanda Boyles, Simone Hirsekorn, Molly Rose and Mary Appelgate.

### 3. Key Documents

**Plaintiff's Position**.  At this time, Plaintiff contends that the following documents may be used to support its claims:

Communications between Defendants and others regarding accessing, using, or altering Plaintiff's website, social media accounts, other online accounts, and data;

Documents reflecting Defendants' access, use, or alteration of Plaintiff's website, social media accounts, other online accounts, and data;

Documents related to Plaintiff's website, social media accounts, other online accounts, and data; and

Documents reflecting the damages Plaintiff incurred as a result of Defendants' misconduct.

**Defendants' Position**.  At this time, Defendants contend that the following documents may be used to support its defenses:

Forensic Report on which Complaint purports to be based;

Digital evidence of Defendants' removal from accounts after their respective resignations;

Digital evidence of password changes after Defendants' resignations;

1. Webserver logs and audit logs;
2. Website access logs;
3. Wordpress logs;
4. Slack audit logs and chat logs;
5. Google workplace and download logs;
6. Zoom call logs;
7. Phone logs;
8. Registrations and payment receipts for accounts and domains;
9. Intellectual Property Assignment agreements (whether executed or unexecuted);
10. Tuscows/Hover's disclosures and terms of service;
11. Communications (including emails, texts, Facebook chats and Slack direct messages) between and among Bill Boyles, Vanessa Hughes, Jenny Magill, Jeremy Whiteley, Katherine McNamara, Chelsea Papciak (Filer), Jenna Bulis, Mary Appelgate, Caroline Cole, Emily Carter, Jesse Jensen, Robert Cook, Nicole Beauregard, Athena Kolbe, Megan Hurwitt, Martha Thompson, Josh Scarpuzzi, University of North Carolina Wilmington and associates, Lifetime and associates, The Doctors studios and associates, Loma Linda University, University of California Los Angeles, Hilton Foundation, Carter Reum, Paris Hilton, Rebecca Mellinger, 11:11 Media and associates, Paris Hilton Entertainment, Eric Schmidt;
12. Communications between BCS and Zotero, Hover/Tuscows and Cloudways;
13. NDAs, Volunteer Agreements and volunteer lists;
14. Partnership contracts and agreements with Lifetime;
15. BCS Corporate filings;
16. BCS Board of Directors meeting minutes and resolutions;
17. BCS financial reports, donation reports/ledgers, tax returns, and bank records;

       BCS Board of Directors and volunteer resignation letters;

       BCS loans, leases and contracts;

       Pleadings, correspondence, filings, orders, discovery and settlement agreements in the action entitled Breaking Code Silence v. Papciak, et al., CDCA Case No. 3:21-CV-00918;

       Audio/Video recording of board of directors' meetings;

       WordPress database;

       Invoices for Cloudways cloud storage;

       Ownership/registration/credentials for social media accounts, domains and archives and communications regarding same and removals/revocations of administrative rights; and

       Trademark applications for Breaking Code Silence and related names.

**e.** **DAMAGES**

**Plaintiff's Position**. The full extent of damages Plaintiff suffered as a result of Defendants' misconduct is unknown at this time. Damages to be proven at trial include, without limitation, the expenses associated with investigating Defendants' conduct and engaging forensic computer experts, lost business opportunities and monetary donations, loss of goodwill, and attorneys' fees and costs.

**Defendants' Position**. Defendants dispute that Plaintiff has suffered any damages caused by Defendants' conduct.

**f.** **INSURANCE**

NonProfits Insurance Alliance of California, Policy No. 2021-69393-DO-NPO. Coverage denied by letter dated May 17, 2022. NIAC Claim No.: 582521.

**g.** **MOTIONS**

The Parties do not plan to add other parties. Plaintiff does not anticipate filing any procedural motions. Defendants anticipate filing a Rule 11 Motion for Sanctions.

**h.   DISPOSITIVE MOTIONS**

Plaintiff anticipates filing a motion for summary judgment on the two asserted causes of action.  Defendants anticipate filing a motion for summary judgment on the two asserted claims for relief.

**i.   MANUAL FOR COMPLEX LITIGATION**

The Parties agree that the matter is not complex and the Manual for Complex Litigation is not necessary.

**j.   STATUS OF DISCOVERY**

The Parties exchanged initial disclosures under Federal Rule of Civil Procedure 26(a) on June 8, 2022.  On June 14, 2022, Defendants served written discovery on Plaintiff.  Plaintiff intends to serve written discovery as well.

**k.   DISCOVERY PLAN**

    **1.   Time, Form, or Requirements for Rule 26(a) Disclosure.**

The Parties agree that no changes should be made as to the timing, form, or requirements under Federal Rule of Civil Procedure 26(a).

    **2.   Discovery Subjects and Phases.**

The Parties propose to complete all discovery in approximately 11 months.  The Parties propose to complete fact discovery in approximately 9 months.  The Parties agree that discovery need not be conducted in phases.

