UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  **2:22-cv-02052-MAA**                                   Date:  **September 14, 2023**

Title   **Breaking Code Silence v. Katherine McNamara, et al.**

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

|  Narissa Estrada  |  XtR 9/12/23  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Jason T. Lueddeke | Adam J. Schwartz |
| John S. Gibson | M. Adam Tate |
| Dennis Kiker | |

**Proceedings (Telephonic):**     **Further Informal Discovery Conference (ECF Nos. 95, 94, 120, 135)**

Case is called. Counsel make their appearances.

Before the Court on September 12, 2023 is a Status Conference regarding the question whether the Joint Stipulation re: Defendants' Motion to Compel Slack Communications and for Sanctions ("Slack Motion," ECF No. 94) is moot in light of Plaintiff's supplemental productions of additional Slack documents.

The Court confers with the parties. The parties represent that the production component of the Slack Motion has been resolved and is therefore moot. The Court takes the attorneys' fees portion of the Slack Motion under submission, with a hearing to be set at a later date and in conjunction with the attorneys' fees portion of the pending Joint Stipulation re: Defendants' Motion for Evidentiary and Monetary Sanctions Under Rule 37 of the Federal Rules of Civil Procedure ("Sanctions Motion," ECF No. 98). In light of the resolution of the production portion of the Slack Motion, the Court **DENIES as moot** Defendant's Sealed Application to Seal Exhibits In Support of the Slack Motion (ECF No. 95).

The Court next confers with the parties about the parties' Joint Stipulation Regarding Use of Documents Designated "Confidential" ("Confidentiality Stipulation," ECF No 136) filed on September 7, 2023. Pursuant to the agreement of the parties, the parties are **ORDERED** to submit a revised stipulation that omits the phrase "and vice versa" appearing at paragraph 4 of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  **2:22-cv-02052-MAA**                                                                 Date:  **September 14, 2023**

Title   **Breaking Code Silence v. Katherine McNamara, et al.**

Confidentiality Stipulation.  The Court separately will issue an order granting the revised stipulation with this modification.

The Court next confers with the parties about the progress of Phase 1 of the discovery production at issue in the Sanctions Motion from the officers and directors of Plaintiff ("Custodians") ("Discovery at Issue") as set out in the Court's Minute Order re: August 9, 2023 Informal Discovery Conference (ECF No. 120) and Interim Order on August 9, 2023 Informal Discovery Conference re: Sanctions Motion (ECF No. 132).  Pursuant to the agreements of the parties, the Court **ORDERS** as follows:

(1)   The date by which Plaintiff's production of the Discovery at Issue from Custodians Jesse Jensen, Arianna Conroyd, and Vanessa Hughes shall be completed is **EXTENDED** from September 9, 2023 (*see* ECF No. 132 at ¶ 3) to **October 3, 3023**.  A separate order will issue to set an informal discovery conference to address any deficiencies in the production from these custodians.

(2)   The date by which Plaintiff shall provide Defendants with declarations from Custodians Eugene Furnace, Shelby Kirchoff, and Lenore Silverman identifying which of their personal data sources contain Breaking Code Silence ("BCS")-related documents and stating whether each custodian is willing to make the data sources available to Plaintiff for collection of such documents is **EXTENDED** from August 30, 2023 (ECF No. 132 at ¶ 2) to no later than **September 19, 2023**.  In the event the declarations are timely provided, then the date by which Plaintiff's production of the Discovery at Issue from Custodians Eugene Furnace, Shelby Kirchoff, and Lenore Silverman shall be completed is **EXTENDED** from September 9, 2023 (ECF No. 132 at ¶ 3) to no later than **October 10, 2023**.  In the event the declarations are not timely provided, then Defendants may issue subpoenas to those custodians to obtain the Discovery at Issue.

(3)   Based on the parties' representation that Custodian Megan Hurwitt refuses to provide a declaration identifying which of her personal data sources contain BCS-related documents and stating whether she is willing to make the data sources available to Plaintiff for collection of such documents, Defendants may issue a subpoena to Hurwitt to obtain the Discovery at Issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   **2:22-cv-02052-MAA**                                                                  Date:  **September 14, 2023**

Title       **Breaking Code Silence v. Katherine McNamara, et al.**

(4) Plaintiff is reminded that, as it reviews the documents produced by the Custodians as part of Phase 1, it should produce responsive documents to Defendants on a rolling basis.

(5) The Court **EXTENDS** the fact and expert discovery cut-off dates for Defendants only and for the sole purpose of completing the Discovery at Issue and related depositions, as follows:

| Date | Event |
| --- | --- |
| November 30, 2023 | Fact discovery cut-off |
| December 21, 2023 | Expert discovery cut-off |
| December 28, 2023 | Last day for Defendants to file Status Report regarding the outcome of Phase 1 as detailed in the Court's August 11, 2023 order (ECF No. 120 at ¶ 5) |
| January 15, 2024 | Last day for Defendants to file a motion for reasonable expenses associated with Phase 1 subpoena discovery as detailed in the Court's August 11, 2023 order (ECF No. 120 at ¶ 6) |

It is so ordered.

**Time in Court:**   :55