1 JOHN S. GIBSON (SBN 140647)
john.gibson@us.dlapiper.com
2 JASON T. LUEDDEKE (SBN 279242)
jason.lueddeke@us.dlapiper.com
3 **DLA PIPER LLP (US)**
2000 Avenue of the Stars
4 Suite 400 North Tower
Los Angeles, California 90067-4735
5 Tel: 310.595.3000
Fax: 310.595.3300

6 Attorneys for Plaintiff
BREAKING CODE SILENCE
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREAKING CODE SILENCE, a California 501(c)(3) non-profit,<br><br>Plaintiff,<br><br>v.<br><br>KATHERINE MCNAMARA, an individual, JEREMY WHITELEY, an individual, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 2:22-CV-002052-SB-MAA<br><br>Hon. Maria A. Audero<br><br>**DECLARATION OF JESSE JENSEN IN SUPPORT OF PLAINTIFF BREAKING CODE SILENCE'S OPPOSITION TO DEFENDANT KATHERINE MCNAMARA'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**<br><br>Date: May 14, 2024<br>Time: 2:00 p.m.<br>Courtroom: 880 |

DECLARATION OF JESSE JENSEN

# DECLARATION OF JESSE JENSEN

I, Jesse Jensen, declare as follows:

1. I submit this declaration in support of Plaintiff Breaking Code Silence's Opposition to Defendant Katherine McNamara's Motion for Summary Judgment or, Alternatively, Partial Summary Judgment. I have personal knowledge of the facts herein and, if called upon to testify, can and will truthfully testify thereto.

2. I am a volunteer of Breaking Code Silence ("BCS"), a 501(c)(3) nonprofit organization that supports survivors of institutional abuse in the Troubled Teen Industry ("TTI") through education, outreach, research, and community organizing.

3. I have a Bachelor's degree and double-majored in Physics and Computer Science, and I also have an MBA in Technology Commercialization. I have held the role of engineer or a related role, such as consultant or senior engineer, since 2005.

4. I also have cybersecurity-related skills and proficiency, including in DLT, digital ledger technology, digital identity, and cryptographic algorithms. Attached hereto as **Exhibit A** is a true and correct copy of a previous version of my resume that Defendants accessed for my deposition. My deposition for this lawsuit took place on April 14, 2023 and I was shown the resume I attach here as an exhibit during that deposition.

5. As I explained during my deposition, I have performed multiple forensic investigations prior to this lawsuit, including performing those in a professional capacity.

6. BCS has a website located at breakingcodesilence.org. To my knowledge, the domain breakingcodesilence.org has always routed to BCS' website.

7. I learned that on or around March 9, 2022, multiple requests to de-

index the BCS website were made to Google.  That means that requests were made to Google so that the BCS website would not appear when a person searched for the BCS website on Google.

8.  Those de-index requests were successful and the BCS website was de-indexed.  I personally confirmed this.  So, when I did a search for the BCS website on Google, I did not see the BCS website.  Instead, when I ran a Google search for BCS, I saw sponsored ads (i.e., paid ads) for Unsilenced, which I understand is affiliated with Defendants in this lawsuit.

9.  Because BCS expected to receive significant publicity around those dates when the de-indexing occurred, several BCS volunteers spent many hours attempting to immediately remedy the de-indexing of the BCS website.  To my knowledge, those volunteers included Vanessa Hughes, Megan Hurwitt, Noelle Beauregard, Bobby Cook, and Jenny Magill.  I personally spent at least 16 hours both investigation what happened and working to remedy the de-indexing.  I also spent hours in addition to the ones I just mentioned, at least 20 hours, to verify the system security and confirm that no other security breaches occurred.  Had I done this work for payment, I would have typically charged $9000 on a project basis or $250 per hour for this work.

10.  In addition to the 36 hours that I spent in direct response to that attack, I spent conservatively approximately 100 hours more related to the attack.  Namely, I spent time monitoring the systems that were involved in the attack to ensure the attacks were not continuing, providing security training related to the attack for volunteers, meeting with BCS leadership (as a group and individually) on the subject of the attack and to discuss security needs implicated by the attack.  I conservatively estimate that of those 100 hours, 40 of those hours were dedicated to monitoring the systems that were involved in the attacks.  For all this work, I would have typically charged a project fee or a rate of $250 per hour.

11. I regularly volunteer for BCS and, had I not spent the time investigating and remedying what happened, I could have used that time to do other volunteer activities for BCS. For example, I could have spent that time on advocacy, which is something I do for BCS and have strong interest in. I understand that the other BCS volunteers would have likewise devoted their time to other BCS volunteer activities instead of working on resolving this issue.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 15th day of March, 2024.

*/s/ Jesse Jensen*