JOHN SAMUEL GIBSON (SBN 140647)
john.gibson@us.dlapiper.com
JASON TAYLOR LUEDDEKE (SBN 279242)
jason.lueddeke@us.dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4735
Tel:   310.595.3000
Fax:   310.595.3300

Attorneys for Plaintiff
BREAKING CODE SILENCE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREAKING CODE SILENCE, a California 501(c)(3) non-profit,<br><br>Plaintiff,<br><br>v.<br><br>KATHERINE MCNAMARA, an individual, JEREMY WHITELEY, an individual, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 2:22-CV-002052-SB-MAA<br><br>Hon. Maria A. Audero<br><br>**PLAINTIFF'S REQUEST FOR VOLUNTARY DISMISSAL WITH PREJUDICE PURSUANT TO FRCP 41(a)(2)**<br><br>Complaint Filed: March 28, 2022<br>Trial Date: Not Set |

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiff Breaking Code Silence ("BCS") respectfully requests that the Court permit BCS to dismiss, with prejudice, its Complaint against Defendants Katherine McNamara and Jeremy Whiteley ("Defendants").

"[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). But when a plaintiff's request for dismissal is *with prejudice*, some courts have held that the dismissal is mandatory.[1]  In any event, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 976. Neither "the expense incurred in defending against a lawsuit" nor the "[u]ncertainty [that] a dispute remains unresolved" amounts to legal prejudice. *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 97 (9th Cir. 1996). There is likewise no legal prejudice merely because "a plaintiff would gain a tactical advantage by" dismissing the case. *Smith*, 263 F.3d at 975.

Given the posture of the litigation, Defendants' pending motion for monetary and evidentiary sanctions, and the outcome of the March 25, 2024, informal discovery conference, BCS has concluded it is not feasible to proceed with the litigation. Proceeding with the litigation under these circumstances would likely force BCS into bankruptcy or other financial predicament that could end its existence and prevent it from continuing its mission. This would deprive the individuals for whom it advocates of its support. To be clear, BCS' request is not in

---

[1] *See, e.g.*, 9 Charles A. Wright & Arthur R. Miller § 2367 (4th ed. 2023) ("If the plaintiff moves for a voluntary dismissal by court order under Rule 41(a)(2), specifically requesting that it be with prejudice, it has been held that the district court must grant the request."); *Harsell v. Virginia Motor Lodges, Inc.*, 2018 WL 2172506, at *2 (W.D. Va. May 10, 2018) ("Because district courts ordinarily 'must' grant a plaintiff's request for voluntary dismissal with prejudice, Harsell's Rule 41(a)(2) motion will be granted.").

any way an acknowledgement that its claims lack merit. BCS believes that it has diligently prosecuted this litigation and put forth sufficient evidence to at least survive the pending summary judgment motions, especially with reasonable inferences from such evidence required to be drawn in the light most favorable to BCS. BCS' request is simply a product of the circumstances, which will render it unable to afford the potential financial results of this litigation and continue its mission.

Defendants will not suffer any prejudice—legal or otherwise—from a dismissal. To the contrary, Defendants would no longer be required to defend this litigation and would save the costs associated with doing so, including in connection with drafting further sanctions briefing which the Court stated on April 5, 2024, will be required, attending additional informal discovery conferences and hearings, and preparing for trial. That Defendants have incurred attorney's fees defending this action thus far is not legal prejudice. *See Westlands*, 100 F.3d at 97. Nor would any legal interest, claim, or argument of Defendants be prejudiced by dismissal, particularly since the dismissal is with prejudice. Indeed, Defendants are plaintiffs in a separate state court action against BCS and its representatives, and may maintain their positions in that action.

Lastly, where, as here, the requested dismissal is with prejudice, awarding Defendants attorney's fees and costs is unwarranted. "Although courts often award defendants costs and attorney fees when granting a plaintiff's motion to dismiss without prejudice under Rule 41(a)(2), such an award is improper when the dismissal is *with prejudice*." *Chavez v. Huhtamaki, Inc.*, 2021 WL 4441976, at *3 (C.D. Cal. Sept. 28, 2021) (quotation omitted; emphasis in original); *see also Design Trend Int'l Interiors, Ltd. v. Huang*, 2007 WL 2683790, at *4 (D. Ariz. Sept. 7, 2007) ("[Defendants] have provided no Ninth Circuit authority that a district court may properly…dismiss [plaintiff's] lawsuit *with* prejudice *and* also award [defendants] their costs and reasonable attorney's fees incurred herein.") (emphasis

in original). "The purpose of such awards is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by defendant that the same suit will be refiled and will impose duplicative expenses upon him. Without such risk, attorney fees are unjustified." *U.S. v. Two Parcels of Real Prop. Located in Mendocino Cnty.*, 2001 WL 1180698, at *2 (N.D. Cal. Sept. 27, 2001) (quotation and citation omitted).

BCS' request is with prejudice because BCS has no reason or occasion to reassert its claims from the Complaint against Defendants in another proceeding. As a result, there is no risk of relitigation of the claims at issue and no risk that Defendants will incur duplicative expenses. Thus, "attorney fees are unjustified." *Id.*

Dated: April 8, 2024  Respectfully submitted,

**DLA PIPER LLP (US)**

By: */s/ John Samuel Gibson*
John Samuel Gibson
Jason Taylor Lueddeke

Attorneys for Plaintiff
BREAKING CODE SILIENCE

## L.R. 11-6.2 CERTIFICATION

The undersigned, counsel of record for Defendants certifies that this brief contains 817 words, which complies with the word limit of L.R. 11-6.1.

Date: April 8, 2024                    /s/ *John Samuel Gibson*
                                       JOHN SAMUEL GIBSON