UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **2:22-cv-02052-MAA**                                              Date: **April 10, 2024**

Title   **Breaking Code Silence v. Katherine McNamara et al.**

---

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Cindy Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**   **Order Regarding Plaintiff's Request for Voluntary Dismissal With Prejudice Pursuant to FRCP 41(a)(2) (ECF No. 198)**

On April 8, 2024, Plaintiff Breaking Code Silence ("Plaintiff") filed a Request for Voluntary Dismissal With Prejudice Pursuant to FRCP 41(a)(2) ("Dismissal Request"). (Dismissal Req., ECF No. 198.) In support for its request, and asserting that Plaintiff "has concluded it is not feasible to proceed with the litigation," Plaintiff states—without any evidentiary support—that "[p]roceeding with the litigation under these circumstances would likely force [Plaintiff] into bankruptcy or other financial predicament that could end its existence and prevent it from continuing its mission." (*Id*. at 2.)[1]

Before Plaintiff filed the Dismissal Request, the following motions and issues were pending before the Court:

(1)   Slack Motion:  On July 12, 2023, Defendants Jeremey Whiteley and Katherine McNamara (together, "Defendants") filed a Motion to Compel Slack Communications and for Sanctions ("Slack Motion"). (Slack Mot., ECF No. 94.) While the discovery issue of the Slack Motion was rendered moot as a result of Plaintiff's post-motion production of the Slack documents, the issue of whether Defendants are entitled to attorneys' fees and costs for bringing the Slack Motion under Federal Rules of Civil Procedure ("Rules") 37(a)(5) and 37(b)(2)(C) is still pending with the Court. (*See* ECF No. 138.)

---

[1] Pinpoint citations to docketed documents are to the page numbers in the CM/ECF-generated headers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  **2:22-cv-02052-MAA**                                              Date: **April 10, 2024**

Title    **Breaking Code Silence v. Katherine McNamara et al.**


(2)    <u>Sanctions Motion</u>:  On July 14, 2023, Defendants filed a Motion for Evidentiary and
Monetary Sanctions under Rule 37 of the Federal Rules of Civil Procedure
("Sanctions Motion").  (Sanctions Mot., ECF No. 98.)

   (a)    <u>Subpoena Discovery on Sanctions Motion</u>:  At an August 9, 2023 Informal
Discovery Conference ("IDC"), in an effort to resolve the Sanctions Motion
on its merits and provide the Court with the information necessary to
determine the nature and extent of Defendants' prejudice, the Court
proposed—and Plaintiff and Defendants (collectively, the "Parties") agreed—
that Plaintiff's officers and directors would be given one final opportunity to
identify and produce documents responsive to Defendants' discovery; if they
refused to participate in this final effort, Defendants would engage in
subpoena discovery targeted at those non-participating officers and directors
("Subpoena Discovery"), and Plaintiff would reimburse Defendants for the
reasonable attorneys' fees and costs they incurred in such Subpoena
Discovery.  (ECF No. 120.)  As noted during the April 5, 2024 IDC, the
agreed-upon Subpoena Discovery has concluded.  (*See* ECF No. 196.)  The
quantum of such agreed-upon attorneys' fees and costs for the Subpoena
Discovery has not been determined.

   (b)    <u>Supplemental Briefing on Sanctions Motion</u>:  On April 5, 2024, the Court
ordered supplemental briefing on the Sanctions Motion.  (ECF No. 196.)

(c)    <u>Whiteley MSJ</u>:  On November 22, 2023, Defendant Whiteley filed a Motion for
Summary Judgment or in the Alternative Partial Summary Judgment ("Whiteley
MSJ," ECF No. 152), along with an Application to Seal (ECF No. 153).  The
Whiteley MSJ is fully briefed and ready for decision.

(d)    <u>McNamara MSJ</u>:  On February 23, 2024, Defendant McNamara filed a Motion for
Summary Judgment or, Alternatively, Partial Summary Judgment ("McNamara
MSJ," ECF No. 172), along with an Application to Seal (ECF No. 174).  In
connection with its Opposition to the McNamara MSJ, Plaintiff filed two
Applications to Seal.  (ECF Nos. 183, 190.)  The McNamara MSJ is fully briefed and
pending decision.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  **2:22-cv-02052-MAA**                                          Date: **April 10, 2024**

Title    **Breaking Code Silence v. Katherine McNamara et al.**


In light of the foregoing, the Court hereby **ORDERS** as follows:

(1)    Dismissal Request:  The Court **ORDERS** Plaintiff to supplement the Dismissal
       Request with evidentiary support for its assertion regarding Plaintiff's claimed
       financial status, and **SETS** the following briefing schedule for the Dismissal Request:

       (a)    Plaintiff's Supplementation:  No later than **April 17, 2024**, Plaintiff shall
              supplement its assertion regarding its current financial status with evidentiary
              support.  Specifically, Plaintiff shall file an under-oath declaration attesting to
              its current financial status, supported by relevant profit-and-loss statements,
              balance sheets, and bank statements.  In addition to, but not in lieu of, this
              evidence, Plaintiff may submit any other evidence Plaintiff believes is
              relevant and would be helpful to the Court.

