1  Dirk O. Julander, Bar No. 132313
   *doj@jbblaw.com*
2  Catherine A. Close, Bar No. 198549
   *cac@jbblaw.com*
3  M. Adam Tate, Bar No. 280017
   *adam@jbblaw.com*
4  JULANDER, BROWN & BOLLARD
   9110 Irvine Center Drive
5  Irvine, California 92618
   Telephone:  (949) 477-2100
6  Facsimile:  (949) 477-6355

7  Attorneys for Defendants
   KATHERINE MCNAMARA and
8  JEREMY WHITELEY

9

10                **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12

13  BREAKING CODE SILENCE, a          Case No. 2:22-cv-002052-SB-MAA
    California 501(c)(3) nonprofit,
14
                                      **DECLARATION OF M. ADAM**
15                                    **TATE IN SUPPORT OF**
          Plaintiff,                  **DEFENDANTS' RESPONSE TO**
16                                    **REQUEST FOR DISMISSAL WITH**
                                      **PREJUDICE**
17        vs.

18

19  KATHERINE MCNAMARA, an
    Individual; JEREMY WHITELEY, an
20  individual; and DOES 1 through 50,    [*Assigned to the Hon. Maria A. Audero*]
    inclusive,
21
22        Defendants.

23

24

25

26

27

28



## DECLARATION OF M. ADAM TATE

I, M. ADAM TATE, hereby declare and state under penalty of perjury the following facts:

1.    I am an attorney licensed to practice before this Court. I am a partner at the law firm of Julander, Bown & Bollard, the attorneys of record for Defendants KATHERINE MCNAMARA ("McNamara") and JEREMY WHITELEY ("Whiteley;" collectively "Defendants") in the above-captioned action. I have personal knowledge of the following facts and, if called upon to testify, I can and will competently testify thereto:

2.    BCS's claim that it only has one deposit account (Alpine Bank) is bewildering because, in response to discovery in the State Action, BCS produced account records for GiveButter, Stripe, and PayPal accounts through which it collects donations. Jennifer Magill even relied on these accounts in her declaration submitted in opposition to Defendants' Motions for Summary Judgment. (See, e.g., Dkt. 187, ¶7, and 187-2 through 187-5.)

3.    Attached hereto as **Exhibit 6** is an email that was produced by BCS in this action as BCS_0786094. In the email, Vanessa Hughes instructs Jesse Jensen to send someone a gift using "the Bank of America account." When asked about the account during her deposition, Hughes claimed it was a fake email designed to somehow trick Defendants. Apart from this testimony, Defendants have no details regarding this account.

4.    Contrary to Magill's claim that it has no access to BCS's US Bank statements, BCS actually produced US Bank statements in the State Action. Dkt. 152-121 is a compilation of BCS's bank statements used in connection with Whiteley's Motion for Summary Judgment. The statements Bates stamped "BCS Resp. to McNamara's RFP, Set Two" were produced by BCS. (See, Dkt 152-121, pp. 19-24 [January 2022 Statement], 27-38 [November and December 2021 Statements].)

TATE DECL. RE: REQUEST FOR DISMISSAL

5.      On July 12, 2022, I learned that Whiteley received a random notification from Facebook Support indicating that something was wrong with BCS's charity payout and requiring a response within 10 days. We immediately forwarded the notice Whiteley received to BCS's counsel, Tamany Bentz, along with a June 28, 2021 confirmation that Whiteley no longer had access to BCS' Facebook Business Manager account. A true and correct copy of the July 12 email to Ms. Bentz, with attachments, on which I was copied, is attached hereto as **Exhibit 9**. The email is entitled "Credit Card Issue" because the original discussion dealt with unauthorized charges that were made by BCS to McNamara's credit card.

6.      The following day, on July 13, my office sent Ms. Bentz another email (using the same "Credit Card Issue" email chain) advising her that BCS needed to remove Whiteley's account from BCS's Facebook account, advising her that the "Account Owner" for BCS's Facebook account was listed as Vanessa Hughes, and requesting confirmation that Whiteley has been removed from *all* BCS accounts. A true and correct copy of the July 13 email to Ms. Bentz, on which I was copied, is attached hereto as **Exhibit 10**. To date, we have received no responses to the emails regarding the Facebook account from any of BCS's attorneys.

7.      As set forth in Defendants' response, BCS has known since at least August 2023 that it would be responsible for paying monetary sanctions. In addition, during the March 25, 2024 in-person informal discovery conference the Court (again) informed BCS that it was almost certain to lose the pending evidentiary sanctions motion and that it was just of matter of what evidentiary sanctions would be issued. At the hearing, I argued that, as part of the evidentiary sanctions, the Court should strike the declarations of Jesse Jensen and Jennifer Magill submitted by BCS in opposition to the motions for summary judgment, effectively gutting BCS's oppositions. The Court entertained that as a possibility and further discussed the idea of terminating sanctions.

1    I hereby declare under penalty of perjury under the laws of the United States

2   of America that the foregoing is true and correct.

3

4    DATED this 24th day of April 2024

5

6                    */s/     M. Adam Tate*
                     M. Adam Tate
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TATE DECL. RE: REQUEST FOR DISMISSAL

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of April, 2024, I electronically filed the foregoing paper(s) with the Clerk of the Court using the ECF system which will send notification to all parties of record or persons requiring notice.


*/s/ Helene Saller*
Helene Saller

TATE DECL. RE: REQUEST FOR DISMISSAL