JOHN SAMUEL GIBSON (SBN 140647)
john.gibson@us.dlapiper.com
JASON TAYLOR LUEDDEKE (SBN 279242)
jason.lueddeke@us.dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4735
Tel:   310.595.3000
Fax:  310.595.3300

Attorneys for Plaintiff
BREAKING CODE SILENCE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREAKING CODE SILENCE, a California 501(c)(3) non-profit,<br><br>Plaintiff,<br><br>v.<br><br>KATHERINE MCNAMARA, an individual, JEREMY WHITELEY, an individual, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.  2:22-CV-002052-SB-MAA<br><br>Hon. Maria A. Audero<br><br>**PLAINTIFF'S MOTION TO REDUCE DEFENDANTS' REQUESTED ATTORNEYS' FEES AND COSTS RELATED TO SUBPOENA DISCOVERY**<br><br>Hearing Date:  May 22, 2024<br>Hearing Time:  10:00 a.m.<br><br>Complaint Filed:  March 28, 2022<br>Trial Date:  Not Set |

DLA Piper LLP (US)
WWW.DLAPIPER.COM

PLAINTIFF'S MOTION TO REDUCE DEFENDANTS' REQUESTED ATTORNEYS' FEES AND COSTS RELATED TO SUBPOENA DISCOVERY
CASE NO. 2:22-CV-002052-SB-MAA

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE THAT** on May 22, 2024, at 10:00 a.m., or as soon as the matter may be heard in Courtroom 880 of the Roybal Federal Building and United States Courthouse, located at 255 E. Temple St., Los Angeles, California 90012, Plaintiff Breaking Code Silence ("BCS") will and hereby does move, pursuant to the Court's April 10, 2024 Order (Dkt. 200), for an order reducing Defendant Katherine McNamara and Jeremy Whiteley's ("Defendants") requested attorneys' fees and costs incurred in Phase 1 ("Subpoena Discovery") from $30,253.00 to $9,290.15 or substantially less.

The Motion is made on the following grounds. Defendants' requested attorneys' fees and costs are unreasonable or impermissible because Defendants seek to recover (a) attorneys' fees incurred by multiple attorneys attending the same August 9, 2023 IDC (as well as Mr. Tate attending the October 5, 2023 IDC); (b) attorneys' fees from block billed time entries that sweep in multiple tasks unrelated to Subpoena Discovery, as well as duplicative tasks; and (c) costs incurred in issuing unnecessary subpoenas to non-material witnesses.

The Motion is based on the Notice, Memorandum of Points and Authorities, Declaration of Jason Lueddeke, such matters as the Court may take judicial notice, all pleadings and other documents on file with the Court, and such other evidence as may be presented at the hearing on the Motion.

Dated: April 24, 2024                Respectfully submitted,

                                     **DLA PIPER LLP (US)**

                                     By: */s/ Jason Taylor Lueddeke*
                                         John Samuel Gibson
                                         Jason Taylor Lueddeke

                                         Attorneys for Plaintiff
                                         BREAKING CODE SILIENCE

DLA Piper LLP (US)
WWW.DLAPIPER.COM

PLAINTIFF'S MOTION TO REDUCE DEFENDANTS' REQUESTED ATTORNEYS' FEES AND COSTS RELATED TO SUBPOENA DISCOVERY
CASE NO. 2:22-CV-002052-SB-MAA

# **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................1

II.  RELEVANT BACKGROUND .........................................................................3

    A.   The Court's Orders Regarding Subpoena Discovery. .........................3

    B.   Defendants' Requested Attorneys' Fees and Costs Related to Subpoena Discovery. ..............................................................................4

III. ARGUMENT .....................................................................................................5

    A.   Defendants Cannot Recover Attorneys' Fees for IDC Travel and Attendance............................................................................................5

    B.   Defendants Improperly Seek to Recover Attorneys' Fees for Block Billed Entries and Tasks Unrelated to Subpoena Discovery. .............................................................................................7

