Dirk O. Julander, Bar No. 132313
  doj@jbblaw.com
Catherine A. Close, Bar No. 198549
  cac@jbblaw.com
M. Adam Tate, Bar No. 280017
  adam@jbblaw.com
JULANDER, BROWN & BOLLARD
9110 Irvine Center Drive
Irvine, California 92618
Telephone: (949) 477-2100
Facsimile: (949) 477-6355

Attorneys for Defendants
KATHERINE MCNAMARA and
JEREMY WHITELEY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREAKING CODE SILENCE, a California 501(c)(3) nonprofit,<br><br>Plaintiff,<br><br>vs.<br><br>KATHERINE MCNAMARA, an Individual; JEREMY WHITELEY, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:22-cv-002052-SB-MAA<br><br>**DECLARATION OF M. ADAM TATE IN SUPPORT SUPPLEMENTAL JOINT STIPULATION RE: ATTORNEY'S FEES ON DEFENDANTS KATHERINE MCNAMARA AND JEREMY WHITELEY'S MOTION TO COMPEL SLACK COMMUNICATIONS AND FOR SANCTIONS**<br><br>[*Assigned to the Hon. Maria A. Audero*] |

# DECLARATION OF M. ADAM TATE

I, M. ADAM TATE, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner with Julander, Brown & Bollard, attorneys of record for Defendants KATHERINE MCNAMARA ("McNamara") and JEREMY WHITELEY ("Whiteley" collectively "Defendants") in the above-captioned action. I have personal knowledge of the following facts, and if called upon to testify, I could and would competently testify thereto.

## Defendants' Statement of Procedural History
## Since the Original Joint Statement was Filed

2. The history of the parties' "meet and confer" efforts, what occurred at the IDCs which predated the previously filed Motion to Compel Slack Communications and for Sanctions (the "Original Slack Motion"), are set forth in the Original Slack Motion. (See Dkt. 94.) In the interest of brevity, I will focus my restatement of the procedural history in this declaration to the events which occurred after the Original Slack Motion was filed on July 12, 2023.

3. On July 14, 2023 and July 18, 2023, BCS produced additional Slack documents.

4. On July 25, 2023, the Court held a further Status Conference in which Dennis Kiker represented to the Court that Slack documents had been produced. At the time, I did not believe that the production was complete but I was not in a position to articulate why. The Court set a further telephonic Status Conference for July 27, 2023, to allow me an opportunity to review the newly-produced documents and to address whether the Original Slack Motion was rendered moot.

5. On July 27, 2023, the Court held the Further Status Conference. During the conference, I explained to the Court several reasons why I knew that BCS's production of the Slack documents still was not complete. The Court ordered the parties to "meet and confer" and to reconvene again on August 8, 2023.

6. On August 1, 2023, BCS's counsel sent me an email attaching a "BCS Slack Collection Summary" Excel spreadsheet which showed which Slack channels BCS had reviewed and collected from. According to BCS's own chart, BCS failed to review the vast majority of its private Slack channels for responsive documents.

7. Following August 1, 2023, I continued to meet and confer with counsel. On August 7, 2023, BCS agreed to review the private channels that it had not yet searched for documents. A true and correct copy of my email with Dennis Kiker in which he agrees to review the private channels is attached hereto as **Exhibit 1.**

8. On August 8, 2023, the parties reconvened for another status conference. During the conference, I informed the Court that BCS had not yet produced all of the Slack documents but was apparently willing to do so. The Court ordered BCS to complete its production of the Slack documents by no later than August 18, 2023. To determine whether the Original Slack Motion would be rendered moot (as to the question of BCS's compliance with its discovery obligations, not the question of fees and costs), the Court set a further status conference for Tuesday, August 29, 2023.

9. On August 29, 2023, the Court held a further status conference. During the conference, I informed the Court that I had a good faith reason to believe that BCS still had not finished its production of the Slack documents despite the Court order to do so, but that the parties were in the process of "meet and conferring" and that I was optimistic the issue could be resolved. The Court set another further status conference for September 12, 2023.

10. On September 8, 2023, BCS finally completed its Slack production. A true and correct copy of the email I received from Dennis Kiker informing me that Slack documents were produced on that day is attached hereto as **Exhibit 2.**

11. On September 12, 2023, the Court held another status conference regarding the Slack documents. During the conference I informed the Court that the

production of the Slack documents was complete. The Court then took the attorneys' fees portion of the Original Slack Motion under submission and rendered the remainder of the motion moot.

