JOHN S. GIBSON (SBN 140647)
john.gibson@us.dlapiper.com
JASON T. LUEDDEKE (SBN 279242)
jason.lueddeke@us.dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4735
Tel:  310.595.3000
Fax:  310.595.3300

Attorneys for Plaintiff
BREAKING CODE SILENCE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREAKING CODE SILENCE, a California 501(c)(3) non-profit,<br><br>Plaintiff,<br><br>v.<br><br>KATHERINE MCNAMARA, an individual, JEREMY WHITELEY, an individual, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 2:22-CV-002052-SB-MAA<br><br>Hon. Maria A. Audero<br><br>**DECLARATION OF DENNIS KIKER IN SUPPORT OF JOINT STATEMENT REGARDING SLACK COMMUNICATIONS** |

**DECLARATION OF DENNIS KIKER**

I, Dennis Kiker, declare as follows:

1. I am an attorney duly licensed to practice law in the states of Arizona and Virginia. I am an attorney at the law firm of DLA Piper LLP, counsel of record for Plaintiff Breaking Code Silence ("BCS"). I submit this declaration in support of the Supplemental Joint Stipulation re: Attorney's Fees on Defendants Katherine McNamara and Jeremy Whiteley's Motion to Compel Slack Communications and for Sanctions. I have personal knowledge of the facts herein and, if called upon to testify, can and will truthfully testify thereto.

2. A prominent eDiscovery and forensics company offered to provide services to BCS on a pro bono basis for this matter, including the services of a forensic analyst to collect data for this litigation. On February 22, 2023, the forensic analyst collected what he advised at the time was all of the Slack data available for collection under BCS's Slack license, which had been provided to BCS at no cost as a charitable institution.

3. In compliance with the Court's May 1, 2023, order, BCS produced additional Slack documents on May 4, 2023. A copy of my email to Mr. Tate is attached as **Exhibit 1**.

4. Between mid- and late-June, BCS continued to confer with Defendants and with its forensic analyst about options for collecting Slack documents that were not previously collected due to BCS's license limitations. A copy of an extended email exchange between me and Mr. Tate regarding efforts to collect and produce additional Slack documents is attached as **Exhibit 2**.

5. On July 14, 2023, BCS produced additional Slack documents that its forensic analyst had collected starting in late June using methods not previously disclosed to BCS. A copy of my email to Mr. Tate is attached as **Exhibit 3**.

6. On July 25, 2023, the Court held a Further Status Conference, during which BCS advised the Court that it had reviewed and produced all of the Slack

documents that had hit on the parties' agreed-upon search terms. BCS had, in fact, produced 2,373 documents. A true and correct copy of my email with Adam Tate confirming the details of BCS's productions is attached hereto as **Exhibit 4**.

7. After the IDC, Defendants asked BCS to identify the search terms that BCS had used to identify Slack documents for review. A true and correct copy of Mr. Tate's email is attached hereto as **Exhibit 5**. BCS informed Mr. Tate that it has used the same agreed-upon terms that had been used since the inception of the case. A true and correct copy of my email to Mr. Tate's email is attached hereto as **Exhibit 6**.

8. In accordance with the parties' ongoing efforts to meet-and-confer, BCS also provided Defendants a complete list of the Slack channels that it had collected, identifying which had documents that hit on search terms and had been reviewed. A true and correct copy of my email to Mr. Tate's email disclosing all Slack channels that BCS had collected is attached hereto as **Exhibit 7**. BCS invited Defendants to identify any Slack channels that had not been reviewed (because no documents hit on search terms) and ultimately agreed to review all of the Slack documents that had not hit on search terms.

9. Between August 2 and September 5, 2023, BCS and Defendants continued to meet-and-confer regarding BCS's ongoing production of Slack documents. A true and correct copy of Mr. Tate's August 17, 2023, email outlining alleged issues with BCS's Slack productions is attached hereto as **Exhibit 8**. A true and correct copy of my August 31, 2023, email to Mr. Tate responding to Defendants' concerns is attached hereto as **Exhibit 9**. A true and correct copy of my September 5, 2023, email to Mr. Tate responding to Defendants' concerns is attached hereto as **Exhibit 10**.

10. On September 11, 2023, Defendants agreed that BCS had resolved all outstanding issues regarding Slack productions. A true and correct copy of my September 11, 2023, email to Mr. Tate responding to Defendants' concerns is

1 attached hereto as **Exhibit 11**.

2     I declare under penalty of perjury under the laws of the United States that the
3 foregoing is true and correct.

4     Executed this 24th day of May, 2024.

                                              Dennis Kiker