# Exhibit 8

**Kiker, Dennis**

| | |
|---|---|
| **From:** | Adam Tate <Adam@jbblaw.com> |
| **Sent:** | Thursday, August 17, 2023 2:34 PM |
| **To:** | Lueddeke, Jason; Kiker, Dennis |
| **Cc:** | Catherine Close; Adam J Schwartz; Bekah Chamberlin; Gibson, John |
| **Subject:** | 3MCW01-01:  Email 1 of 3 (Slack) |

⚠ EXTERNAL MESSAGE

Jason and Dennis,

I'm going to send you a few different emails in the next couple of minutes addressing different topics.  I figured that way we can keep the topics clean.

First issue, as promised, here is the basis of why we believed that BCS had not produced all of the Slack documents.  I expect that there are many more examples, but we stopped our analysis after we had a few examples:

- KM 003646 - KM 003649; KM 003526 - KM 003530;  KM 002643 - KM 002780 – Screenshots produced in the state action that should have been produced in Federal Action, but were not.
- A whole day was missing from the #team-information-security channel.
- The #bcs-board-of-directors channel was not produced.  We saw the missing channel during our expert inspection.
- The #cb-chat channel was not produced.  We saw the missing channel during our expert inspection.
- There are HUGE gaps in Magill and Hughes' direct messages between each other before they even started using Signal.
- The expert inspection showed that Magill placed the document Unsilenced Theft Overview & Damages document in the Slack on 1/10/22, but none of the messages surrounding that conversation were produced.
- At the expert inspection, the expert searched for "Cloudways" which revealed documents that should have been produced, but were not.
- Noelle testified that she informed Hughes and Magill about the potential de-indexing issues. However, there are no Slack chats alerting them of this issue.

-Adam



**M. Adam Tate**
Partner

📞 949-988-3633
✉ Adam@jbblaw.com
🌐 www.jbblaw.com

9110 Irvine Center Drive, Irvine, CA 92618

This electronic transmission, which is sent by a law firm, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC Secs. 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you

have received this electronic message in error, please notify the sender and delete the electronic message and any attachments. Any unauthorized disclosure, copying, distribution, review or use of the contents of the information received in error is strictly prohibited.