# Exhibit 10

**Kiker, Dennis**

| | |
|---|---|
| **From:** | Kiker, Dennis |
| **Sent:** | Tuesday, September 5, 2023 9:13 AM |
| **To:** | Adam Tate |
| **Cc:** | Catherine Close; Adam J Schwartz; Bekah Chamberlin; Gibson, John; Helene P. Saller; Lueddeke, Jason |
| **Subject:** | RE: 3MCW01-01:  Email 1 of 3 (Slack) |

Adam,

Following are our responses to the remaining items you raised:

- In addition, it appears that you did not produce any direct messages between Jensen and Magill even though they obviously had conversations on the day of the alleged investigation.  See 7:28:32 of the expert video.
    - There are very few messages between Ms. Magill and Mr. Jensen, and none are relevant to the lawsuit. Nevertheless, in the interest of transparency and without waiving objections, we will produce them.

- Please get us legible copies of the following: BCS_0781898 - BCS_0781903, BCS_0781915 - BCS_0781924, BCS_0781929 - BCS_0781943, BCS_0781950 - BCS_0781952, BCS_0782971, BCS_0782971
    - These documents should have been produced natively.  We will be reproducing natively any documents in production sets BCS_031, BCS_032 and BCS_033 that do not have redactions, including the documents referenced here).

Let us know if you have any questions.  We will get the productions referenced here and below out to you this week.

Regards,

## Dennis Russell Kiker
Senior Attorney

T  +1 480 606 5143
F  +1 703 773 5111
M  +1 804 350 8444
O  +1 703 773 4111
dennis.kiker@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Kiker, Dennis
**Sent:** Thursday, August 31, 2023 3:25 PM
**To:** Adam Tate <Adam@jbblaw.com>
**Cc:** Catherine Close <cac@jbblaw.com>; Adam J Schwartz <adam@ajschwartzlaw.com>; Bekah Chamberlin <Bekah@jbblaw.com>; Gibson, John <John.Gibson@us.dlapiper.com>; Helene P. Saller <helene@jbblaw.com>; Lueddeke, Jason <Jason.Lueddeke@us.dlapiper.com>
**Subject:** RE: 3MCW01-01: Email 1 of 3 (Slack)

Adam,

I am going to respond to each of your questions as I finish them, so you don't have to wait for them all at once.

- A whole day was missing from the #team-information-security channel.  We believe you are mistaken. BCS has produced the entirety of this channel. However, the data was processed in UTC. We suspect that you are focusing on the date/time information rather than the content. If you have identified content that is missing from the BCS production, please let us know, and we will look into it.  The missing date is on 3/15.  You can see that conversation continued on that day in the expert video at 6:00:00.
    - It appears that you are correct.  That message had been tagged for production but somehow didn't make it into the production set.  I cannot explain why, but we will get it produced as soon as possible.

- The #bcs-board-of-directors channel was not produced.  We saw the missing channel during our expert inspection. That is correct. This is one of the private channel messages we disclosed to you. We reviewed this channel, which consists of one short string of messages that are not relevant. It seems very unlikely that the board of directors didn't talk about anything related to this case. Instead of fighting over whether the documents are relevant, can you just send us the chat?  If not, please tell me the general topic of what was discussed.
    - We will produce a copy of this chat.

- The #cb-chat channel was not produced.  We saw the missing channel during our expert inspection. We believe you are mistaken. We do not see this channel either in our data or your expert's screen shots. We suspect you may be referring to #cb-team. We reviewed that channel and found no relevant information.  You are correct, that the chat is called cb-team.  BCS agreed to produce the chat in response to Whiteley RFP 159.  We know that there were discussions about Ms. McNamara in the #cb-chat from our review of documents produced in the state action.  I am attaching two examples.
    - We will produce this channel in its entirety.  There are 30 documents with 202 total attachments, and a number of personal information redactions that need to be made, so it will likely come to you later this week or early next.

- There are HUGE gaps in Magill and Hughes' direct messages between each other before they even started using Signal. You will have to be more specific. BCS has reviewed and produced relevant information from Ms. Magill's and Dr. Hughes' Slack messages. However, not every message between the two is relevant.  If you have reason to believe that relevant is missing from a specific date and time, please let us know and we can look into it.

