

Dirk O. Julander, Bar No. 132313
  doj@jbblaw.com
Catherine A. Close, Bar No. 198549
  cac@jbblaw.com
M. Adam Tate, Bar No. 280017
  adam@jbblaw.com
JULANDER, BROWN & BOLLARD
9110 Irvine Center Drive
Irvine, California 92618
Telephone: (949) 477-2100
Facsimile: (949) 477-6355

Attorneys for Defendants
KATHERINE MCNAMARA and
JEREMY WHITELEY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREAKING CODE SILENCE, a California 501(c)(3) nonprofit,<br><br>Plaintiff,<br><br>vs.<br><br>KATHERINE MCNAMARA, an Individual; JEREMY WHITELEY, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:22-cv-002052-SB-MAA<br><br>**SUPPLEMENTAL DECLARATION OF M. ADAM TATE IN SUPPORT SUPPLEMENTAL JOINT STIPULATION RE: ATTORNEY'S FEES ON DEFENDANTS KATHERINE MCNAMARA AND JEREMY WHITELEY'S MOTION TO COMPEL SLACK COMMUNICATIONS AND FOR SANCTIONS**<br><br>**[In Response to Dkt. 207 Order]**<br><br>[*Assigned to the Hon. Maria A. Audero*] |

1
SUPPLEMENTAL DECLARATION OF M. ADAM TATE

## SUPPLEMENTAL DECLARATION OF M. ADAM TATE

I, M. ADAM TATE, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner with Julander, Brown & Bollard, attorneys of record for Defendants KATHERINE MCNAMARA ("McNamara") and JEREMY WHITELEY ("Whiteley" collectively "Defendants") in the above-captioned action. I have personal knowledge of the following facts, and if called upon to testify, I could and would competently testify thereto. I submit this Declaration in response to the Court's May 2, 2024 Order. (Dkt. 207.)

2. On April 10, 2024, the Court issued a minute order directing the parties to submit an updated Joint Statement on the issue of attorneys' fees for the previously filed Motion to Compel Slack Communications (the "Slack Motion"). (Dkt. 200.) In compliance with that order, on April 25, 2024, my firm filed a Joint Statement and I submitted a declaration in support thereof. (Dkt. 204 and 204-1.)

3. In my April 25, 2024 declaration, I included the amount of time – broken down by task – that Defendants' attorneys spent in connection with the Slack Motion as reported to me by the attorneys. As mentioned in my previous declaration, the time listed in my April 25, 2024 declaration requested significantly understated Defendants' actual fees incurred because the Court prohibited Defendants from seeking more fees than originally requested in the Slack Motion. By limiting the fees to those already requested, Defendants could not: (1) request fees incurred after the original Motion to Compel was filed on July 12, 2023 – such as time spent in the several subsequent status conferences; and (2) request fees incurred prior to July 12, 2023, but for one reason or another, were not included in my prior declaration. (See Dkt. 204- 1, ¶12(a)(iii) and 12(e)(iii) [explaining that the prior declaration understated the amount of fees].)

4. On May 2, 2024, the Court issued an order for Defendants' counsel "to file a declaration under oath that attaches and authenticates copies of the billing invoices or other documents showing detailed billing entries with dates in support of the itemized attorneys' fees identified in the Supplemental Motion." In compliance with that order, Defendants attach and authenticate the following:

    a. Attached hereto as **Exhibit 1** is a true and correct copy of my firm's May 1, 2023 Invoice to Defendants (reflecting April 2023 time/fees), with all entries redacted except the ones related to the Slack Motion.

    b. Attached hereto as **Exhibit 2** is a true and correct copy of my firm's June 1, 2023 Invoice to Defendants (reflecting May 2023 time/fees), with all entries redacted except the ones related to the Slack Motion.

    c. Attached hereto as **Exhibit 3** is a true and correct copy of my firm's July 1, 2023 Invoice to Defendants (reflecting June 2023 time/fees), with all entries redacted except the ones related to the Slack Motion.

    d. Attached hereto as **Exhibit 4** is a true and correct copy of my firm's August 1, 2023 Invoice to Defendants (reflecting July 2023 time/fees), with all entries redacted except the ones related to the Slack Motion.

5. As alluded to above, the foregoing Exhibits have redacted the time entries that did not have to deal with the Slack Motion. To further aid the Court, because many of the time entries contain both time spent in connection with the Slack Motion and entries that did not involve the Slack Motion, the portions of those entries that relate to the Slack Motion are highlighted. ==For those entries, I only requested compensation/sanctions for the portion of the time spent which related to the Slack Motion.==

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed May 6, 2024, at Irvine, California.

                                              */s/ M. Adam Tate*
                                              M. ADAM TATE



# CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May, 2024, I electronically filed the foregoing paper(s) with the Clerk of the Court using the ECF system which will send notification to all parties of record or persons requiring notice.

*/s/ Helene Saller*
Helene Saller

---

CERTIFICATE OF SERVICE