UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. **2:22-cv-02052-MAA** | Date: **May 8, 2024** |
| Title **Breaking Code Silence v. Katherine McNamara, et al.** | |

Present: The Honorable **MARIA A. AUDERO**, United States Magistrate Judge

| Cindy Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):** **Order Granting Plaintiff's Unopposed Request for Voluntary Dismissal With Prejudice Pursuant to FRCP 41(a)(2) (ECF No. 198) (JS-6)**

Before the Court is Plaintiff Breaking Code Silence's ("Plaintiff") Request for Voluntary Dismissal With Prejudice Pursuant to FRCP[1] 41(a)(2) ("Request for Dismissal"), filed on April 8, 2024. (Req. for Dismissal, ECF No. 198.) On April 24, 2024, Defendants Katherine McNamara and Jeremey Whiteley (together, "Defendants") filed a Response to Plaintiff's Request for Dismissal with Prejudice, stating, *inter alia*, that they "do not oppose this action being dismissed with prejudice." (Defs.' Resp. 4, ECF No. 202.)[2] On May 1, 2024, Plaintiff filed a Reply. (Pl.'s Reply, ECF No. 206.) The Court deems the Request for Dismissal appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

Rule 41(a) "allows plaintiffs voluntarily to dismiss some or all of their claims against some or all defendants." *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 748 (9th Cir. 2008). After a defendant serves an answer or motion for summary judgment, as is the case here, a plaintiff may dismiss an action only with a stipulation signed by all parties who have appeared under Rule 41(a)(1)(A)(ii), or a motion for dismissal under Rule 41(a)(2). *See* Fed. Rs. Civ. P. 41(a)(1)(A)(ii), 41(a)(2). Rule 41(a)(2) provides in pertinent part: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is

---

[1] The Federal Rules of Civil Procedure are referred to as the "Rules."

[2] Pinpoint citations to docketed documents are to the page numbers in the CM/ECF-generated headers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.   **2:22-cv-02052-MAA** | Date: **May 8, 2024** |
| Title   **Breaking Code Silence v. Katherine McNamara, et al.** | |

without prejudice." Fed. R. Civ. P. 41(a)(2). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

Here, in light of Defendants' non-opposition to the Request for Dismissal, the Court finds no reason to deny Plaintiff's request for voluntary dismissal with prejudice under Rule 41(a)(2). *See, e.g., Richson-Bey v. Juarez*, No. 1:22-cv-00567-NODJ-BAM (PC), 2024 U.S. Dist. LEXIS 9383, at *2 (E.D. Cal. Jan. 17, 2024) (granting plaintiff's motion for voluntary dismissal in light of defendant's notice of non-opposition); *Strojnik v. 1309 W. Shaw, LLC*, No. 1:19-cv-01196-BAM, 2020 U.S. Dist. LEXIS 6317, at *3 (E.D. Cal. Jan. 13, 2020) (same).

Before Plaintiff filed the Request for Dismissal, the following motions and issues were pending before the Court:

(1)   Whether Defendants are entitled to attorneys' fees and costs for bringing their Motion to Compel Slack Communications and for Sanctions and, if so, the quantum of such fees ("Slack Motion," ECF No. 94);

(2)   Defendants' Motion for Evidentiary and Monetary Sanctions under Rule 37 of the Federal Rules of Civil Procedure ("Sanctions Motion," ECF No. 98);

(3)   Within the Sanctions Motion, the quantum of attorneys' fees and costs for Defendants' subpoena discovery targeted at certain officers and directors ("Subpoena Discovery"), which, pursuant to the Court's Order (Apr. 10, 2024 Order, ECF No. 200), is set forth in Plaintiff's Motion to Reduce Defendants' Requested Attorneys' Fees and Costs Related to Subpoena Discovery ("Subpoena Motion," ECF No. 203);

(4)   Defendant Whiteley's Motion for Summary Judgment or in the Alternative Partial Summary Judgment ("Whiteley MSJ," ECF No. 152) and a related Application to Seal (ECF No. 153); and

(5)   Defendant McNamara's Motion for Summary Judgment or, Alternatively, Partial Summary Judgment ("McNamara MSJ," ECF No. 172) and related Applications to Seal (ECF Nos. 174, 183, 190).

