1   Dirk O. Julander, Bar No. 132313
      doj@jbblaw.com
2   Catherine A. Close, Bar No. 198549
      cac@jbblaw.com
3   M. Adam Tate, Bar No. 280017
      adam@jbblaw.com
4   JULANDER, BROWN & BOLLARD
    9110 Irvine Center Drive
5   Irvine, California 92618
    Telephone:  (949) 477-2100
6   Facsimile:  (949) 477-6355

7   Attorneys for Defendants
    KATHERINE MCNAMARA and
8   JEREMY WHITELEY

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

13   BREAKING CODE SILENCE, a              Case No. 2:22-cv-002052-SB-MAA
     California 501(c)(3) nonprofit,
14

15           Plaintiff,

16                                         **JOINT STIPULATION RE:
                                           ATTORNEY'S FEES ON
17       vs.                               SANCTIONS MOTION**

18

19   KATHERINE MCNAMARA, an                [*Assigned to the Hon. Maria A. Audero*]
     Individual; JEREMY WHITELEY, an
20   individual; and DOES 1 through 50,
     inclusive,

21

22           Defendants.

23

24

25

26

27

28



`

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTORY STATEMENT ................................................................ 1

    A.    Defendants' Introductory Statement ................................................. 1

    B.    Plaintiff's Introductory Statement ................................................... 1

II.   ISSUES IN DISPUTE ............................................................................. 2

    A.    Defendants' Statement of Issues in Dispute .................................... 2

        1.    Itemization of Attorney's Fees. ............................................ 2

        2.    Whether attorneys' fees expended for time spent on tasks other than drafting a motion is recoverable under Rule 37(b)(c)(2). ........................... 2

    B.    Plaintiff's Statement of Issues in Dispute ....................................... 2

        1.    Whether BCS acted with substantial justification or other circumstances make an award of attorney's fees unjust ............................. 2

        2.    Whether Defendants' requested attorneys' fees are unreasonable and should be reduced. ........................................................ 2

        3.    Whether Defendants attorneys' fees expended for time spent on tasks other than drafting the Sanctions Motion is recoverable under Rule 37(b)(c)(2). ...................................................... 3

III.  PARTIES' CONTENTIONS AND POINTS AND AUTHORITIES ................ 3

    A.    Issue No. 1 Itemization of Attorneys' Fees .................................... 3

        1.    Defendants' Contentions ..................................................... 3

        2.    Plaintiff's Contentions ......................................................... 7

    B.    Issue No. 2:  Whether Attorneys' Fees Expended for Time Spent on Tasks Other Than Drafting a Motion is Recoverable Under Rule 37(b)(c)(2).) ................. 8

        1.    Defendants' Contentions and Points and Authorities .................. 8

            (a)    The Fees Awardable under Rule 37(a)(5) and Rule 37(b)(c)(2) Are Different ................................ 8

            (b)    The Court Specifically Stated That Fees Associated with the August 9 IDC Would be Recoverable ............ 11

        2.    Plaintiff's Contentions ......................................................... 12

            (a)    Fees that Defendants also requested in connection with the

JULANDER BROWN
— & BOLLARD —

`

Slack Motion and Subpoena Motion are not recoverable. .............. 12

(b)  Fees incurred attending IDCs/hearings and working on tasks
related to Subpoena Motion are not recoverable. ........................... 12

(c)  Fees incurred in connection with the Sanctions Motion are
unreasonable and should be reduced.. ............................................. 16



JOINT STIPULATION RE: ATTORNEYS' FEES ON SANCTIONS MOTION

`

1

## <u>TABLE OF AUTHORITIES</u>

2
<u>Page</u>

3
<u>CASES</u>

4
*Andreoli v. Youngevity Int'l, Inc.*
  No. 16-cv-02922-BTM-JLB, 2019 U.S. Dist. LEXIS 100298, at *25 (S.D. Cal.
5
  June 14, 2019) ................................................................................................. 10

6
*Lindsey v. Tacoma-Pierce Cty. Health Dep't*
  195 F.3d 1065, 1074 (9th Cir. 1999)................................................................ 9
7

8
*Premiere Innovations, Inc. v. Iwas Indus.*
  *LLC*, No. 07cv1083-BTM (BLM), 2009 U.S. Dist. LEXIS 142894, at *8 (S.D. Cal.
  May 8, 2009) ................................................................................................... 10
9

10
*Sanchez Y Martin, S.A. De C.V. v. Dos Amigos, Inc.*
  No. 17cv1943-LAB-LL, 2019 U.S. Dist. LEXIS 134739, at *28 (S.D. Cal. Aug. 9,
  2019)................................................................................................................ 9
11

