1  JOHN SAMUEL GIBSON (SBN 140647)
   *john.gibson@us.dlapiper.com*
2  **DLA PIPER LLP (US)**
   2000 Avenue of the Stars
3  Suite 400 North Tower
   Los Angeles, California 90067-4735
4  Tel:   310.595.3000
   Fax:   310.595.3300
5
   Attorneys for Plaintiff
6  BREAKING CODE SILENCE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| BREAKING CODE SILENCE, a California 501(c)(3) non-profit,<br><br>Plaintiff,<br>v.<br>KATHERINE MCNAMARA, an individual, JEREMY WHITELEY, an individual, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.  2:22-CV-002052-SB-MAA<br><br>*Hon. Maria A. Audero*<br><br>**DECLARATION OF JENNIFER MAGILL RE: SERVICE OF PROCESS PURSUANT TO ECF 212**<br><br>Complaint Filed:  March 28, 2022<br>Trial Date:  Not Set |
|---|---|

# DECLARATION OF JENNIFER MAGILL

I, Jennifer Magill, declare as follows:

1. I am the CEO of Breaking Code Silence ("BCS"), a 501(c)(3) nonprofit organization that supports survivors of institutional abuse in the "troubled teen industry" through education, outreach, research, and community organizing.

2. The Members of the BCS Board of Directors and Officers as of July 25, 2024, were as follows:

    a. Apryl Alexander, Ph.D., Board Member

    b. Vanessa Hughes, Ph.D., Board Member

    c. Jenny Magill, CEO and Board Member

    d. Jesse Jensen, Chief Information Security Officer[1]

3. On July 30, 2024, counsel for BCS sent an email to all of the Board Members and Officers listed above (1) attaching a copy of the Court's Order Granting in Part and Denying in Part Defendants Katherine McNamara's and Jeremy Whiteley's Motion to Compel Slack Communications and for Sanctions (ECF 212) (hereinafter, the "Order") and (2) requesting consent for electronic service of the Order.

4. Ms. Alexander, Ms. Hughes, and I subsequently sent our respective consents for electronic service to counsel for BCS. At BCS's counsel's request, the three of us also agreed to waive personal service of the Order. The respective waiver of service forms are being filed concurrently with my declaration. Ms. Alexander, Ms. Hughes, and I have thus all accepted service of the Order.

5. On July 31, 2024, counsel for BCS sent a reminder email to the remaining Board Members and Officers. Mr. Jensen responded the same day expressing concerns about providing the consent for electronic service. Counsel for BCS responded to Mr. Jensen on August 1, 2024, again requesting consent for

---

[1] Mr. Jensen has since resigned as CISO for Breaking Code Silence.

1  electronic service. Mr. Jensen advised counsel for BCS on August 2, 2024, that he
2  would not consent to electronic or other service of the Order. Then on August 6, 2024,
3  Mr. Jensen requested that BCS's counsel not contact him again regarding the matter.
4      6.    On August 5, 2024, BCS, through counsel, hired a nationally known
5  process server, Nationwide Legal Services, LLC ("Nationwide"), to personally serve
6  the Order on Mr. Jensen. Nationwide attempted service three times on Mr. Jensen at
7  a cost to BCS of approximately $225. Specifically, on August 6, 7, and 9, 2024, BCS
8  attempted personal service on Mr. Jensen. As described in the attached documentation
9  from Nationwide, none of the service attempts were successful. *See* **Exhibit A**.
10 Despite its efforts and desire to personally serve the Order on Mr. Jensen, BCS did
11 not opt for a stakeout service estimated at $175 per hour since it currently has only
12 approximately $186 in its bank account. Also, Mr. Jensen received actual notice and
13 a copy of the Order through email but made clear to BCS and its counsel that he would
14 not cooperate with service attempts.

15     I declare under penalty of perjury under the laws of the United States that the
16 foregoing is true and correct.

18     Executed this 15th day of August, 2024.

20                           */s/ Jennifer Magill*
                           JENNIFER MAGILL