JOHN S. GIBSON (SBN 140647)
john.gibson@us.dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4735
Tel:  310.595.3000
Fax:  310.595.3300

Attorneys for Plaintiff
BREAKING CODE SILENCE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREAKING CODE SILENCE, a California 501(c)(3) non-profit,<br><br>Plaintiff,<br><br>v.<br><br>KATHERINE MCNAMARA, an individual, JEREMY WHITELEY, an individual, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.  2:22-CV-002052-SB-MAA<br><br>*Hon. Maria A. Audero*<br><br>**PLAINTIFF'S MOTION FOR PAYMENT PLAN AND EXTENSION TO PAY DISCOVERY SANCTIONS AMOUNT [ECF 212]**<br><br>Hearing Date:  September 25, 2024<br>Hearing Time:  10:00 a.m.<br><br>Complaint Filed:  March 28, 2022<br>Trial Date:  Not Set |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE THAT** on September 25, 2024, at 10:00 a.m., or as soon as the matter may be heard in Courtroom 880 of the Roybal Federal Building and United States Courthouse, located at 255 E. Temple St., Los Angeles, California 90012, Plaintiff Breaking Code Silence ("BCS") will and hereby does move, pursuant to the Court's July 25, 2024 Order (ECF 212), for an order approving Plaintiff's Motion For Payment Plan And Extension To Pay Discovery Sanctions Amount.

The Motion is made on the following grounds. BCS is unable to pay the $15,432 sanction award within the 30-day window required in the Order based on its financial condition. BCS currently has less than $300 in its bank account and is obtaining nominal donations, in amounts which have decreased since and through the progression of this lawsuit. BCS therefore proposes to pay an initial lump sum followed by timed payments based on its available funds and contributions by individuals. BCS and Defendants met and conferred but were unable to agree on a payment plan, thus necessitating this Motion.

The Motion is based on the Notice, Memorandum of Points and Authorities, Declaration of Jennifer Magill, such matters of which the Court may take judicial notice, all pleadings and other documents on file with the Court, and such other matters as may be presented at the hearing on the Motion.

Dated: August 26, 2024           Respectfully submitted,

                                                   **DLA PIPER LLP (US)**

                                                   By: */s/ John S. Gibson*
                                                        John S. Gibson

                                                 Attorneys for Plaintiff
                                                 BREAKING CODE SILIENCE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Breaking Code Silence ("BCS") is currently unable to pay Defendants the $15,342 ordered within 30 days of the Court's July 25, 2024 Order based on BCS's current financial condition. BCS currently has less than $300 in its bank account. Declaration of Jennifer Magill ("Magill Decl.") ¶ 3. BCS explained in its section of the Joint Stipulation concerning attorneys' fees, that the imposition of fees on BCS would be ruinous for it. *See* ECF 211 at 6. The Court graciously acknowledged this possibility and stated in its Order that payment could be "on a later date or dates by agreement of the parties or further order of the Court upon properly noticed motion." ECF 212 at 37. BCS heeded the Court's invitation and promptly contacted Defendants to discuss a payment schedule. Unfortunately, Defendants insisted on a payment timeline that is impossible given BCS's assets and the pace at which it has been receiving limited donations.

BCS requests that the Court issue an order approving the payment plan detailed herein, or such other extension that the Court deems just and fair.

## II.   RELEVANT BACKGROUND

The Court is well acquainted with BCS, its mission, and the facts pertinent to this dispute that stem from the deteriorated relationship between BCS and Defendants, to put it mildly. Accordingly, BCS now provides background related only to the Court's Order (ECF 212), BCS's financial condition, and this Motion.

On July 30, 2024, shortly after the Order issued, BCS contacted Defendants to discuss a potential payment plan that would realistically allow it to pay the sanctions amount of $15,342. The parties continued to confer and communicate about a payment plan but were unable to agree on one.

BCS now proposes the following:

1.   On or before September 30, 2024, BCS will make an initial cash payment to Defendants of $2,500.

2. The remaining balance (the "balance") will be paid in quarterly increments. Each quarterly payment will be a minimum of 50% of all non-grant funds raised during the preceding quarter, plus interest on the payment amount at an annualized rate of 5.5%. BCS will provide Defendants a report sufficient to account for non-grant funds raised and, on request, reasonable and sufficient documentation to corroborate the reported amount(s).

