```
 1  JOHN S. GIBSON (SBN 140647)
    john.gibson@us.dlapiper.com
 2  DLA PIPER LLP (US)
    2000 Avenue of the Stars
 3  Suite 400 North Tower
    Los Angeles, California 90067-4735
 4  Tel:  310.595.3000
    Fax:  310.595.3300
 5
    Attorneys for Plaintiff
 6  BREAKING CODE SILENCE
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREAKING CODE SILENCE, a California 501(c)(3) non-profit,<br><br>             Plaintiff,<br>      v.<br>KATHERINE MCNAMARA, an individual, JEREMY WHITELEY, an individual, and DOES 1 through 50, inclusive,<br><br>             Defendants. | CASE NO.  2:22-CV-002052-SB-MAA<br><br>*Hon. Maria A. Audero*<br><br>**DECLARATION OF JENNIFER MAGILL IN SUPPORT OF MOTION FOR PAYMENT PLAN AND EXTENSION TO PAY DISCOVERY SANCTIONS AMOUNT**<br><br>Hearing Date:  September 25, 2024<br>Hearing Time:  10:00 a.m.<br><br>Complaint Filed:  March 28, 2022<br>Trial Date:  Not Set |

## DECLARATION OF JENNIFER MAGILL

I, Jennifer Magill, declare as follows:

1. I am the CEO of Breaking Code Silence ("BCS"), a 501(c)(3) nonprofit organization that supports survivors of institutional abuse in the "troubled teen industry" through education, outreach, research, and community organizing.

2. Given my role, knowledge, and familiarity with BCS's financial documents and business operations, I have personal knowledge of BCS's financial condition and its assets. I make this declaration in support of BCS's motion for a reasonable payment plan and extension of the deadline to pay the Court's sanctions award.

3. BCS currently has $279.66 in its bank account. It does not have other bank accounts.[1] BCS relies completely on the charitable contributions of others and volunteer work.

4. BCS's ability to pay the sanctions amount ordered in ECF 212 is directly impacted by its ability to raise funds. That fundraising has been and could continue to be impacted by the website breakingcodesilencelawsuit.com together with all the social media accounts and profiles associated with the website. Similarly, should Defendants continue to criticize BCS and its Board, Officers, and volunteers on that website, that could further impact our fundraising and cost us relationships with important sources of donations. If Defendants also continue sending targeted social media comments and communications directly to learning institutions and government agencies regarding BCS, its Directors, Officers, or volunteers, that could likewise impact our fundraising.

5. Unfortunately, besides its bank account that has very limited funds, BCS does not have any other meaningful assets, any liquid investments, or any other source

---

[1] Should the Court wish to see additional documentation, BCS would be willing to submit it under seal with the account number and similarly sensitive information redacted.

1
DECLARATION OF JENNIFER MAGILL
CASE NO. 2:22-CV-002052-SB-MAA

1  of funds that may help it pay the Court's sanctions amount.

2  6. I initially intended to take out a personal loan and contribute personally to the sanctions amount in seeking an end to this conflict. Unfortunately, related developments in my personal life have made taking out a significant loan prohibitive for me. Among other things, I am unemployed and in the middle of a contentious child custody dispute with my ex-husband. After Defendant McNamara unilaterally reached out to my ex-husband, whom she knows has a history of domestic violence, and offered to provide him documents that I had produced in discovery in this case, I had to pay to confer with my attorney and to move to quash a subsequent subpoena from my ex-husband to McNamara that seeks additional protected documents produced in this case. I also had to provide additional information about this development to the domestic abuse expert witness who is set to testify in my custody hearing this fall. That subpoena has made me concerned about my privacy, and that proceeding has placed an additional fiscal burden on me that impacts my ability to contribute to payment of the sanctions amount.

7. As a result, I am not able to contribute personal funds to BCS to help it pay the sanctions amount, and only Board Member Vanessa Hughes will borrow monies to make a personal contribution of $2,500 for BCS to pay a portion of the sanctions amount by late September 2024.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 26th day of August, 2024.

_____
JENNIFER MAGILL

2
DECLARATION OF JENNIFER MAGILL
CASE NO. 2:22-CV-002052-SB-MAA