

Dirk O. Julander, Bar No. 132313
  doj@jbblaw.com
Catherine A. Close, Bar No. 198549
  cac@jbblaw.com
M. Adam Tate, Bar No. 280017
  adam@jbblaw.com
JULANDER, BROWN & BOLLARD
9110 Irvine Center Drive
Irvine, California 92618
Telephone: (949) 477-2100
Facsimile: (949) 477-6355

Attorneys for Defendants
KATHERINE MCNAMARA and
JEREMY WHITELEY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREAKING CODE SILENCE, a California 501(c)(3) nonprofit,<br><br>Plaintiff,<br><br>vs.<br><br>KATHERINE MCNAMARA, an Individual; JEREMY WHITELEY, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:22-cv-002052-SB-MAA<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR PAYMENT PLAN AND EXTENSION TO PAY SANCTIONS AMOUNT**<br><br>[S<small>UPPORTING</small> D<small>ECLARATION OF</small> M. A<small>DAM</small> T<small>ATE HEREWITH</small>]<br><br>[*Assigned to the Hon. Maria A. Audero*] |

Jeremy Whiteley and Katherine McNamara (collectively, "Creditors"), respectfully submit this Opposition to the Motion for Payment Plan and Extension to Pay Discovery Sanctions Amount brought by Breaking Code Silence ("BCS").

## OPPOSITION

The payment plan presented by BCS is unacceptable for a variety of reasons. First, the payment term is indefinite and it is unclear when (if ever) the sanction award will be fully paid.  Second, the "security interest" offered by BCS is ambiguous and not mentioned in the proposed order making it unclear how Creditors' interests would be protected if the payments were not made.  Third, the proposed plan would effectively require the Court to monitor the payment of sanctions for years or potentially decades.  Indeed, as near as can be determined, BCS has not raised any significant money in the last several years and there is no indication that it is likely to raise significant money in the future.  Fourth, and perhaps most importantly, BCS has not explained why it cannot borrow the money needed to pay the award from one its board members or its attorneys on the same terms that are being presented to Creditors.  Presumably, if the payment terms are fair and there is likelihood of the debt being repaid, someone associated with BCS would be willing to make the loan.  BCS's proposed plan unfairly shifts the risk of default on to Creditors.

Creditors also note that the Court's previous order required the payment of the sanction within thirty days and it emphasized in bolded and underlined language that the payment must be timely and that failure to make a timely payment could result in further sanctions, including sanctions against the attorneys. (DKT 212.) BCS is has violated the Court's order by failing to timely make the sanction payment and Creditors respectfully submit that additional sanctions are warranted.

Finally, BCS's Motion was accompanied by a declaration of Jenny Magill which contains a multitude of falsehoods which are completely irrelevant to the instant motion. Creditors have chosen to not address these falsehoods except to note that their counsel repeatedly asked BCS's lawyers to not to use this motion as an opportunity to spread lies and to further needlessly harm Creditors' reputations. (Declaration M. Adam Tate, ¶ 2, Ex. 1.)  Unfortunately, this request was not

1  honored.

2      For the foregoing reasons, BCS's motion should be denied.

3

4  DATED: August 28, 2024        JULANDER, BROWN & BOLLARD

5

6                                      By:    */s/ M. Adam Tate*

7                                              M. Adam Tate

8                                              Catherine Close
                                            Attorneys for Defendants

9                                              KATHERINE MCNAMARA and
                                            JEREMY WHITELEY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## L.R. 11-6.2 CERTIFICATION

The undersigned, counsel of record for Defendants certifies that this brief contains 2,413 words, which complies with the word limit of L.R. 11-6.1.

Date: August 28, 2024                                    /s/ M. Adam Tate
                                                         M. Adam Tate

# CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August, 2024, I electronically filed the foregoing paper(s) with the Clerk of the Court using the ECF system which will send notification to all parties of record or persons requiring notice.

*/s/ Helene Saller*
Helene Saller