JOHN S. GIBSON (SBN 140647)
*john.gibson@us.dlapiper.com*
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4735
Tel:   310.595.3000
Fax:   310.595.3300

Attorneys for Plaintiff
BREAKING CODE SILENCE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BREAKING CODE SILENCE, a California 501(c)(3) non-profit,<br><br>Plaintiff,<br><br>v.<br><br>KATHERINE MCNAMARA, an individual, JEREMY WHITELEY, an individual, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.  2:22-CV-002052-SB-MAA<br><br>*Hon. Maria A. Audero*<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PAYMENT PLAN AND EXTENSION TO PAY DISCOVERY SANCTIONS AMOUNT [ECF 212]**<br><br>Hearing Date:  September 27, 2024<br>Hearing Time:   10:00 a.m.<br><br>Complaint Filed:  March 28, 2022<br>Trial Date:  Not Set |

## **MEMORANDUM OF POINTS AND AUTHORITIES**

In its Motion, BCS established through the Declaration of its CEO, Jennifer Magill, that BCS has a good-faith intent to make timely payments in connection with the Court's July 25, 2024, Order (ECF 212); however, it was unable make that payment by the deadline due to its dire financial condition and a stagnation of charitable donations. Defendants' arguments in Opposition are without merit.

*First*, BCS presented credible evidence demonstrating that BCS has no means to timely pay the sanctions amount by the deadline. ECF 218-1 ¶¶ 3, 5. BCS established that it had no assets and that it was entirely dependent on charitable donations and volunteer contributions. *Id.* ¶ 3. Ms. Magill also provided evidence that certain Internet activities and communications by Defendants, including statements outside the scope of speech constitutionally protected under the litigation privilege, are having an adverse effect on BCS's ability to fundraise, and on her personally. *Id.* ¶ 4. This information is important and relevant to the Motion because it directly impacts BCS's ability to raise funds and timely satisfy the sanctions amount.

*Second*, Defendants do not (and cannot) refute BCS's statements with any *evidence*. Instead, Defendants present only attorney argument to cast the statements in the Magill Declaration and evidence cited therein concerning statements made about BCS as "falsehoods" and "lies" that are "irrelevant" to the Motion. ECF 220 at 1. Defendants are wrong. Defendants' conclusory arguments neglect the public assertions of fact which appear at breakingcodesilencelawsuit.com. ECF 218-1 ¶ 4; *see* Declaration of John S. Gibson, ¶ 2, Exhibit 1. It stands to reason that people will not donate to BCS while they are taken to such statements when they conduct a search on Google for "Breaking Code Silence." *Id.*

*Third*, and tellingly, Defendants do not engage BCS's concerns about the conduct impacting its ability to raise funds so that it can pay the sanctions amount. Instead of assuring the Court and BCS that they will not attempt to inhibit BCS's

1

future fundraising efforts, Defendants argue that BCS should get loans from its board members and/or its attorneys. The Magill Declaration explains why board members are already borrowing as much as they can to help BCS. *Id*. ¶¶ 6-7. And there is no basis for Defendants to force BCS's counsel to make a loan to its own client.

For the foregoing reasons and the reasons set forth in the Motion, BCS requests that the Court enter an Order approving the proposed payment plan and an extension of the deadline to pay sanctions.

Dated: September 13, 2024               Respectfully submitted,

**DLA PIPER LLP (US)**

By: */s/ John S. Gibson*
     John S. Gibson

     Attorneys for Plaintiff
     BREAKING CODE SILENCE

**L.R. 11-6.2 CERTIFICATION**

The undersigned, counsel of record for Defendants, certifies that this brief contains 418 words, which complies with the word limit of L.R. 11-6.1.

Date: September 13, 2024

*/s/ John S. Gibson*
John S. Gibson
DOCID:  DOCPROPERTY DOCXDOCID DMS=IManage Format=<<LIB>>\<<NUM>> PRESERVELOCATION