Dirk O. Julander, Bar No. 132313
 doj@jbblaw.com
Catherine A. Close, Bar No. 198549
 cac@jbblaw.com
M. Adam Tate, Bar No. 280017
 adam@jbblaw.com
JULANDER, BROWN & BOLLARD
9110 Irvine Center Drive
Irvine, California 92618
Telephone: (949) 477-2100
Facsimile: (949) 477-6355

Attorneys for Defendants
KATHERINE MCNAMARA and
JEREMY WHITELEY



# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREAKING CODE SILENCE, a California 501(c)(3) nonprofit,<br><br>Plaintiff,<br><br>vs.<br><br>KATHERINE MCNAMARA, an Individual; JEREMY WHITELEY, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:22-cv-002052-SB-MAA<br><br>**DECLARATION OF M. ADAM TATE RE: BREAKING CODE SILENCE'S FAILURE TO PAY SANCTIONS**<br><br>[*Assigned to the Hon. Maria A. Audero*] |

# DECLARATION OF M. ADAM TATE

I, M. ADAM TATE, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner with Julander, Brown & Bollard, attorneys of record for Defendants KATHERINE MCNAMARA ("McNamara") and JEREMY WHITELEY ("Whiteley;" collectively "Defendants") in the above-captioned action. I have personal knowledge of the following facts, and if called upon to testify, I could and would competently testify thereto.

2. I submit this Declaration regarding Plaintiff BREAKING CODE SILENCE's ("Plaintiff" or "BCS") default and failure to pay sanctions award.

3. On July 25, 2024, the Court issued an order which required BCS to pay $15,342.00 in sanctions no later than August 25, 2025. The July 25, 2024, order specifically cautioned that BCS's failure to obey the Court's order, including making the payment on a timely basis, could result in the imposition of further sanctions and, possibly, personal liability for BCS's attorneys, officers, and directors. (Dkt. 212.)

4. On September 6, 2024, the Court issued an order which required BCS to pay $34,986.50 in sanctions no later than January 15, 2025. The September 6, 2024, order specifically cautioned that BCS's failure to obey the Court's order, including making the payment on a timely basis, could result in the imposition of further sanctions and, possibly, personal liability for BCS's attorneys, officers, and directors. (Dkt. 221.)

5. On December 10, 2024, the Court issued an order which required BCS to pay $15,888.83 in sanctions no later than March 31, 2025. The December 10, 2024, order specifically cautioned that BCS's failure to obey the Court's order, including making the payment on a timely basis, could result in the imposition of further sanctions and, possibly, personal liability for BCS's attorneys, officers, and directors. (Dkt. 232.)

6. To date, BCS has not paid any portion of the sanction awards totaling $66,217.33, has not offered any type of payment plan, and I do not believe that BCS has any intention of ever doing so. To the best of my knowledge, despite the fact that McNamara continues to allow her domain at www.breakingcodesilence.org to direct users to BCS's website, BCS has not used its website or any of its social media properties to make new calls for donations[1] and it has not raised any significant money since the sanctions have been awarded.

7. I respectfully submit that the Court should impose additional sanctions and hold BCS's attorneys, officers, and directors personally liable for the sanction awards.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed May 9, 2025, at Irvine, California.

_____
M. ADAM TATE

---

[1] The website does have a link that allows visitors to donate, but that link has been present on the website since before the instant case was filed.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of May 2025, I electronically filed the foregoing paper(s) with the Clerk of the Court using the ECF system which will send notification to all parties of record or persons requiring notice.

*/s/ Helene Saller*
Helene Saller