**Plaintiff's Anticipated Discovery.**  Plaintiff anticipates discovery related to Defendants' access, use, and alteration of Plaintiff's website, social media accounts, other online accounts, and data without authorization from Plaintiffs, including but not limited to, Defendants' communications with each other or others regarding the same.  Plaintiff also anticipates discovery related to the harm and damages it suffered as a result of Defendants' misconduct.

**Defendants' Anticipated Discovery.**  Defendants anticipate discovery regarding the factual basis for the allegations of the Complaint, including the false

allegations regarding Defendants' alleged access, use, and alteration of Plaintiff's website, social media accounts, other online accounts, and data without authorization from Plaintiffs.  Defendants anticipate discovery regarding the true ownership of the domains, archives and social media accounts at issue.  Defendants anticipate discovery regarding the retaliatory and bad faith nature of the claims asserted and the true cause(s) of any harm Plaintiff suffered to its reputation or otherwise.

**3.    Any Issues Regarding the Disclosure or Discovery of ESI.**

**Preservation.**  The Parties have taken steps to ensure the preservation of information relevant to this action, including ESI.

**Production.**  The Parties discussed the terms and conditions of production of ESI and a limitation on the number of custodians who will be subject to a search for ESI.  The Parties intend to agree to produce ESI in searchable formats with basic meta data fields.

The Parties have also agreed on the terms of a protective order to be entered by the Court which was submitted for issuance on June 28, 2022.

**4.    Issues Regarding Claims of Privilege or Work Product.**

The Parties agree that privileged documents created after the filing date of the complaint in this action need not be included on any party's privilege logs.  The Parties otherwise do not propose any modification of the procedures set forth in Rule 26(b)(5) for withholding documents based upon the attorney-client privilege or work product doctrine and for identifying privileged documents that have been inadvertently produced.  The Parties also agree that Federal Rule of Evidence 502(b) shall apply with respect to inadvertent production.

**5.    Discovery Limitations.**

The Parties agree to conduct discovery under the Federal Rules of Civil Procedure without additional limitations.

**l.    DISCOVERY CUT-OFF**

The Parties' proposed discovery cut-off date is June 1, 2023.

**m.  EXPERT DISCOVERY CUT-OFF**

The Parties proposed date for expert initial witness disclosures is April 3, 2023, and for rebuttal witness disclosures is May 3, 2023.  The Parties' proposed expert discovery cut-off under Rule 26(a)(2) is June 23, 2023.

**n.  SETTLEMENT CONFERENCE / ALTERNATIVE DISPUTE RESOLUTION ("ADR")**

Plaintiff's counsel and Defendants' prior counsel engaged in settlement negotiations.  During the Parties' meet and confer call on May 25, 2022, Plaintiff's counsel and Defendants' current counsel discussed the potential of revisiting settlement negotiations.  To date, the parties have not reached any terms for a resolution.

The Parties agree to ADR Procedure No. 2 (court mediation panel).  The Parties discussed potential neutral selections and agreed on Michael D. Young.

**o.  TRIAL ESTIMATE**

The Parties request a trial date of October 17, 2023 (18 months from the filing of the Complaint is September 28, 2023).  The Parties request an October 2023 date rather than September 2023 because of the existing scheduling conflicts in September 2023.

The Parties anticipate that trial will last between five to seven days. Plaintiff plans to call at least five witnesses, and Defendant plans to call at least 10 witnesses.  Plaintiff made a demand for a jury trial in the Complaint (Dkt. 2).

**p.  TRIAL COUNSEL**

Plaintiff's trial counsel includes Tamany Vinson Bentz (lead trial counsel), Jason Lueddeke, and Benjamin Grush.

Defendants' trial counsel includes M. Adam Tate (lead trial counsel), Dirk O. Julander, and Catherine A. Close.

q. **INDEPENDENT EXPERT OR MASTER**

The Parties agree that an independent expert or master is not necessary.

r. **OTHER ISSUES**

There are no other issues presently affecting the status or management of this case.

DATED: June 29. 2022            DLA PIPER LLP (US)

                                By: */s/ Tamany Vinson Bentz*
                                    Tamany Vinson Bentz
                                    Jason Lueddeke

                                    Attorneys for Plaintiff
                                    BREAKING CODE SILENCE

DATED: June 29. 2022            Julander Brown & Bollard

                                By: */s/ Catherine Close*
                                    Catherine Close
                                    M. Adam Tate

                                    Attorneys for Defendants
                                    KATHERINE MCNAMARA and
                                    JEREMEY WHITELEY

**SIGNATURE CERTIFICATION**

Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

DATED: June 29. 2022                    DLA PIPER LLP (US)

By: */s/ Tamany Vinson Bentz*
Tamany Vinson Bentz
Jason Lueddeke

Attorneys for Plaintiff
BREAKING CODE SILENCE