       (b)    Defendants' Opposition:  Defendants must file an Opposition or Statement of
              Non-Opposition to the Dismissal Request no later than **April 24, 2024**.
              Defendants are advised that failure to respond to the Dismissal Request may
              be construed as consent to the granting of the Dismissal Request and may
              result in dismissal of the lawsuit.  C.D. Cal. L.R. 7-12; *see also Ghazali v.
              Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (affirming dismissal on the basis of
              an unopposed motion pursuant to local rule).

       (c)    Plaintiff's Optional Reply:  Plaintiff may file an optional Reply no later than
              **May 1, 2024**.  The Dismissal Request will stand submitted for decision upon
              receipt of the Reply or upon expiration of Plaintiff's time to file the Reply,
              and will be decided without a hearing unless the Court determines a hearing is
              necessary.  *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

(2)    Attorneys' Fees and Costs for Slack Motion:  To adjudicate the issue of attorneys'
       fees and costs for the Slack Motion, the Court needs additional information from
       Defendants regarding the task breakdown of their requested attorneys' fees.  For this
       purpose, the Court **ORDERS** the Parties to file a Joint Stipulation and **SETS** the
       following briefing schedule:

       (a)    Defendants' Portion:  No later than **April 17, 2024**, Defendants shall submit
              their portion of the Joint Stipulation to Plaintiff.  Defendants' briefing must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   **2:22-cv-02052-MAA**                                            Date: **April 10, 2024**

Title      **Breaking Code Silence v. Katherine McNamara et al.**

include, for each individual who worked on the Slack Motion, an itemization of time spent on each type of task, rather than providing the total hours expended by each individual with a comprehensive list of tasks.  (*See* Tate Decl. ¶ 34, ECF No. 94-1.)  Defendants may not add more attorneys' fees than those originally requested in the Slack Motion.  If Defendants contend that the attorneys' time spent on the specific tasks of (i) meeting and conferring before filing the Slack Motion, and/or (ii) preparing for and appearing at IDC conferences related to the Slack Motion is recoverable under Rules 37(a)(5) or 37(b)(2)(C), Defendants must brief this issue.

(b)   Plaintiff:  No later than **April 24, 2024**, Plaintiff shall submit its portion of the Joint Stipulation and sign and return the Joint Stipulation to Defendants.

(c)   Filing:  No later than **April 25, 2024**, Defendants shall file the Joint Stipulation.  No further supplemental memorandum on the Slack Motion is permitted.  The matter will stand submitted for decision upon the filing of the Joint Stipulation, and will be decided without a hearing unless the Court determines a hearing is necessary.  *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

(3)   Attorneys' Fees for Subpoena Discovery on Sanctions Motion:  To resolve the open issue of the quantum of the attorneys' fees and costs for the Subpoena Discovery—for which the Parties previously agreed Plaintiff would reimburse Defendants—the Court hereby **SETS** the following schedule:

(a)   Defendants' Accounting:  No later than **April 17, 2024**, Defendants shall submit to Plaintiff an accounting of the attorneys' fees and costs they incurred for the Subpoena Discovery, including supporting documentation.

(b)   Plaintiff's Response:

(i)   If Plaintiff does not contest the reasonableness of Defendants' claimed attorneys' fees and costs for the Subpoena Discovery, Plaintiff must pay said amount no later than **May 10, 2024, or another later date or dates agreed by the Parties**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  **2:22-cv-02052-MAA**                                              Date: **April 10, 2024**

Title    **Breaking Code Silence v. Katherine McNamara et al.**


(ii)    If Plaintiff contests the reasonableness of Defendants' claimed attorneys' fees and costs for the Subpoena Discovery, Plaintiff may file a Motion to determine the quantum of such reasonable attorneys' fees and costs, for which the Court **SETS** the below schedule. Because payment of Defendants' reasonable attorneys' fees and costs for the Subpoena Discovery is pursuant to the Parties' agreement, and, as such, has been ordered (*see* ECF No. 120), the Court will not entertain an argument from Plaintiff contesting Defendants' entitlement to such attorneys' fees and costs.

a.    Plaintiff's Motion:  No later than **April 24, 2024**, Plaintiff shall file a Motion to determine the amount of attorneys' fees and costs to be reimbursed by Plaintiff to Defendants for the Subpoena Discovery.  The Motion must include a copy of Defendants' accounting and supporting documentation.

b.    Defendants' Opposition:  Defendants must file an Opposition or Statement of Non-Opposition to the Motion no later than **May 1, 2024**.  Defendants are advised that failure to respond to the Motion may be construed as consent to the granting of the Motion.  C.D. Cal. L.R. 7-12; *see also Ghazali*, 46 F.3d at 53–54.

c.    No Reply:  No Reply is permitted.  The Motion will stand submitted for decision upon receipt of Defendants' Opposition or Statement of Non-Opposition, and will be decided without a hearing unless the Court determines a hearing is necessary.  *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

(4)    Supplemental Briefing on Sanctions Motion:  The Court **SUSPENDS** the supplemental briefing on the Sanctions Motion (*see* ECF No. 196), to be reinstated if necessary based upon the outcome of the Dismissal Request.

**IT IS SO ORDERED.**