    C.   Defendants Cannot Recover Costs Incurred in Issuing Unnecessary Subpoenas to Non-Material Witnesses.........................10

    D.   Defendants' Requested Attorneys' Fees and Costs Should be Reduced............................................................................................11

IV.  CONCLUSION ...............................................................................................12

i

PLAINTIFF'S MOTION TO REDUCE DEFENDANTS' REQUESTED ATTORNEYS' FEES AND COSTS RELATED TO SUBPOENA DISCOVERY
CASE NO. 2:22-CV-002052-SB-MAA

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Dahn World Co. v. Chung*,
   2006 WL 3313951 (D. Ariz. Nov. 13, 2006) ....................................................... 6

*Ketchum v. Moses*,
   24 Cal. 4th 1122 (2001) ....................................................................................... 6

*PLCM Grp. v. Drexler*,
   22 Cal. 4th 1084 (2000) ....................................................................................... 5

*Welch v. Metro. Life. Ins. Co.*,
   480 F.3d 942 (9th Cir. 2007) ............................................................................... 7

*Yeager v. Bowlin*,
   2010 WL 1689225 (E.D. Cal. Apr. 26, 2010) ..................................................... 7

**Other Authorities**

Fed. R. Civ. P. 37(a)(5)(A) ....................................................................................... 5

## I. INTRODUCTION

As part of Phase 1 ("Subpoena Discovery") of the Court's August 21, 2023 Order (Dkt. 132), Defendants Katherine McNamara and Jeremy Whiteley ("Defendants") request $26,265.00 in attorneys' fees and $3,988.00 in costs ($30,253.00 in total) for issuing nine substantively identical subpoenas. These attorneys' fees and costs are unreasonable and should be reduced to **$9,290.15** or substantially less as set forth herein.

The Court's August 21, 2023 Order limits Defendants' claim to attorneys' fees and costs for Subpoena Discovery to those "incurred by Defendants *in any subpoena and related motion practice*." As is clear from the text of the Order and the spirit of the two-phase subpoena framework discussed at the August 9, 2023 IDC, the Court and parties intended that Defendants may attempt to recover only fees and costs incurred in issuing and enforcing the subpoenas themselves.

Defendants issued substantively identical subpoenas to nine custodians. This is a rote task requiring minimal legal work. Nonetheless, Defendants have improperly sought to capitalize on the Order by requesting exorbitant attorneys' fees and costs at BCS' expense. Even a cursory review of Defendants' counsel's time entries reveals that a significant number appear facially unreasonable or go well beyond what is permitted by the Order. These transparent tactics should be rejected.

Specifically, Defendants' requested attorneys' fees and costs are unreasonable or impermissible for the following reasons. First, Defendants request attorneys' fees incurred by *four* attorneys traveling to and from, and attending, the same August 9, 2023 IDC (as well as Mr. Tate attending the October 5, 2023 IDC). Indeed, of Defendants' 76.8 claimed hours, 30.2 of them—or *39%*—relate to the August 9, 2023 IDC. And of Defendants' $26,265.00 claimed attorneys' fees, $10,800.00 of them—or *41%*— relate to the August 9, 2023 IDC. Attorneys' fees incurred in attending IDCs—let alone one that occurred *before* the Order was issued—do not constitute fees "incurred in any subpoena and related motion practice."

1

Second, Defendants request attorneys' fees from block billed time entries that sweep in multiple tasks unrelated to Subpoena Discovery, as well as duplicative tasks among Defendants' counsel. For instance, on June 22, 2023, both Ms. Close and Ms. Saller separately block billed, and expect BCS to pay twice, for communicating with (i) the process server, (ii) each other, and (iii) their clients. And on August 18, 2023, Mr. Tate block billed an even 4.0 hours—constituting $1,800.00—for four grouped tasks, only one of which related to Subpoena Discovery, and even then on a de minimis basis. The practice of block billing is highly disfavored because it leads to inflated fees and makes it impossible for a court to determine whether time spent on any individual task is reasonable.