### The Court Should Issue Monetary Sanctions

12. The following costs have been incurred in connection with this issue:

    a. **M. Adam Tate**

        i. I started as an associate for JBB in September 2016 and am now a partner. I received my J.D., with honors, from the J. Rueben Clark Law School (BYU) in 2011. I have practiced commercial litigation in Orange County since passing the bar in 2011. I am an experienced trial and appellate attorney.

        ii. In my declaration submitted in connection with the Original Slack Motion (Dkt 94-1), I informed the Court that I had spent *over* 14.0 hours "meeting and conferring with opposing counsel, appearing at the many IDCs, and drafting this Motion and supporting declarations" and that I anticipated that I would spend an additional 5.0 hours reviewing Plaintiff's Opposition to this Motion, drafting the Reply to Opposition, and appearing at the hearing on the Motion.

        iii. Per the Court's direction, I have gone back through my billing records in an attempt to ascertain how much time was spent on any given task. My previous declaration understated the amount of time actually spent. I actually spent 21.6 hours on the following tasks:

| Task | Time | Value |
|---|---|---|
| Time spent drafting the Original Slack Motion and the supporting documents including the motion to seal. | 13.5 | $6,345 |
| Time spent preparing for and attending informal discovery conferences prior to the Original Slack Motion being filed. | 4.6 | $2,162 |
| Time spent reviewing the Slack documents to ensure that the production was complete. | .5 | $235 |

| | | |
|---|---|---|
| Time spent meeting and conferring with opposing counsel. | 1.0 | $470 |
| Time spent communicating with the clients and Defendants' other attorneys about the resolution of the Slack issue. | 2.0 | $940 |
| **Total** | **21.6** | **$10,152** |

  **iv.** Following the filing of the Original Slack Motion, I attended several additional Status Conferences and I continued to "meet and confer" with BCS's counsel. Per the Court's April 10th order, I have not included any time after the Slack Motion was filed on July 12, 2023. I do believe that such time should be recoverable.

  **v.** My billing rate for this matter during the applicable time period was $470.00. Hourly rates for partners in commercial litigation firms such as JBB with my experience in Los Angeles and Orange County typically meet or exceed this hourly rate.

  **vi.** In total, Defendants have incurred much more than the $8,930.00 originally requested for my time in connection with this Motion.

 **b.** <u>**Catherine A. Close**</u>

  **i.** Ms. Close has been an associate with JBB since May 2002. She received her J.D., with honors, from the Whittier College School of Law in 1998. She has practiced commercial litigation in Orange County since passing the bar in 1998. She is an experienced trial lawyer, participating in numerous trials of complex business matters in both state and federal courts. She has also drafted many appellate briefs.

  **ii.** In my declaration submitted in connection with the Original Slack Motion (Dkt 94-1), I informed the Court that Ms. Close spent 5.2 hours appearing at IDC on May 1, 2023, reviewing and revising the moving papers, and preparing the accompanying Application to Seal and

supporting declaration and order and that I anticipated that she would spend an additional 2.0 hours reviewing Plaintiff's Opposition to the Motion and drafting the Reply.

      **iii.**    I asked Ms. Close to go through her time entries and calculate how much time was spent on any given task. Ms. Close's calculations are as follows:

| Task | Time | Value |
| --- | --- | --- |
| Time spent drafting the Slack Motion and the supporting documents including the motion to seal. | 4.7 | $2,115 |
| Time spent preparing for and attending informal discovery conferences prior to the Original Slack Motion being filed. | 2.1 | $945 |
| Time spent communicating with the clients and Defendants' other attorneys about the Slack issue. | .4 | $180 |
| Total | 7.2 | $3,240.00 |

      **iv.**    Following the filing of the Original Slack Motion, I worked with Catherine Close to prepare for several additional status conferences, to analyze BCS's subsequent production of Slack Documents, and to generally resolve this dispute. Per the Court's April 10th order, I have not included any time after the Slack Motion was filed on July 12, 2023. I do believe that such time should be recoverable.

      **v.**    Ms. Close is the senior associate on this matter. Her billing rate during the applicable time period was $450.00 per hour. Based on her experience, hourly rates for senior litigation associates with her experience in business litigation firms in Los Angeles and Orange County typically meet or exceed her hourly rate.

      **vi.**    In total, Defendants have, and will, reasonably incur more than $3,240.00 for Ms. Close's connection with this Motion.

c. **Adam J. Schwartz**

i. Adam J Schwartz has been a solo practitioner since 2012. Prior to that time, he was a litigation associate at Paul Hastings for nearly five years. Mr. Schwartz received his J.D., with honors, from The George Washington University Law School in Washington, D.C. in 2007, where he was a member of International Law Review Mr. Schwartz has practiced white collar criminal and commercial litigation in Washington, D.C. and Los Angeles County since passing the bar in 2007. He is admitted to practice law in both California and the District of Columbia. He is experienced litigating, business disputes, as well as white collar criminal, employment, defamation, copyright, and trademark matters. Mr. Schwartz has worked as an independent contractor assisting JBB in this action since July 2022 and became co-counsel for Defendants in this action in August 2022.

ii. In my declaration submitted in connection with the Original Slack Motion (Dkt 94-1), I informed the Court that Mr. Schwartz spent 7.0 hours meeting and conferring with opposing counsel, appearing at IDCs, and assisting in preparing this Motion and that it was anticipated that he would spend an additional 1.0 hour reviewing Plaintiff's Opposition, drafting a reply, and appearing at future hearings.

iii. I asked Mr. Schwartz to go through his time entries and calculate how much time was spent on any given task. Mr. Schwartz's calculations are as follows:

| Task | Time | Value |
|---|---|---|
| Time spent drafting the Slack Motion and the supporting documents. Primarily legal research and conferences discussing the Motion with Defendants' other counsel. | 4.5 | $1,350 |
| Draft IDC request. | 2.5 | $750 |
| **Total** | **8.0** | **$2,100** |

  **iv.** Following the filing of the Original Slack Motion, I worked with Mr. Schwartz to prepare for several additional status conferences, to analyze BCS's subsequent production of Slack Documents, and to generally resolve this dispute. Per the Court's April 10th order, I have not included any time after the Slack Motion was filed on July 12, 2023. I do believe that such time should be recoverable.