    We only received 24 days of private DMs between Jenny and Vanessa. Some of these dates should have chats about my clients and this case given the temporal proximity to important events. However, no private chats between Hughes and Magill for the following date ranges:
    - 3/12/2021 - 7/11/2021
    - 7/13/2021 - 9/18/2021
    - 9/20/2021 - 10/16/2021
    - 10/18/2021 - 10/22/2021
    - 10/24/2021 - 11/03/2021
    - 11/05/2021 - 11/21/2021
    - 11/24/2021 - 11/31/2021
    - 12/02/2021 - 12/06/2021
    - 12/8/2021 - 3/05/2022
    - 3/07/2022 - 3/11/2022 - This is the time of the alleged hack
    - 3/13/2022
    - 3/16/2022 - 3/18/2022
    - 3/20/2022 - 3/23/2022
    - 3/25/2022
    - 3/28/2022 - 3/30/2022
    - 4/01/2022 - 4/14/2022
    - 4/16/202 - 4/21/2022
    - 4/23/2022 - 5/12/2022

45

- o 5/14/2022 - 5/19/2022
- o 5/21/2022 - 8/4/2022
- o 8/6/2022 - 7/25/2023

- o You have listed every date for a 28 month period, effectively demanding every single communication between Dr. Hughes and Ms. Magill on the basis that one or more of these dates "should have chats about my clients and this case". That is not a reasonable sample to validate our assertion that we are not withholding relevant information, particularly when the two individuals communicated through a number of different channels. Nevertheless, we would be willing to re-review communications for one or two more finite timeframes of your choosing, so long as the sample is reasonable.

- The expert inspection showed that Magill placed the document Unsilenced Theft Overview & Damages document in the Slack on 1/10/22, but none of the messages surrounding that conversation were produced. We believe you are mistaken. The expert inspection did not show that Ms. Magill "placed the document…in the Slack". Rather, it shows that there is a hyperlink to a document of that name in a Slack message between Ms. Magill and Ms. Theodoredis. The messages surrounding the placement of that hyperlink in the Slack channel are not relevant and were tagged as such during review. In the interest of transparency, we will provide you with a copy of the message. The document itself was produced in BCS_002 at BCS_0159792. Thank you. From your email it sounds like the hyperlink was also sent to Ms. Theodoredis. Please produce that message and any relevant messages surrounding that message. We can also see that Magill shared it with someone 1/10/2022 – 6:05:38, please get us that conversation as well.
  - o You actually have a copy of Ms. Theodoredis' message. As you know, Slack message threads are not like email, stored in multiple locations. Slack is a single-storage system to which various users have access to a single message thread. Producing the same message from Ms. Theodoredis' Slack account would literally be producing the exact same message thread.

- At the expert inspection, the expert searched for "Cloudways" which revealed documents that should have been produced, but were not. We believe you are mistaken. We see no screen shots from the expert inspection in which the expert searched Slack for the term "Cloudways". Had he done so, however, he would have found numerous hits, not all of which would be relevant. We have produced relevant Slack messages that hit on the term "Cloudways". You can see the expert searching for Cloudways at 7:28:27 at the inspection. Once again, it is would be much easier for you to produce everything that the term "Cloudways" hit on rather than to have us argue about whether or not the documents are responsive.
  - o We will produce all Slack messages that hit on the term "Cloudways" that have not already been produced. Note that these will also require redactions for private information.

- Noelle testified that she informed Hughes and Magill about the potential de-indexing issues. However, there are no Slack chats alerting them of this issue. We cannot speak to Ms. Beauregard's testimony, but there is no Slack message from Ms. Beauregard to Dr. Hughes or Ms. Magill the meets this description. Can you please take a screenshot showing that a search was done and nothing came up? The problem I am having is that I can't find any documents (emails, texts, etc.) that match Ms. Beauregard's testimony and Slack seems like the mostly place for the communications to exist. .
  - o We have attached a screen shot of the results of our search across all of our Slack data. You will note that there is one hit, which is on a communication between Mr. Jensen and Dr. Hughes, which was produced as BCS_0782228. It is possible that Ms. Beauregard communicated the information verbally or was simply mistaken.