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  **2:22-cv-02052-MAA**                                              Date: **May 8, 2024**

Title     **Breaking Code Silence v. Katherine McNamara, et al.**

    The Court's granting of the Request for Dismissal moots the Whiteley MSJ, McNamara MSJ, and the request for evidentiary sanctions in the Sanctions Motion.  However, the Court's granting of the Request for Dismissal does not moot—or strip the Court's jurisdiction over—the outstanding issues of attorneys' fees and costs for the Slack Motion, the Subpoena Motion, and the request for monetary sanctions in the Sanctions Motion, as those issues are collateral to the merits of the lawsuit.  *See Allen v. Exxon Corp. (In re Exxon Valdez)*, 102 F.3d 429, 431 (9th Cir. 1996) (explaining that sanctions imposed under Rule 37 are collateral to the merits of the action); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990) (holding that voluntary dismissal does not deprive a court of jurisdiction over collateral issues—such as the imposition of costs, attorneys' fees, and sanctions—after an action no longer is pending); *Triad Commer. Captive Co. v. Comerica Bank (In re GTI Cap. Holdings, LLC)*, 399 F. App'x. 236, 236 (9th Cir. 2010) (holding that court had jurisdiction to impose Rule 37 sanctions, despite previously granting appellants' request to voluntarily withdraw their complaints, because Rule 37 sanctions aim to deter abuse of the judicial process and have no bearing on, and therefore are collateral to, the case's underlying merits); *R.D. v. Lake Wash. Sch. Dist.*, No. 2:18-cv-01009-RAJ, 2020 U.S. Dist. LEXIS 5503, at *2–3 (W.D. Wash. Jan. 13, 2020) ("Although the District contends that this Court is without jurisdiction to consider this motion, the Court agrees with Plaintiffs that a [Rule 37] motion for sanctions is a collateral matter and may be considered even after the merits have been decided.").

    Based on the foregoing, the Court hereby **ORDERS** as follows:

(1)    Plaintiff's unopposed Request for Dismissal seeking voluntary dismissal of this action with prejudice pursuant to Rule 41(a)(2) is **GRANTED**.

(2)    This action is **DISMISSED WITH PREJUDICE**.  The Clerk is directed to close this case (JS-6).

(3)    The Whiteley MSJ (ECF No. 152) and related Application to Seal (ECF No. 153) are **DENIED** as moot.

(4)    The McNamara MSJ (ECF No. 172) and related Applications to Seal (ECF Nos. 172, 174, 183, 190) are **DENIED** as moot.

(5)    Defendants' request for evidentiary sanctions in the Sanctions Motion is **DENIED** as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  **2:22-cv-02052-MAA**                                                                   Date: **May 8, 2024**

Title      **Breaking Code Silence v. Katherine McNamara, et al.**

(6) The Court **RETAINS JURISDICTION** over, and will issue separate decisions on, the attorneys' fees and costs requested in each of (i) the Slack Motion, (ii) the Subpoena Motion, and (iii) the Sanctions Motion.

(7) To adjudicate the issue of monetary sanctions for the Sanctions Motion, the Court needs an updated request for fees that comprehensively includes fees and costs incurred in connection with the Sanctions Motion, including for work expended after the filing of the Sanctions Motion. Defendants are cautioned that they may not request fees that are duplicative of those already requested as to the Subpoena Motion and the Slack Motion. For this purpose, the Court **ORDERS** the parties to file a Joint Stipulation and **SETS** the following briefing schedule:

   (a) No later than **May 16, 2024**, Defendants shall submit their portion of the Joint Stipulation to Plaintiff. Defendants' briefing must include:

   - For each individual who worked on the Sanctions Motion, an itemization of time spent on each type of task, rather than the total hours expended by each individual with a comprehensive list of tasks. (*See* Tate Decl. ¶ 30, ECF No. 98-1.)

   - A declaration under oath that attaches and authenticates copies of the billing invoices or other documents showing detailed billing entries with dates in support of the itemized attorneys' fees identified in this Joint Stipulation.

   - The legal authority supporting Defendants' contention that, in addition to the time spent on the research and preparation of the Sanctions Motion, time spent on (i) meeting and conferring with opposing counsel, (ii) appearing at informal discovery conferences, and (iii) analyzing Plaintiff's document productions, is recoverable under Rules 37(a)(5) and/or 37(b)(2)(C). (Sanctions Mot. 64.)

   (b) No later than **May 23, 2024**, Plaintiff shall submit its portion of the Joint Stipulation and sign and return the Joint Stipulation to Defendants.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:22-cv-02052-MAA**                                                    Date: **May 8, 2024**

Title   **Breaking Code Silence v. Katherine McNamara, et al.**

    (c)    No later than **May 24, 2024**, Defendants shall file the Joint Stipulation. No further supplemental memorandum is permitted. The matter will stand submitted for decision upon the filing of the Joint Stipulation, and will be decided without a hearing unless the Court determines a hearing is necessary. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

It is so ordered.