12

13
<u>STATUTES</u>

14
Fed. R. Civ. P. 37 ............................................................................... 13, 15

15

16

17

18

19

20

21

22

23

24

25

26

27

28



JOINT STIPULATION RE: ATTORNEYS' FEES ON SANCTIONS MOTION

**JULANDER BROWN**
**— & BOLLARD —**

**JB**

1    **JOINT STIPULATION OF PARTIES PURSUANT TO LOCAL RULE 37-2**

2    **I.    INTRODUCTORY STATEMENT**

3        **A.    Defendants' Introductory Statement**

4        On May 8, 2024, the Court issued a minute order directing the parties to

5    submit a Joint Stipulation on the issue of attorneys' fees for the previously filed

6    Motion for Evidentiary and Monetary Sanctions under Rule 37 of the Federal Rules

7    of Civil Procedure (the "Sanctions Motion"). (Dkts. 98 and 210.) The Court

8    requested, for each individual who worked on the Sanctions Motion, an itemization

9    of time spent on each type of task related to the Sanctions Motion, excluding fees

10   that are duplicative of those are already requested related to the Subpoena Discovery

11   and the Slack Motion. (Dkt. 210, p. 4.) The Court also requested legal authority

12   supporting Defendants' contention that, in addition to the time spent on the research

13   and preparation of the Sanctions Motion, Defendants are entitled to fees related to

14   (i) meeting and conferring with opposing counsel, (ii) appearing at informal

15   discovery conferences ("IDCs"), and (iii) analyzing Plaintiff's document production.

16   (Id.) This Joint Statement addresses these issues.

17       **B.    Plaintiff's Introductory Statement**

18       As an initial matter, to the extent the Court has not yet ruled that Defendants

19   are entitled to an award of attorney's fees in connection with their Sanctions Motion,

20   Rule 37 permits the Court to decline such an award if BCS acted with substantial

21   justification or other circumstances make an award of expenses unjust.  To the

22   extent the Court finds that BCS failed to obey an order to provide or permit

23   discovery, such failure was substantially justified.  BCS has undertaken significant

24   efforts to collect and provide extensive discovery pursuant to the Electronic

25   Discovery Order.  BCS submits that its good faith and legally supported

26   interpretation of the terms of the Electronic Discovery Order, which the Court later

27   stated it disagreed with, should not be grounds for pecuniary penalty.  An award of

28   attorney's fees would also be unjust under the circumstances.  As BCS has

explained, any non-de minimis award of attorney's fees will likely force it into bankruptcy or other financial predicament. Defendants will gain nothing from the imposition of fees, but the imposition of fees would be ruinous for BCS.

Defendants request $72,779.00 in attorney's fees. As Defendants point out, they have already requested approximately $20,279.00 for attending IDCs as part of their Slack Motion and Subpoena Motion. That amount—$20,279.00—should not be considered as part of the instant Sanctions Motion.

Thus, for this Sanctions Motion alone, Defendants request approximately $52,500.00, which should be the starting point for the Court's analysis. This amount is generally comprised of the following tasks:

- Preparing for and attending IDCs and hearings ($9,995.00)
- Work related to subpoena discovery and the Subpoena Motion ($17,367.50)
- Drafting the Sanctions Motion, supplemental declaration in support, and the instant Joint Statement ($24,667.00)

For the reasons set forth herein, Defendants may only recover fees incurred in connection with the third bullet. And even then, the fees incurred—$24,667.00—are unreasonable and any award should be reduced to **$8,386.78**, or substantially less.

## II.    ISSUES IN DISPUTE

### A.    Defendants' Statement of Issues in Dispute

1.    Itemization of Attorney's Fees.

2.    Whether attorneys' fees expended for time spent on tasks other than drafting a motion is recoverable under Rule 37(b)(c)(2).

### B.    Plaintiff's Statement of Issues in Dispute

1.    Whether BCS acted with substantial justification or other circumstances make an award of attorney's fees unjust.

2.    Whether Defendants' requested attorneys' fees are unreasonable and should be reduced.

`

3.     Whether Defendants attorneys' fees expended for time spent on tasks other than drafting the Sanctions Motion is recoverable under Rule 37(b)(c)(2).