3. The final order of the court will create a security interest on behalf of Defendants as to BCS—which is intended to protect Defendants in the event BCS dissolves or files for bankruptcy prior to completing the payment schedule.

Of note, since its earlier offers, BCS's CEO was unable to secure a loan she sought to cover the initial proposed payment. Ms. Magill is now unable to make a personal contribution given financial obligations that have arisen and are detailed in her declaration.[1]

## III. ARGUMENT

BCS requests that the Court set a reasonable payment plan that takes into account its financial condition and limited access to funds. The Court has discretion to issue discovery sanctions and set payment terms for monetary sanctions. *See generally Burkhardt v. Golden Aluminum, Inc.*, Civil Action No. 22-cv-01573-NYW-MEH, 2024 U.S. Dist. LEXIS 1368, 2024 WL 37975, at *8-9 (D. Colo. Jan. 3, 2024) ("the Court acknowledges the possible financial difficulties associated with paying the $2,772.50 fee award in full by January 31, 2024"; granting leave to file a motion

---

[1] BCS clarified its ability to pay fully is directly impacted by its ability to raise funds, and that the fundraising could be impacted by issues within Defendants' control detailed in the Magill Decl.

"requesting that Plaintiff be permitted to pay the fee award pursuant to a reasonable payment plan.").

As mentioned above and provided in the accompanying declaration of its CEO, Ms. Magill, BCS finds itself in dire financial conditions. Magill Decl. ¶¶ 3, 5. It has no liquid assets or other meaningful investments and relies entirely on volunteers and charitable contributions to continue to operate. *Id*. BCS is nonetheless willing to make a meaningful cash payment of $2,500 in September, which covers nearly a sixth of the sanctions amount. This good faith payment will be funded by a personal loan that a BCS Board member will borrow. *Id*. ¶¶ 6-7.[2]

In addition, BCS is willing and able to make quarterly payments to cover the balance and pay interest. Those payments will be based on a minimum of 50% of all non-grant funds raised during the preceding quarter, and pay annualized interest to account for the timing of payment. Should BCS's financial outlook improve, that means it would be giving 50% of one of its most important revenue sources to Defendants. BCS demonstrated with competent evidence that it has in the past received significant donations, including a single donation of $5,000. ECF 187-15. In other words, payment could be complete in a few quarters if funding is favorable.

BCS also is willing and able to take additional measures to ease Defendants' concerns about receiving payment. It is willing to provide Defendants a report stating the funds received and that are available, along with reasonable documentation sufficient to corroborate the amounts concerning non-grant funds upon request. This would give Defendants transparency about BCS's condition and ability to pay.

---

[2] The sanctions amount is significant to the individuals who sought to contribute personal funds to its payment. Among other things, Ms. Magill is facing challenging economic, personal, and legal complications, including some involving a subpoena to Defendant McNamara issued by her ex-husband. Those are discussed in more detail in her declaration. Magill Decl. ¶¶ 4, 6-7.

1 | Finally, BCS has proposed that the Court's Order serve as a security interest to assuage Defendants' concern about BCS's condition.

At bottom, BCS requests that it be given an opportunity to secure the funds necessary to pay the sanctions amount that the Court has ordered. BCS wishes to put this dispute behind it and move forward with its mission to help survivors of the troubled teen industry. A reasonable payment plan could allow BCS to do so without facing financial paralysis or worse.

## IV.  CONCLUSION

For the foregoing reasons, BCS requests that the Court issue an order granting BCS's payment plan or issue such order as it deems just and fair.

Dated:  August 26, 2024                Respectfully submitted,

**DLA PIPER LLP (US)**

By:  */s/ John S. Gibson*
         John S. Gibson

Attorneys for Plaintiff
BREAKING CODE SILIENCE

## L.R. 11-6.2 CERTIFICATION

The undersigned, counsel of record for Defendants, certifies that this brief contains 1,025 words, which complies with the word limit of L.R. 11-6.1.

Date: August 26, 2024    /s/ *John S. Gibson*
John S. Gibson