Third, Defendants requests costs incurred in issuing unnecessary subpoenas to non-material witnesses. While Defendants issued nine subpoenas, *six* of them were issued to witnesses who Defendants knew were *highly* unlikely to possess responsive documents. It is apparent that Defendants issued these subpoenas not to obtain probative information, but to incur additional subpoena-related costs that could be charged to BCS in connection with Phase 1.

As a result, in Exhibit B to the Declaration of Jason Lueddeke filed herewith, BCS has indicated which time entries should be stricken and which should be reduced. The result is that Defendants' requested attorneys' fees and costs should be reduced from $30,253.00 to **$9,290.15** or substantially less.

In connection with its recently filed Request for Voluntary Dismissal with Prejudice (Dkt. 198), BCS submitted a declaration stating that it has a bank balance of only $2,308.68 (Dkt. 201). While *any* non-de minimis award of attorneys' fees and costs will likely force BCS into bankruptcy or other financial predicament, Defendants' request is facially unreasonable and should be substantially reduced.

## II. RELEVANT BACKGROUND

### A. The Court's Orders Regarding Subpoena Discovery.

On August 9, 2023, the parties attended an in-person IDC before the Court regarding Defendants' Motion for Evidentiary and Monetary Sanctions Under FRCP 37. In an attempt to resolve Defendants' Motion, the parties agreed on a two-phase procedure. Dkt. 120.

On August 21, 2023, the Court issued an Order detailing the two-phase procedure. Dkt. 132. As part of Phase 1, Defendants were permitted to issue subpoenas to any Custodian who (i) produced documents as part of the agreed-upon framework and who Defendants have a reasonable basis to believe may have additional responsive documents that were not produced or identified as withheld; or (ii) did not produce documents as part of the agreed-upon framework. *Id.* ¶¶ 4-5. "The reasonable attorneys' fees and costs incurred by Defendants in any subpoena and related motion practice necessary to obtain or compel the production of the discovery at issue in the Motion from the officers and directors of BCS—whether incurred as part of Phase 1 or heretofore—shall be borne by Plaintiff, upon order of this Court on a motion by Defendants at the conclusion of Phase 1." *Id.* ¶ 7. The Court and parties refer to Phase 1 as "Subpoena Discovery."

Defendants issued subpoenas to the following custodians: Dorit Saberi, Lenore Silverman, Apryl Alexander, Jesse Jensen, Eugene Furnace, Vanessa Hughes, Jennifer Magill, Megan Hurwitt, and Shelby Kirchoff. Lueddeke Decl. Ex. A (Tate Decl. at 18-20). Not all these custodians were served. *Id.*

On April 10, 2024, the Court issued an order stating that by April 17, 2024, "Defendants shall submit to Plaintiff an accounting of the attorneys' fees and costs they incurred for the Subpoena Discovery, including supporting documentation." Dkt. 200 at 4. The Court also stated that if BCS "contests the reasonableness of Defendants' claimed attorneys' fees and costs for the Subpoena Discovery," BCS may file the instant Motion to do so. *Id.* at 5.

**B.  Defendants' Requested Attorneys' Fees and Costs Related to Subpoena Discovery.**

On April 17, 2024, Defendants' counsel sent BCS' counsel Mr. Tate's declaration claiming that Defendants incurred $26,265.00 in attorneys' fees and $3,988.00 in costs ($30,253.00 in total) related to Subpoena Discovery. Lueddeke Decl. Ex. A.