  **v.** Adam Schwartz has over 16 years of civil and criminal litigation experience. His billing rate for this matter has always been $300 per hour. Based on his experience, hourly rates for attorneys with his experience in business litigation firms in Los Angeles and Orange County typically meet or exceed his hourly rate.

  **vi.** In total, Defendants have, and will, reasonably incur more than $2,100 for Mr. Schwartz's time connection with this Motion.

 **d.** **Rebekah Chamberlin**

  **i.** Rebekah Chamberlin worked for JBB as a law clerk beginning in August 2021. She then passed the California Bar in May 2023 and was promoted to an associate attorney. Ms. Chamberlin received her J.D. from the J. Rueben Clark Law School (BYU) in 2021.

  **ii.** In my declaration submitted in connection with the Original Slack Motion (Dkt 94-1), I informed the Court that Ms. Chamberlin spent 19.6 preparing this Motion and the analysis of the deficiencies in Plaintiff's document productions.

  **iii.** I asked Ms. Chamberlin to go through her time entries and calculate how much time was spent on any given task. Ms. Chamberlin's calculations are as follows:

| Task | Time | Value |
|---|---|---|
| Time spent drafting the Slack Motion and the supporting documents including the motion to seal. | 19.2 | $2,880.00 |
| Time spent reviewing the Slack documents to ensure that the production was complete | .4 | $60.00 |
| **Total** | **19.6** | **$2,940.0** |

      **iv.**    Following the filing of the Original Slack Motion, I worked with Ms. Chamberlin primarily to help me understand if the document productions were complete, but also to help me prepare for several additional status conferences. Per the Court's April 10th order, I have not included any time after the Slack Motion was filed on July 12, 2023. I do believe that such time should be recoverable.

      **v.**    Ms. Chamberlin's billing rate for this matter at the applicable time was $150.00 per hour. Based on my experience, hourly rates for law clerks with Ms. Chamberlin's experience in business litigation firms in Los Angeles and Orange County typically meet or exceed this hourly rate.

      **vi.**    In total, Defendants have, and will, reasonably incur $2,940 for Ms. Chamberlin's time connection with this Motion.

    **e.**    **Helene Saller**

      **i.**    Helene Saller has worked for JBB as a litigation paralegal since 2019, specializing in legal research and filings, trial preparation, discovery and document control. She studied political science at Arizona State University and received her paralegal certificate from Pasadena City College in 1992. She has worked in the legal industry since 1992 for both large and small firms, with extensive experience in the areas of civil practice, employment law, medical malpractice, and complex litigation.

      **ii.**    In my declaration submitted in connection with the Original Slack Motion (Dkt 94-1), I informed the Court that Ms. Saller spent

4.5 hours helping to prepare this instant motion and that it was anticipated that she would spend an additional 1.5 hours processing the Opposition and finalizing the Reply.

      **iii.** I asked Ms. Saller to go through her time entries and calculate how much time was spent on any given task. Despite our best efforts, we were unable to determine why the Original Joint Motion only requested 6.0 hours of Ms. Saller's time as she spent considerably more time than that in connection with the motion. Ms. Saller's calculations are as follows:

| Task | Time | Value |
| --- | --- | --- |
| Time spent drafting templates for the motion and supporting documents. | 1.2 | $240.00 |
| Time spent revising the motion and supporting documents. | 13.7 | $2,740.00 |
| **Total** | | **$2,980.00** |

      **iv.** Ms. Saller has been the lead paralegal in this matter since this action was filed. Ms. Saller's billing rate for this matter during the applicable time period was $200.00 per hour. Based on my experience, hourly rates for senior litigation paralegals with Ms. Saller's experience in business litigation firms in Los Angeles and Orange County typically meet or exceed this hourly rate.

      **v.** In total, Defendants have, and will, reasonably incur $1,200 for Ms. Saller's time connection with this Motion.

      **f.** In total, Defendants have, and will, reasonably incur more than the $18,710 in attorneys' fees and costs requested in the Original Slack Motion.

DECLARATION OF M. ADAM TATE

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed April 17, 2024, at Irvine, California.

                                                                       */s/ M. Adam Tate*  
                                                                       M. ADAM TATE

# CERTIFICATE OF SERVICE

I hereby certify that on this 25 day of April, 2024, I electronically filed the foregoing paper(s) with the Clerk of the Court using the ECF system which will send notification to all parties of record or persons requiring notice.

*/s/ Helene Saller*
Helene Saller

CERTIFICATE OF SERVICE