This is as far as I have gotten thus far, but will complete the rest of your questions/comments as soon as I can.

Regards,

46

**Dennis Russell Kiker**
Senior Attorney

T  +1 480 606 5143
F  +1 703 773 5111
M +1 804 350 8444
O  +1 703 773 4111
dennis.kiker@us.dlapiper.com

DLA Piper LLP (US)
dlapiper.com

---

**From:** Adam Tate <Adam@jbblaw.com>
**Sent:** Monday, August 28, 2023 2:07 PM
**To:** Kiker, Dennis <Dennis.Kiker@us.dlapiper.com>; Lueddeke, Jason <Jason.Lueddeke@us.dlapiper.com>
**Cc:** Catherine Close <cac@jbblaw.com>; Adam J Schwartz <adam@ajschwartzlaw.com>; Bekah Chamberlin <Bekah@jbblaw.com>; Gibson, John <John.Gibson@us.dlapiper.com>; Helene P. Saller <helene@jbblaw.com>
**Subject:** RE: 3MCW01-01: Email 1 of 3 (Slack)

⚠️ EXTERNAL MESSAGE

Dennis,

In an attempt to continue the dialogue, I have responded the issue below in blue. My hope is that at tomorrow's IDC we can simply tell the judge that we have narrowed the issues and that we are working through them.

- KM 003646 - KM 003649; KM 003526 - KM 003530; KM 002643 - KM 002780 – Screenshots produced in the state action that should have been produced in Federal Action, but were not. We are requesting copies of these documents and will respond as soon as we can. We will produce the documents.

- A whole day was missing from the #team-information-security channel. We believe you are mistaken. BCS has produced the entirety of this channel. However, the data was processed in UTC. We suspect that you are focusing on the date/time information rather than the content. If you have identified content that is missing from the BCS production, please let us know, and we will look into it. The missing date is on 3/15. You can see that conversation continued on that day in the expert video at 6:00:00.

- The #bcs-board-of-directors channel was not produced. We saw the missing channel during our expert inspection. That is correct. This is one of the private channel messages we disclosed to you. We reviewed this channel, which consists of one short string of messages that are not relevant. It seems very unlikely that the board of directors didn't talk about anything related to this case. Instead of fighting over whether the documents are relevant, can you just send us the chat? If not, please tell me the general topic of what was discussed.

- The #cb-chat channel was not produced. We saw the missing channel during our expert inspection. We believe you are mistaken. We do not see this channel either in our data or your expert's screen shots. We suspect you may be referring to #cb-team. We reviewed that channel and found no relevant information. You are correct, that the chat is called cb-team. BCS agreed to produce the chat in response to Whiteley RFP 159. We know that there were discussions about Ms. McNamara in the #cb-chat from our review of documents produced in the state action. I am attaching two examples.

  - There are HUGE gaps in Magill and Hughes' direct messages between each other before they even started using Signal. You will have to be more specific. BCS has reviewed and produced relevant information from Ms. Magill's

and Dr. Hughes' Slack messages. However, not every message between the two is relevant. If you have reason to believe that relevant is missing from a specific date and time, please let us know and we can look into it.

We only received 24 days of private DMs between Jenny and Vanessa. Some of these dates should have chats about my clients and this case given the temporal proximity to important events. However, no private chats between Hughes and Magill for the following date ranges:
- 3/12/2021 - 7/11/2021
- 7/13/2021 - 9/18/2021
- 9/20/2021 - 10/16/2021
- 10/18/2021 - 10/22/2021
- 10/24/2021 - 11/03/2021
- 11/05/2021 - 11/21/2021
- 11/24/2021 - 11/31/2021
- 12/02/2021 - 12/06/2021
- 12/8/2021 - 3/05/2022
- 3/07/2022 - 3/11/2022 - This is the time of the alleged hack
- 3/13/2022
- 3/16/2022 - 3/18/2022
- 3/20/2022 - 3/23/2022
- 3/25/2022
- 3/28/2022 - 3/30/2022
- 4/01/2022 - 4/14/2022
- 4/16/202 - 4/21/2022
- 4/23/2022 - 5/12/2022
- 5/14/2022 - 5/19/2022
- 5/21/2022 - 8/4/2022
- 8/6/2022 - 7/25/2023