## III.    PARTIES' CONTENTIONS AND POINTS AND AUTHORITIES

### A.    <u>Issue No. 1 Itemization of Attorneys' Fees</u>

#### 1.    Defendants' Contentions

In connection with the originally filed Sanctions Motion, Defendants' counsel filed a declaration seeking a total of $23,680 in fees and costs. (Dkt 98-1.) Following the in-person IDC on August 9, 2023, Defendants' counsel submitted a supplemental declaration which: (1) informed the Court of an additional attorney's fees that had been expended (largely from attending the in-person hearing); and (2) provided a breakdown of the total time excluding the telephonic IDCs. (Dkt. 129.)

The attorneys' fees requested in that declaration (excluding fees for future work) were broken down as follows:

| Task | Tate ($470) | Close ($450) | Schwartz ($300) | Chamberlin ($150) | Saller ($200) | Total |
|---|---|---|---|---|---|---|
| Attending IDC 3 (Dkt 52) | 2 | 2 | 2 | 0 | 0 | $2,440 |
| Attending IDC 4 (Dkt 54) | 2.1 | 2.1 | 2.1 | 0 | 0 | $2,562 |
| Attending IDC 5 (Dkt 56) | 2.1 | 2.1 | 2.1 | 0 | 0 | $2,562 |
| Attending IDC 6 (Dkt 58) | 2 | 0 | 0 | 0 | 0 | $940 |
| Drafting the Motion and supporting documents (including motion to seal) | 15.0 | 3.7 | 0 | 28.3 | 4 | $13,760 |
| Preparing for | 5.5 | 1.5 | 0 | 3.1 | 0 | $3,725 |

JULANDER BROWN — & BOLLARD —

`

| | | | | | | |
|---|---|---|---|---|---|---|
| the August 9, 2023 hearing | | | | | | |
| Attending the August 9, 2023 hearing (in person) | 7 | 7 | 5 | 7 | 0 | $8,990 |
| **Total** | | | | | | $34,979 |

(Declaration of M. Adam Tate ("Tate Decl."), ¶¶2-3.)

As reflected above, the only fees requested were fees associated with attending hearings and drafting the motion. No fees were requested for "meeting and conferring" outside of the Court-ordered IDCs or for reviewing documents.

After the in-person IDC on August 9, 2023, Defendants incurred additional fees and costs; however, much of those fees have already been requested in connection with the Slack Motion or the Subpoena Discovery. Excluding those fees, Defendants incurred the following fees in connection with the Sanctions Motion:

### 2023

| Task | Tate ($470) | Close ($450) | Schwartz ($300) | Chamberlin ($150) | Saller ($200) | Total |
|---|---|---|---|---|---|---|
| Preparing the supplemental declaration. (Dkt. 129) | 0.5 | 3.5 | 0 | 4 | 0.5 | $2,510.00 |
| Attending IDC 13 (Dkt. 142) | 0 | 1.4 | 1.0 | 0 | 0 | $930.00 |
| Preparing the Phase 1 Status Report (Dkt. 168) | 0.4 | 0.9 | 0 | 0 | 0 | $593.00 |

`

**2024**

| Task | Tate ($510)[1] | Close ($475) | Schwartz ($300) | Chamberlin ($185) | Saller ($210) | Total |
|------|------|------|------|------|------|------|
| Preparing the Phase 1 Status Report (Dkt. 168) | 8.6 | 2 | 0 | 0 | 0.5 | $5,441.00 |
| Reviewing and analyzing BCS's Response to the Phase 1 Status Report (Dkt. 192) | 0.6 | 1 | 0 | 0 | 0 | $781.00 |
| Preparing for the in person hearing on March 25, 2024 (Dkt. 196) | 7.0 | 0 | 0 | 0 | 0 | $3,570.00 |
| Attending the in person hearing on March 25, 2024 and Conference calls made during the hearing | 7.0 | 1.0 | 0 | 0 | 0 | $4,045.00 |

---

[1]      Defendants' counsel's hourly rates increased as of January 1, 2024.

`

| | | | | | | |
|---|---|---|---|---|---|---|
| (Dkt. 196) | | | | | | |
| Attending the Status Conference on April 5, 2024 (Dkt. 196) | 1.0 | 0 | 0 | 0 | 0 | $510.00 |
| Preparing the accounting for the Subpoena Discovery Fees | 3.9 | 0 | 0 | 0 | 0 | $1,852.50 |
| Opposing BCS's Motion to Reduce Fees (Dkt. 205.) | 5.7 | 11.4 | 0 | 0 | 1.8 | $8,700.00 |
| Drafting the Instant Joint Statement | 6.5 | 10.7 | 0 | 0 | 0 | $8,397.00 |

(Tate Decl., ¶5.)