Specifically, Mr. Tate's declaration states that Defendants incurred the following attorney's fees in connection with Subpoena Discovery:

| Attorney | Hours | Fees |
|---|---|---|
| Ms. Close | 22.8 | $10,270.00 |
| Mr. Tate | 18.8 | $8,836.00 |
| Ms. Saller (paralegal) | 22.5 | $4,504.00 |
| Mr. Schwartz | 5.0 | $1,500.00 |
| Ms. Chamberlin | 7.7 | $1,155.00 |
|  | **76.8** | **$26,265.00** |

Specifically, Mr. Tate's declaration states that Defendants incurred the following costs in connection with issuing subpoenas to these custodians as part of Subpoena Discovery:

| Custodian | Costs |
|---|---|
| Lenore Silverman | $701.50 |
| Jesse Jensen | $640.00 |
| Jennifer Magill | $590.00 |
| Vanessa Hughes | $440.00 |
| Eugene Furnace | $400.00 |
| Dorit Saberi | $390.00 |
| Shelby Kirchoff | $345.00 |

| Megan Hurwitt | $251.50 |
|---|---|
| Apryl Alexander | $230.00 |
| | **$3,988.00** |

### III. ARGUMENT

A party may only recover attorneys' fees and costs that are reasonable. To determine the reasonableness of attorney's fees requested, courts apply a "lodestar" analysis: "the number of hours reasonably expended multiplied by the reasonable hourly rate." *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000).

In connection with Subpoena Discovery, BCS challenges only the reasonableness of the attorneys' fees and costs requested by Defendants. Defendants' claimed attorneys' fees and costs are unreasonable because Defendants seek to recover (a) attorneys' fees incurred by multiple attorneys attending the same August 9, 2023 IDC (as well as Mr. Tate attending the October 5, 2023 IDC); (b) attorneys' fees from block billed time entries that sweep in multiple tasks unrelated to Subpoena Discovery, as well as duplicative tasks; and (c) costs incurred in issuing unnecessary subpoenas to non-material witnesses. Accordingly, the requested attorneys' fees and costs should be reduced as set forth herein.[1]

### A. Defendants Cannot Recover Attorneys' Fees for IDC Travel and Attendance.

A substantial portion of the attorneys' fees Defendants claim relate to *four* of their attorneys' travel to and from, and attendance at, the August 9, 2023 IDC. Specifically, 30.2 of 76.8 claimed hours (*39%*) and $10,800 of $26,265 (*41%*) claimed attorneys' fees relate to the August 9, 2023 IDC:

---

[1] Separately, under Fed. R. Civ. P. 37(a)(5)(A), "the court must not order this payment if…(ii) the opposing party's non-disclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." BCS acted with substantial justification because it diligently sought to obtain and facilitate the discovery disclosures at issue. BCS is financially unable to pay any non-de minimis expenses. *See* Dkt. 201.

| Date | Attorney | Description | Hours | Fees |
|---|---|---|---|---|
| 8/9/2023 | Mr. Tate | Prepare for and **attend** in person hearing in Los Angeles regarding custodian motion. | 10.5 | $4,935.00 |
| 8/9/2023 | Ms. Close | **Travel and attend** IDC regarding custodian motion for sanctions. Telephone conference with clients regarding outcome of same. | 7.2 | $3,240.00 |
| 8/9/2023 | Mr. Schwartz | **Attend** in-person informal discovery conference regarding 37(b) motion re: custodian collection. **Travel to and from** Roybal Federal Building for in-person informal discovery conference on 37(b) motion re: custodian collection. | 5.0 | $1,500.00 |
| 8/9/2023 | Ms. Chamberlin | **Travel and attendance** at in-person IDC on custodian motion. | 7.5 | $1,125.00 |
| | | | **30.2** | **$10,800** |

The Court's August 21, 2023 Order permits Defendants to claim attorneys' fees and costs "incurred by Defendants ***in any subpoena and related motion practice***." Dkt. 132 ¶ 7 (emphasis added). The Order does *not* permit Defendants to claim any such fees or costs in relation to any other activity, such as attending the August 9, 2023 IDC *before* the Order was even issued. As is clear from the text of the Order as well as the spirit of the two-phase framework discussed at the August 9, 2023 IDC, the Court and the parties intended that Defendants may attempt to recover only those attorneys' fees and costs incurred in issuing and enforcing the subpoenas themselves.