- The expert inspection showed that Magill placed the document Unsilenced Theft Overview & Damages document in the Slack on 1/10/22, but none of the messages surrounding that conversation were produced. We believe you are mistaken. The expert inspection did not show that Ms. Magill "placed the document…in the Slack". Rather, it shows that there is a hyperlink to a document of that name in a Slack message between Ms. Magill and Ms. Theodoredis. The messages surrounding the placement of that hyperlink in the Slack channel are not relevant and were tagged as such during review. In the interest of transparency, we will provide you with a copy of the message. The document itself was produced in BCS_002 at BCS_0159792.  Thank you.  From your email it sounds like the hyperlink was also sent to Ms. Theodoredis.  Please produce that message and any relevant messages surrounding that message.  We can also see that Magill shared it with someone 1/10/2022 – 6:05:38, please get us that conversation as well.

- At the expert inspection, the expert searched for "Cloudways" which revealed documents that should have been produced, but were not. We believe you are mistaken. We see no screen shots from the expert inspection in which the expert searched Slack for the term "Cloudways".  Had he done so, however, he would have found numerous hits, not all of which would be relevant. We have produced relevant Slack messages that hit on the term "Cloudways".  You can see the expert searching for Cloudways at 7:28:27 at the inspection.  Once again, it is would be much easier for you to produce everything that the term "Cloudways" hit on rather than to have us argue about whether or not the documents are responsive.

- Noelle testified that she informed Hughes and Magill about the potential de-indexing issues. However, there are no Slack chats alerting them of this issue. We cannot speak to Ms. Beauregard's testimony, but there is no Slack message from Ms. Beauregard to Dr. Hughes or Ms. Magill the meets this description. Can you please take a screenshot showing that a search was done and nothing came up?  The problem I am having is that I can't find

- any documents (emails, texts, etc.) that match Ms. Beauregard's testimony and Slack seems like the mostly place for the communications to exist. .

- In addition, it appears that you did not produce any direct messages between Jensen and Magill even though they obviously had conversations on the day of the alleged investigation. See 7:28:32 of the expert video.

- Please get us legible copies of the following: BCS_0781898 - BCS_0781903, BCS_0781915 - BCS_0781924, BCS_0781929 - BCS_0781943, BCS_0781950 - BCS_0781952, BCS_0782971, BCS_0782971

-Adam

**From:** Kiker, Dennis <Dennis.Kiker@us.dlapiper.com>
**Sent:** Thursday, August 24, 2023 4:26 AM
**To:** Adam Tate <Adam@jbblaw.com>; Lueddeke, Jason <Jason.Lueddeke@us.dlapiper.com>
**Cc:** Catherine Close <cac@jbblaw.com>; Adam J Schwartz <adam@ajschwartzlaw.com>; Bekah Chamberlin <Bekah@jbblaw.com>; Gibson, John <John.Gibson@us.dlapiper.com>
**Subject:** RE: 3MCW01-01: Email 1 of 3 (Slack)

Adam,

Please find below our responses to these questions:

- KM 003646 - KM 003649; KM 003526 - KM 003530;  KM 002643 - KM 002780 – Screenshots produced in the state action that should have been produced in Federal Action, but were not.  We are requesting copies of these documents and will respond as soon as we can.

- A whole day was missing from the #team-information-security channel.  We believe you are mistaken. BCS has produced the entirety of this channel. However, the data was processed in UTC. We suspect that you are focusing on the date/time information rather than the content. If you have identified content that is missing from the BCS production, please let us know, and we will look into it.

- The #bcs-board-of-directors channel was not produced.  We saw the missing channel during our expert inspection. That is correct. This is one of the private channel messages we disclosed to you. We reviewed this channel, which consists of one short string of messages that are not relevant.

- The #cb-chat channel was not produced.  We saw the missing channel during our expert inspection. We believe you are mistaken. We do not see this channel either in our data or your expert's screen shots. We suspect you may be referring to #cb-team. We reviewed that channel and found no relevant information.