The total amount of fees being requested is $72,779.00. As noted in the Declaration of M. Adam Tate, a portion of those fees associated with the attendance at three of the informal discovery conferences and the in person hearing was also requested in connection with either the Subpoena Discovery or the Slack Motion. The fees for attending such hearings should be awarded to Defendants, but should not be awarded twice. (Tate Decl., ¶6, Ex. 1.)

For the Court's reference, attached as Exhibit 1 to the accompanying Declaration of M. Adam Tate is a table from which the Court can determine how the fees were classified into the above categories, and which will also assist the Court in

`

1  determining how much time was billed towards the Sanction Motion where the

2  timekeeper performed other tasks unrelated to the Sanction Motion on the same day.

3  Attached as Exhibits 2 through 12 are the invoices sent to Defendants which have

4  been subsequently highlighted and redacted. (Tate Decl., ¶7, Exs. 2-12.)

5          **2.**       **Plaintiff's Contentions**

6       Defendants request $72,779.00 in attorney's fees.  As Defendants point out,

7  ***they have already requested approximately $20,279.00*** for attending IDCs as part

8  of their Slack Motion and Subpoena Motion.  That amount—$20,279.00—should

9  not be considered as part of the instant Sanctions Motion.  *See* Dkt. 210 at 4

10  ("Defendants are cautioned that they may not request fees that are duplicative of

11  those already requested as to the Subpoena Motion and the Slack Motion.").

12       Thus, for this Sanctions Motion alone, Defendants request approximately

13  $52,500.00, which should be the starting point for the Court's analysis.  This

14  amount is generally comprised of the following tasks:

15  - Preparing for and attending IDCs and hearings (**$9,995.00**)

16  - Work related to subpoena discovery and the Subpoena Motion (**$17,367.50**)

17      o  Preparing Phase 1 status report related to subpoena discovery

18        ($6,034.00)

19      o  Reviewing BCS' response to Defendants' Phase 1 status report

20        ($781.00)

21      o  Preparing the accounting for subpoena discovery fees ($1,852.50)

22      o  Opposing BCS' motion to reduce fees related to subpoena discovery

23        ($8,700.00)

24  - Drafting the Sanctions Motion, supplemental declaration in support, and the

25     instant Joint Statement (**$24,667.00**)

26       For the reasons set forth below, Defendants may only recover fees incurred

27  for drafting the Sanctions Motion, supplemental declaration in support, and the

28  instant Joint Statement (bullet 3 above).  And those fees should be reduced to

`

1  **$8,386.78**, or substantially less.

2  **B.    Issue No. 2:  Whether Attorneys' Fees Expended for Time Spent on**

3  **Tasks Other Than Drafting a Motion is Recoverable Under Rule**

4  **37(b)(c)(2).)**

5    **1.    Defendants' Contentions and Points and Authorities**

6      (a)    The Fees Awardable under Rule 37(a)(5) and Rule

7        37(b)(c)(2) Are Different

8  Generally speaking, Rule 37(a) governs situations where a party has failed to

9  make a disclosure in response to discovery; whereas Rule 37(b) governs situations

10  where a party has failed to comply with a court order.

11  While both Rule 37(a) and 37(b) state that the Court must issue sanctions

12  against the culpable party, the language regarding what sanctions are awardable

13  differs. Rule 37(a)(5) provides that the Court must require the party whose conduct

14  necessitated bringing the motion, its attorney, or both, to pay the movant's

15  reasonable expenses "incurred in making the motion." The statute states (emphasis

16  added):

17    *If the Motion Is Granted (or Disclosure or Discovery Is*

18    *Provided After Filing).* If the motion is granted—or if the

19    disclosure or requested discovery is provided after the

20    motion was filed—the court must, after giving an

21    opportunity to be heard, require the party or deponent

22    whose conduct necessitated the motion, the party or

23    attorney advising that conduct, or both to pay the movant's

24    reasonable expenses ***incurred in making the motion***,

25    including attorney's fees.

26  Rule 37(b)(2)(c), by contrast, is not limited to expenses incurred in making

27  the motion. Rather, Rule 37(b)(2)(c) requires the Court to order a party, its attorney,

28  or both, who has failed to comply with a court order to pay the reasonable expenses,

JULANDER BROWN
— & BOLLARD —

`

1   including attorneys' fees, "caused by the failure" to comply with the court order.

2   The statute states (emphasis added):

3         *Payment of Expenses. **Instead of or in addition to*** the

4         orders above, the court must order the disobedient party,

5         the attorney advising that party, or both to pay the

6         reasonable expenses, including attorney's fees, ***caused by***

7         ***the failure***, unless the failure was substantially justified or

8         other circumstances make an award of expenses unjust.