Moreover, not only are Defendants trying to recover attorneys' fees related to the August 9, 2023 IDC, but they are trying to recover those fees *fourfold*—once for each of the four attorneys that attended the IDC. Duplicative work is not recoverable. *See, e.g.*, *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) ("[T]rial courts must carefully review attorney documentation of hours expended; 'padding'

in the form of inefficient or duplicative efforts is not subject to compensation."); *Dahn World Co. v. Chung*, 2006 WL 3313951, at *6 (D. Ariz. Nov. 13, 2006) (reducing attorneys' fees award to "account for…the duplicative effort").[2]

Separately, Mr. Tate also billed **2.1 hours** constituting **$987.00** for attending another IDC on October 5, 2023. Defendants likewise cannot recover these attorneys' fees for the same reason.

As a result, the Court should **strike no less than $11,787.00** from Defendants' requested attorneys' fees. The time entries to be stricken are highlighted in red in Exhibit B to the Lueddeke Declaration.

## B. Defendants Improperly Seek to Recover Attorneys' Fees for Block Billed Entries and Tasks Unrelated to Subpoena Discovery.

The majority of time entries for which Defendants seek to recover attorneys' fees are block billed, and many include tasks unrelated to Subpoena Discovery. Despite knowing that Defendants would be claiming attorneys' fees as part of the two-phase framework, Defendants' counsel made no effort to specifically delineate tasks related to Subpoena Discovery, instead grouping large swaths of unrelated tasks together and seeking attorneys' fees for all of them.

Block billing "is fundamentally inconsistent with the lodestar method because it 'render[s] it virtually impossible to break down hours,' leaving the court without the ability to accurately determine whether a reasonable amount of time was spent by counsel on a discrete task." *Yeager v. Bowlin*, 2010 WL 1689225, at *1 (E.D. Cal. Apr. 26, 2010) (quoting *Bell v. Vista Unified Sch. Dist.*, 82 Cal. App. 4th 672, 689 (2000); *Welch v. Metro. Life. Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (according to the California State Bar, block billing "may increase time by 10% to 30%") (citation omitted).

---

[2] If the Court determines that attorney time traveling to and from, and attending, the August 9, 2023 IDC is recoverable (which BCS submits it is not), the Court should award attorney's fees for only one attorney, not four.

7
PLAINTIFF'S MOTION TO REDUCE DEFENDANTS' REQUESTED ATTORNEYS' FEES AND COSTS RELATED TO SUBPOENA DISCOVERY
CASE NO. 2:22-CV-002052-SB-MAA

Thus, with respect to blocked billed time entries, the Court should "exercise its discretion in *assigning a reasonable percentage to the [block billed] entries, or simply cast them aside*." *Yeager*, 2010 WL 1689225, at *2 (refusing to award fees for any block billed entries) (emphasis added).

<u>Block billed entry that should be stricken in its entirety</u>.  The Court should strike one block billed entry in its entirety because it has only a de minimis relationship to Subpoena Discovery.  On August 18, 2023, Mr. Tate block billed **4.0 hours** constituting **$1,880.00** for:

> Draft supplemental declaration regarding attorneys' fees.  Emails regarding the same.  Emails regarding postponement of in-person hearing.  Attention to memorandum regarding status of service of subpoenas and responses.  Lueddeke Ex. B at 8/18/23 Tate entry.

Due to block billing, it is not possible to tell how much time each of these tasks took to effectively assess their reasonableness.  What's worse, only one of these four tasks arguably relates to the Subpoena Discovery ("Attention to memorandum regarding status of service of subpoenas and responses.").  "Attention to memorandum" is so vague as to render the task meaningless for purposes of assessing its reasonableness.  Nonetheless, even reviewing or updating a memorandum related to the service status of a handful of subpoenas should have only taken several minutes at most, not four hours.

This time entry to be stricken is highlighted in red in Exhibit B to the Lueddeke Declaration.