- There are HUGE gaps in Magill and Hughes' direct messages between each other before they even started using Signal. You will have to be more specific. BCS has reviewed and produced relevant information from Ms. Magill's and Dr. Hughes' Slack messages. However, not every message between the two is relevant.  If you have reason to believe that relevant is missing from a specific date and time, please let us know and we can look into it.

- The expert inspection showed that Magill placed the document Unsilenced Theft Overview & Damages document in the Slack on 1/10/22, but none of the messages surrounding that conversation were produced. We believe you are mistaken. The expert inspection did not show that Ms. Magill "placed the document…in the Slack". Rather, it shows that there is a hyperlink to a document of that name in a Slack message between Ms. Magill and Ms. Theodoredis. The messages surrounding the placement of that hyperlink in the Slack channel are not relevant and were tagged as such during review. In the interest of transparency, we will provide you with a copy of the message. The document itself was produced in BCS_002 at BCS_0159792.

49

- At the expert inspection, the expert searched for "Cloudways" which revealed documents that should have been produced, but were not. <span style="color:red">We believe you are mistaken. We see no screen shots from the expert inspection in which the expert searched Slack for the term "Cloudways". Had he done so, however, he would have found numerous hits, not all of which would be relevant. We have produced relevant Slack messages that hit on the term "Cloudways".</span>

- Noelle testified that she informed Hughes and Magill about the potential de-indexing issues. However, there are no Slack chats alerting them of this issue. <span style="color:red">We cannot speak to Ms. Beauregard's testimony, but there is no Slack message from Ms. Beauregard to Dr. Hughes or Ms. Magill the meets this description.</span>

Regards,

# Dennis Russell Kiker
Senior Attorney

T  +1 480 606 5143
F  +1 703 773 5111
M  +1 804 350 8444
O  +1 703 773 4111
dennis.kiker@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Adam Tate <Adam@jbblaw.com>
**Sent:** Thursday, August 17, 2023 2:34 PM
**To:** Lueddeke, Jason <Jason.Lueddeke@us.dlapiper.com>; Kiker, Dennis <Dennis.Kiker@us.dlapiper.com>
**Cc:** Catherine Close <cac@jbblaw.com>; Adam J Schwartz <adam@ajschwartzlaw.com>; Bekah Chamberlin <Bekah@jbblaw.com>; Gibson, John <John.Gibson@us.dlapiper.com>
**Subject:** 3MCW01-01: Email 1 of 3 (Slack)

⚠ EXTERNAL MESSAGE

Jason and Dennis,

I'm going to send you a few different emails in the next couple of minutes addressing different topics. I figured that way we can keep the topics clean.

First issue, as promised, here is the basis of why we believed that BCS had not produced all of the Slack documents. I expect that there are many more examples, but we stopped our analysis after we had a few examples:

- KM 003646 - KM 003649; KM 003526 - KM 003530; KM 002643 - KM 002780 – Screenshots produced in the state action that should have been produced in Federal Action, but were not.
- A whole day was missing from the #team-information-security channel.
- The #bcs-board-of-directors channel was not produced. We saw the missing channel during our expert inspection.
- The #cb-chat channel was not produced. We saw the missing channel during our expert inspection.
- There are HUGE gaps in Magill and Hughes' direct messages between each other before they even started using Signal.
- The expert inspection showed that Magill placed the document Unsilenced Theft Overview & Damages document in the Slack on 1/10/22, but none of the messages surrounding that conversation were produced.

- At the expert inspection, the expert searched for "Cloudways" which revealed documents that should have been produced, but were not.
- Noelle testified that she informed Hughes and Magill about the potential de-indexing issues. However, there are no Slack chats alerting them of this issue.

-Adam



**M. Adam Tate**
Partner

📞 949-988-3633
✉ Adam@jbblaw.com
🌐 www.jbblaw.com

9110 Irvine Center Drive, Irvine, CA 92618

This electronic transmission, which is sent by a law firm, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC Secs. 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message and any attachments. Any unauthorized disclosure, copying, distribution, review or use of the contents of the information received in error is strictly prohibited.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

This electronic transmission, which is sent by a law firm, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC Secs. 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message and any attachments. Any unauthorized disclosure, copying, distribution, review or use of the contents of the information received in error is strictly prohibited.