9         A general principle of statutory construction is that where a different language

10  is used within the same statute, the differences are presumed to have meaning.

11  *Lindsey v. Tacoma-Pierce Cty. Health Dep't*, 195 F.3d 1065, 1074 (9th Cir. 1999).

12  Defendants submit that the most logical reading of Rule 37 is that (1) under rule

13  37(a)(5) a party can only recover those fees incurred in bringing a motion, but (2)

14  under Rule 37(b)(2) a party can recover all of its "reasonable expenses" incurred as

15  result of the failure to comply with the Court order "instead of or addition to" the

16  fees awardable under Rule 37(a)(5). Complying with Court ordered "meet and

17  confer" obligations and attending Court ordered IDCs and Status Conferences are

18  "reasonable expenses" within the meaning of the statute "in addition to" those

19  awardable under Rule 37(a)(5).

20        The Southern District of California's decision in *Sanchez Y Martin, S.A. De*

21  *C.V. v. Dos Amigos, Inc.*, No. 17cv1943-LAB-LL, 2019 U.S. Dist. LEXIS 134739,

22  at *28 (S.D. Cal. Aug. 9, 2019) is highly instructive and supports Defendants'

23  interpretation. In *Sanchez*, the Plaintiff brought several discovery motions. In

24  analyzing the first of the motions brought under Rule 37(a), the Court noted that

25  Rule 37(a)(5)(A) only allowed for reasonable expenses "incurred in making the

26  motion," and, accordingly, the Court declined to award sanctions for the time spent

27  on meeting and conferring regarding discovery disputes, and reviewing discovery

28  responses and document productions since such costs are normal expenses in the

JULANDER BROWN
— & BOLLARD —

JBB

`

1  course of litigation. *Id*. at 27. However, when analyzing the second motion brought

2  under Rule 37(b)(2)(c), the Court noted that the statute authorized fees "caused by

3  the failure" to comply with court order. The Court then found that (1) meeting and

4  conferring, (2) legal research, (3) opposing an *ex parte* application, and (4) drafting

5  the motion for sanctions were all "reasonable expenses" under Rule 37(b)(2)(c). *Id.*

6  at 28.

7          Defendants acknowledge that there are many cases, including cases within

8  this Circuit, where courts have refused to award fees for meeting and conferring or

9  attending informal discovery conferences under Rule 37(a)(5). However,

10  Defendants are not aware of any case within this Circuit which has explicitly

11  reached the conclusion that attending Court-ordered IDCs is not a "reasonable

12  expense" within the meaning of Rule 37(b)(2)(c). By contrast, there are a handful of

13  cases within this Circuit where the court has found that the time spent "meeting and

14  conferring" on discovery motions is awardable under Rule 37(b)(2)(c) as it is a

15  "reasonable expense." See, e.g. *Andreoli v. Youngevity Int'l, Inc*., No. 16-cv-02922-

16  BTM-JLB, 2019 U.S. Dist. LEXIS 100298, at *25 (S.D. Cal. June 14, 2019)

17  (awarding attorney's fees for meet and confer efforts under Rule 37(b)(2)(c));

18  *Premiere Innovations, Inc. v. Iwas Indus., LLC*, No. 07cv1083-BTM (BLM), 2009

19  U.S. Dist. LEXIS 142894, at *8 (S.D. Cal. May 8, 2009) (same).

20          As outlined in the Sanctions Motion, the Sanctions Motion was primarily

21  based on BCS's violation of Court orders. In this respect, the Sanctions Motion

22  provided a chart showing the several instances where BCS violated the Court's

23  orders leading up to the filing of the Sanctions Motion. (Dkt. 98. pp. 52-54.)

24          On August 9, 2023, the Court held the first in-person IDC at which BCS

25  violated yet another Court order by failing to have Dennis Kiker attend. (See Dkt.

26  137, pp. 3-4.) Following the hearing, the Court issued an interim order which laid

27  out a stipulated discovery plan (the "Interim Order"). (Dkt 132.) Unfortunately, BCS

28  continued to disobey the Court's directives, despite the Court's warnings.