<u>Block billed entries that should be reduced</u>.  A significant number of time entries are block billed to include various tasks, including tasks that do not bear on Subpoena Discovery.  For instance, on September 20, 2023, Ms. Close billed **2.7 hours** constituting **$1,215.00** for:

> Email correspondence with Jeremy Whiteley (several) regarding custodian declarations and subpoenas to custodians. Telephone conferences with A. Tate and A. Schwartz regarding same. Preparation of subpoena, notice of subpoena, and attachment A for Eugene Furnace and Lenore Silverman. Review Court's order regarding issuance of

8
PLAINTIFF'S MOTION TO REDUCE DEFENDANTS' REQUESTED ATTORNEYS' FEES AND COSTS RELATED TO SUBPOENA DISCOVERY
CASE NO. 2:22-CV-002052-SB-MAA

subpoenas and assemble service package of all required documents for each subpoena.  Lueddeke Decl. Ex. B at 9/20/23 Close entry.

Due to block billing, it is not possible to tell how much time each of these tasks took in order to assess their reasonableness.  Further, the vast majority of Ms. Close's time entries for which Defendants seek recompense (like the example above) include time for corresponding with clients and/or colleagues.  However, corresponding with clients and/or colleagues is not a cost "incurred by Defendants in any subpoena and related motion practice" for which BCS should be required to compensate Defendants.  Dkt. 132 ¶ 7.  And, preparing a subpoena for Mr. Furnace should be a quick task since all the custodian subpoenas are substantially similar and are largely lifted from one another.

As another example, on June 22, 2023, Ms. Close billed an even **1.0 hour** constituting **$450.00** for:

> Email correspondence with H. Saller and Array regarding status of service of subpoenas on custodians. Email correspondence (numerous) with clients regarding same. Legal research regarding manner of service of third-party subpoenas. Email correspondence with clients regarding same and requesting that the custodians accept service. Draft proposed email to custodians regarding accepting service. Email correspondence with clients regarding revisions to same. Lueddeke Decl. Ex. B at 6/22/2023 Close entry.

On that same day, Ms. Saller also billed an even **1.0 hour** constituting **$200.00** for substantially similar work:

> Review status reports re: attempts on service of federal subpoenas. Email to clients with status updates. Email to Array regarding same. Emails (multiple) regarding service of subpoenas. Lueddeke Decl. Ex. B at 6/22/2023 Close entry.

These block billed entries by Ms. Close and Ms. Saller are representative of an issue that pervades their entries.  Namely, there is significant overlap and duplication of tasks between Ms. Close and Ms. Saller.  For instance, in the above entries alone, both Ms. Close and Ms. Saller billed, and expect BCS to pay twice, for (i) communicating with the process server (Array), (ii) communicating with each

other, and (iii) communicating with their clients.

Further, Ms. Close billed repeatedly for administrative tasks that should have been performed by Ms. Saller at a significantly lower rate. Those tasks include communicating with the process server regarding subpoena service status (such as in the example above) and "assembl[ing] service package of all required documents for each subpoena." *See* Lueddeke Decl. Ex. B at 9/20/23 Close time entry.

To account for Defendants' counsel's extensive block billing and duplicative work—two issues which affect the vast majority of entries—BCS submits that all block billed entries <u>be reduced by two-thirds, or 67%, at the least</u>.[3] For the benefit of the Court, BCS' counsel has highlighted in yellow all block billed entries in Exhibit B to the Lueddeke Declaration. The yellow block billed entries total $7,805.00. When reduced by two-thirds, the resulting total is $2,575.65.

Thus, with respect to block billed entries, the Court should strike $1,880 (Mr. Tate's 8/18/2023 entry is highlighted in red in Exhibit B to the Lueddeke Declaration) and reduce the remainder by $5,229.35 (highlighted in yellow in Exhibit B to the Lueddeke Declaration). The total reduction for block billed entries should therefore be no less than **$7,109.35**.