1

2    BCS violated the Interim Order in at least three respects. First, the Interim

3   Order stated that, for each Custodian who indicated that he or she possessed BCS

4   related documents, BCS shall collect the documents and produce them by no later

5   than September 9, 2023. (Dkt. 132, ¶3.) However, BCS did not produce anything

6   from Jesse Jensen or Arianna Conroyd, despite the fact they both indicated that they

7   possessed BCS related documents. Second, as outlined in Defendants' Phase 1

8   Status Report, Defendants have a good faith basis to believe that Jennifer Magill and

9   Vanessa Hughes failed to produce all of their responsive documents. (Dkt. 168.)

10   Third, the Interim Order required BCS to provide a privilege log to be served

11   together with the production. (Dkt. 132, ¶3.) BCS never provided the privilege log.

12   (Tate Decl., ¶11.)

13        In short, BCS repeatedly violated the Court's orders. BCS's violations of the

14   Court's orders resulted in Defendants incurring "reasonable expenses" within the

15   meaning of Rule 37(b)(2). BCS and its attorneys should be responsible for paying

16   for such expenses – not Defendants.

17              (b)    The Court Specifically Stated That Fees Associated with

18                     the August 9 IDC Would be Recoverable

19        The Joint Stipulation Regarding Evidentiary and Monetary Sanctions Under

20   FRCP 37 was filed on July 14, 2023. After the Joint Stipulation was filed, on

21   August 7, 2023, the Court scheduled an in-person IDC for August 9, 2023. (Dkt.

22   114.) The Court's Scheduling Notice for the August 9 IDC mandated that: "A

23   representative of Plaintiff is ORDERED to appear in person. All attorneys involved

24   in any way with the Motion and the discovery that is the subject of the Motion are

25   ORDERED to appear in person." (Id. [caps in original; bold italics added].) Because

26   attorneys M. Adam Tate, Catherine A. Close, Adam J Schwartz and Rebekah G.

27   Chamberlin were all in some way involved in the Joint Stipulation or the discovery

28   that was the subject of thereof, all four appeared in person at the August 9 IDC as

JULANDER BROWN
— & BOLLARD —

`

1    ordered, three travelling from South Orange County. (See Dkt. 120, p. 1.)

2        At the August 9 IDC, the Court advised BCS that it was going to lose the

3    motion and that the attorneys' fees for attending the August 9 in person IDC were

4    recoverable "because [they] came from the motion." (Dkt. 137, Ex. A, p. 55:8-23 ["I

5    would count today as recoverable"].) Accordingly, the Court has already stated that

6    the fees associated with attending the August 9 IDC are recoverable.  Though the

7    Court did not specify whether the fees would be recoverable in connection with the

8    Subpoena Discovery or the Sanctions Motion, one way or another they should be

9    awarded.

10                **2.**    **Plaintiff's Contentions**

11        If the Court decides to award attorney's fees to Defendants in connection with

12    the Sanctions Motion, the award should be reduced from the requested $72,779.00

13    to **$8,386.78**, or substantially lower, for the following reasons.

14                    (a)    <u>Fees that Defendants also requested in connection with the</u>

15                        <u>Slack Motion and Subpoena Motion are not recoverable.</u>

16        Defendants have already requested approximately $20,279.00 of $72,779.00

17    in fees as part of their Slack Motion and Subpoena Motion.  That amount—

18    $20,279.00—should not be considered as part of the instant Sanctions Motion.  *See*

19    Dkt. 210 at 4 ("Defendants are cautioned that they may not request fees that are

20    duplicative of those already requested as to the Subpoena Motion and the Slack

21    Motion.").  The Court may consider those fees in connection with its adjudication of

22    the Slack Motion and Subpoena Motion.

23                    (b)    <u>Fees incurred attending IDCs/hearings and working on</u>

24                        <u>tasks related to Subpoena Motion are not recoverable.</u>

25        Defendants seek to recover (i) $9,995.00 for preparing for and attending IDCs

26    and hearings, and (ii) $17,367.50 for work related to the Subpoena Motion and

27    Subpoena Discovery.  None of this $27,362.50 is recoverable.

28

`

1   Defendants concede that Rule 37(a) does not permit them to recover fees for IDCs

2   or Subpoena Motion-related work because the statute limits recovery to only those

3   fees incurred "in making the motion" (i.e., the Sanctions Motion).  *See* p. 10, *supra*

4   ("Defendants acknowledge that there are many cases, including cases within this

5   Circuit, where courts have refused to award fees for meeting and conferring or

6   attending informal discovery conferences under Rule 37(a)(5).").

7         Searching for any hook, Defendants argue that they can instead recover such

8   fees under Rule 37(b) because BCS violated discovery orders.  Rule 37(b) states that

9   if a party "fails to obey an order to provide or permit discovery," the Court must

10  order the party and/or its counsel to pay "the reasonable expenses, including

11  attorney's fees, caused by the failure, unless the failure was substantially justified or

12  other circumstances make an award of expenses unjust."  (Fed. R. Civ. P.