C. **Defendants Cannot Recover Costs Incurred in Issuing Unnecessary Subpoenas to Non-Material Witnesses.**

Defendants claim to have incurred $3,998.00 in issuing subpoenas to nine custodians. However, Defendants issued subpoenas to Saberi, Silverman, Alexander, Furnace, and Kirchoff knowing that they are not material witnesses and that each of them was *highly* unlikely to possess responsive documents. It is

---

[3] As set forth in Section III.C, *infra*, six of the nine subpoenas Defendants issued were unnecessary and to non-material witnesses. Nonetheless, Defendants' counsel requests attorneys' fees incurred in connection with the six unnecessary subpoenas. *See, e.g.*, Lueddeke Decl. Ex. B at 6/23/2023 Close entry (Furnace and Hassanpour); *id.* at 9/20/2023 Close entry (Furnace and Silverman). Because the majority of the time entries containing those attorneys' fees are part of block billed entries, it is not possible to excise them. BCS submits that the 67% reduction accounts for these unnecessary attorneys' fees.

apparent that Defendants issued these subpoenas not to obtain probative information, but to incur additional subpoena-related costs that could be charged to BCS in connection with Phase 1.

Thus, Defendants should not be able to recover the following claimed costs:

**Saberi.** Defendants claim to have incurred **$390.00** in connection with issuing a subpoena to Saberi. Saberi was never an officer or director of BCS, and is therefore not a "Custodian" under the EDO or for purposes of Phase 1.

**Silverman.** Defendants claim to have incurred **$701.50** in connection with issuing a subpoena to Silverman. Silverman is a former BCS Board member who was not involved in the March 2022 events giving rise to this lawsuit.

**Alexander.** Defendants claim to have incurred **$230.00** in connection with issuing a subpoena to Alexander. Alexander was not an officer or director of BCS at the time of the March 2022 events giving rise to this lawsuit, and is therefore not a "Custodian" under the EDO or for purposes of Phase 1.

**Furnace.** Defendants claim to have incurred **$400.00** in connection with issuing a subpoena to Furnace. Defendants have made no attempt to explain how Furnace is a material witness or how subpoenaing him is proportional to the needs of the case. Indeed, Furnace was only a BCS member for a few months.

**Kirchoff.** Defendants claim to have incurred **$345.00** in connection with issuing a subpoena to Kirchoff. Defendants have made no attempt to explain how Kirchoff is a material witness or how subpoenaing her is proportional to the needs of the case.

As a result, the Court should **strike no less than $2,066.50** from Defendants' requested costs.

**D.    Defendants' Requested Attorneys' Fees and Costs Should be Reduced.**

The Court should therefore reduce Defendants' claimed attorneys' fees and costs from the requested $30,253.00 to $9,290.15 or substantially less. As explained

above and summarized here, BCS' requested reductions are as follows:

<u>Attorneys' fees related to IDC attendance</u> should be reduced by no less than $11,787.00.

<u>Attorneys' fees for block billed and unrelated tasks</u> should be reduced by no less than $7,109.35.

<u>Costs for unnecessary subpoenas to non-material witnesses</u> should be reduced by no less than $2,066.50.

## IV.   CONCLUSION

For the foregoing reasons, BCS requests that Defendants' requested attorney's fees and costs be reduced from $30,253.00 to **$9,290.15** or substantially less.

Dated: April 24, 2024                Respectfully submitted,

**DLA PIPER LLP (US)**

By: */s/ Jason Taylor Lueddeke*
    John Samuel Gibson
    Jason Taylor Lueddeke

Attorneys for Plaintiff
BREAKING CODE SILIENCE

## L.R. 11-6.2 CERTIFICATION

The undersigned, counsel of record for Defendants certifies that this brief contains 3,349 words, which complies with the word limit of L.R. 11-6.1.

Date: April 24, 2024                    /s/ *Jason Taylor Lueddeke*
                                        JASON TAYLOR LUEDDEKE