13  37(b)(2)(a), (c).)

14        Defendants argue that BCS's violations of discovery orders "caused"

15  Defendants to incur recoverable attorney's fees related to (i) preparing for and

16  attending IDCs and hearings, and (ii) drafting submissions related to Subpoena

17  Discovery.  Defendants' arguments fail for the following reasons.

18        *First*, during the August 9, 2023 IDC, the Court stated, "Meeting and

19  conferring is not recoverable, and appearing at an informal discovery conference is

20  not recoverable."  (Dkt. 137 at 55:16-17.)

21        Nonetheless, Defendants seek attorney's fees for meeting and conferring and

22  attending IDCs.  Defendants cite no authority for their novel proposition that fees

23  incurred from attending Court-ordered IDCs are chargeable to the opposing party

24  that was also ordered by the Court to attend.  Rather, Defendants cite only "a

25  handful of cases" related to fee recovery for time spent meeting and conferring.

26  This authority should not control here because meeting and conferring and attending

27  Court-ordered IDCs are materially different events under materially different

28  circumstances.  The Court should decline to create new Rule 37(b) law in this

JULANDER BROWN
— & BOLLARD —

`

1    regard.[2]

2    *Second*, as BCS explained at length in the original joint statement, it did not

3    violate the Court's orders as Defendants alleged.  Defendants' attempts herein to

4    drum up additional examples of alleged order violations are equally specious.  For

5    instance, Defendants argue that BCS violated the Interim Order (Dkt. 132) by not

6    producing documents held by third-parties Jesse Jensen or Arianna Conroyd.

7    However, in recognition of the reality that BCS could not compel Mr. Jensen or Ms.

8    Conroyd to produce documents, the Interim Order set forth a subpoena framework

9    that would take effect if third-parties such as Mr. Jensen and Ms. Conroyd did not

10   produce documents.  Defendants then proceeded under that subpoena framework.

11   BCS complied with its obligations under the Interim Order by requesting documents

12   from third-parties such as Mr. Jensen and Ms. Conroyd.  The fact that some did not

13   produce documents is not a violation on BCS's part, particularly since the Interim

14   Order recognized and provided for that possibility.

15   The same is true for Defendants' frivolous example that BCS also violated the

16   Interim Order because they *believe* "Jennifer Magill and Vanessa Hughes failed to

17   produce all of their responsive documents."  If Defendants were unsatisfied with a

18   third-party's document production, the Interim Order authorized them to issue a

19   subpoena to any such third-party.  Defendants did so.

20   Defendants' claim that BCS violated the Interim Order is either purposefully

21   disingenuous or based on a (willful) misreading of the Interim Order.

22   _____

23   [2] Defendants rely on a comment the Court made at the August 9, 2023 IDC ("I
     would say this one [IDC] is because this came from the motion") to argue that

24   Defendants may recover the fees incurred by four attorneys attending the IDC.
     (Dkt. 137 at 55:17-18.)  Of course, in the nine months between that IDC and this

25   submission, there have been significant developments and the parties' circumstances
     have changed drastically such that the Court's comment at the time should not be

26   applicable now.  If, however, the Court adheres to its comment, BCS requests that

27   the Court award only the fees incurred by Mr. Tate attending the IDC ($3,290.00)

28   and not the fees incurred by the other three attorneys who also attended ($7,350.00).

`

*Third*, Defendants conclude that "BCS's violations of the Court's orders resulted in Defendants incurring 'reasonable expenses' within the meaning of Rule 37(b)(2)," but they make no attempt to explain *how* BCS's alleged violations "*caused*" Defendants to incur the attorney's fees they now seek to recover. For example, how did Mr. Kiker's non-appearance at the August 9, 2023 IDC cause Defendants to incur attorney's fees? How did BCS not providing a privilege log with one of its productions cause Defendants to incur attorney's fees?

Inherent in the statute's causation language is some necessary limit on proximate cause. Defendants fail to explain this causal link with the alleged violations. Rather, Defendants are apparently treating this Sanctions Motion as a blank check without regard to the limitations imposed by Rule 37.

This is particularly evident with respect to the fees related to Subpoena Discovery and the Subpoena Motion. Defendants are requesting $17,367.50 for subpoena-related tasks that have nothing to do with the Sanctions Motion, including $8,700.00 for drafting an opposition to BCS's Motion to Reduce Defendants' Requested Attorneys' Fees and Costs Related to Subpoena Discovery (Dkt. 203) and $1,852.50 for preparing the accounting for Subpoena Discovery fees they sought in connection with their Subpoena Motion. Defendants simply assume—without explanation—that all of this work somehow flows from BCS's conduct that gave rise to the Sanctions Motion such that BCS "caused" them to incur these requested attorney's fees. If this is Defendants' theory, it is attenuated at best and flouts the causation language of the statute. Defendants have failed to meet their burden to establish that these fees are recoverable.

*Fourth*, Rule 37(b) states that attorney's fees may not be imposed if the failure "to obey an order to provide or permit discovery" was "substantially justified or other circumstances make an award of expenses unjust." (Fed. R. Civ. P. 37(b)(2)(a), (c).) To the extent the Court finds that BCS failed to obey an order to provide or permit discovery, such failure was substantially justified. BCS has

`

1    undertaken significant efforts to collect and provide extensive discovery pursuant to

2    the Electronic Discovery Order.  BCS submits that its good faith and legally

3    supported interpretation of the terms of the Electronic Discovery Order, which the

4    Court later stated it disagreed with, should not be grounds for pecuniary penalty.

5        An award of attorney's fees would also be unjust under the circumstances.

6    As BCS has explained, any non-de minimis award of attorney's fees will likely

7    force it into bankruptcy or other financial predicament.  Defendants will gain

8    nothing from the imposition of fees, but the imposition of fees would be ruinous for

9    BCS.

10                    (c)    Fees incurred in connection with the Sanctions Motion are

11                           unreasonable and should be reduced.

12        Defendants seek to recover $24,667.00 for drafting the Sanctions Motion and

13    related documents, including this Joint Statement.  Specifically, Defendants spent

14    76.7 hours on the following tasks:

15    • Drafting Sanctions Motion – 51 hours (3 lawyers, 1 paralegal) – $13,760.00

16    • Drafting supplemental declaration – 8.5 hours (3 lawyers, 1 paralegal) –

17      $2,510.00

18    • Drafting instant Joint Statement – 17.2 hours (2 lawyers) – $8,397.00

19        This amount is unreasonable and should be reduced.  With respect to the

20    instant Joint Statement, Defendants simply copy and pasted the section on

21    recovering fees for meet and confers/IDCs from their Slack Motion.  *See* Dkt. 204 at

22    7-9.  Defendants present minimal additional argument.  The vast majority of

23    Defendants' submission is summarizing and compiling invoices and time entries.

24    Notwithstanding that this is purely an administrative task, two lawyers amassed 17

25    hours doing it rather than delegating the work to the same paralegal they have used

26    for other similar tasks.  BCS should not have to bear all of this cost.

27        With respect to the Sanctions Motion and supplemental declaration, charging

28    BCS for approximately *60 hours* is unreasonable.  The Sanctions Motion presented

JULANDER BROWN
— & BOLLARD —

`

only a handful of discovery issues.  Nonetheless, Defendants structured the related Joint Statement in such a way that made it redundant, inefficient, and unnecessarily long, all of which apparently contributed to counsel spending far too much time on it.  The issues could have, and should have, been addressed in a fraction of the time.

As a result, BCS requests that the fees Defendants incurred in connection with the Sanctions Motion and related documents be reduced by **at least 66% to $8,386.78, at most**.  This reduction is reasonable because Defendants' counsel spent an excessive amount of time on the Sanctions Motion, up to three attorneys performed the same or similar tasks in connection with the Sanctions Motion when one attorney would have been sufficient, and the instant Joint Statement should have required very minimal attorney time.


**IT IS SO STIPULATED.**


DATED:  May 24, 2024          JULANDER, BROWN & BOLLARD


By:  _____/s/ M. Adam Tate_____
          M. Adam Tate
          Catherine Close
          Attorneys for Defendants
          KATHERINE MCNAMARA and
          JEREMY WHITELEY


DATED:  May 24, 2024          DLA PIPER LLP


By:  _____/s/ Jason Lueddeke_____
          John Gibson
          Jason Lueddeke
          Attorneys for Plaintiff
          BREAKING CODE SILENCE

## ATTESTATION

All other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ M. Adam Tate*
M. ADAM TATE

JOINT STIPULATION RE: ATTORNEYS' FEES ON SANCTIONS MOTION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of May, 2024, I electronically filed the foregoing paper(s) with the Clerk of the Court using the ECF system which will send notification to all parties of record or persons requiring notice.

*/s/ Helene Saller*
Helene Saller